UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | No. 1:22-cv-10321-ADB <br><br> <u>CLASS ACTION</u> |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL |
| vs. | ) ) | |
| CERENCE INC., et al., | ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

4867-6740-3293.v1

## I.   PRELIMINARY STATEMENT

Presently pending before the Court is the above-captioned securities class action lawsuit on behalf of purchasers of Cerence Inc. ("Cerence" or the "Company") common stock between February 8, 2021 and February 4, 2022, inclusive (the "Class Period") pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("1934 Act).  The Private Securities Litigation Reform Act of 1995 ("PSLRA") instructs district courts to  "appoint the most adequate plaintiff as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Here, Amalgamated Bank, as Trustee for the LongView Collective Investment Fund - LongView 400 MidCap Index Fund and the LongView Broad Market 3000 Index Fund ("Amalgamated Bank"), respectfully submits that it is the presumptively most adequate plaintiff in this case because it filed a timely motion in response to a notice, has the largest financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Amalgamated Bank's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   FACTUAL BACKGROUND

With its principal place of business in Burlington, Massachusetts, Cerence builds artificial intelligence-powered virtual assistants primarily for the automotive market.  Cerence generates revenue primarily by selling software licenses and cloud-connected services to its original equipment manufacturers ("OEM") and OEM supplier customers.

4867-6740-3293.v1

The complaint alleges that during the Class Period, and in the face of industry headwinds including a decline in auto manufacturing due to supply chain issues and semiconductor shortages, Cerence continued to report growing revenues and strong demand for its software licenses. Cerence also touted its "visibility" regarding demand for its products, which allowed Cerence to provide long-term guidance for fiscal year 2024. ECF No. 1 at ¶27. But as the complaint further alleges, undisclosed to investors, the semiconductor shortage had a materially negative impact on demand for Cerence's software licenses and Cerence was, in reality, "pulling forward" or "pre-banking" license sales. *Id.* at ¶6. As a result, Cerence's statements about its business, operations, and prospects were false and misleading and/or lacked a reasonable basis.

On November 22, 2021, Cerence announced revenue guidance for the first quarter and full fiscal year 2022 that was well below analysts' expectations. In response to this disclosure, Cerence's stock price declined more than 20% on November 22, 2021. As the market digested the news, Cerence's stock price declined an additional 5% the following day.

Then, on December 15, 2021, Cerence filed a Current Report on Form 8-K with the U.S. Securities and Exchange Commission announcing that Cerence's CEO, defendant Sanjay Dhawan, had resigned the prior day and that Dhawan was being replaced as CEO. In reaction to this news, the price of Cerence stock declined an additional 11%.

Finally, on February 7, 2022, Cerence announced that its CFO, defendant Mark J. Gallenberger, would be retiring. Cerence's new CEO further announced that he had conducted a review of the plans, forecasts, and assumptions for each of Cerence's business units, and determined the "conversion from bookings to revenue will take longer than expected." *Id.* at ¶50. As a result, Cerence was forced to lower its fiscal year 2022 guidance, only a few months

4867-6740-3293.v1

after providing disappointing guidance for the same period.  As the market digested these disclosures, the price of Cerence stock fell more than 30%, further damaging investors.

As a result of defendants' alleged wrongful acts and omissions and the decline in Cerence's share price, class members suffered significant losses and damages.

## III.    ARGUMENT

### A.    Amalgamated Bank Should Be Appointed Lead Plaintiff

#### 1.    The Procedures Required by the PSLRA

The PSLRA established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).  The statutory notice in this case was published on February 25, 2022.  *See* Hess-Mahan Decl., Ex. A.[1]  Within 60 days after publication of the notice, any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(A)-(B).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate

---

[1]    References to the "Hess-Mahan Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Theodore M. Hess-Mahan in Support of Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel.

4867-6740-3293.v1

plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  Amalgamated Bank meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 2.  Amalgamated Bank Satisfies the Lead Plaintiff Requirements of the PSLRA

#### a.  Amalgamated Bank's Motion Is Timely

The February 25, 2022, statutory notice published in *Globe Newswire a*dvised putative class members of the pendency of the action, the claims asserted, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by April 26, 2022.  *See* Hess-Mahan Decl., Ex. A.  By filing a motion by the statutory deadline, Amalgamated Bank has satisfied the first statutory requirement for appointment as lead plaintiff.

#### b.  Amalgamated Bank Has the Requisite Financial Interest in the Relief Sought by the Class

As evidenced by its Certification and loss chart, Amalgamated Bank purchased 22,951 shares of  Cerence common stock during the Class Period and suffered approximately $1,762,505 in losses as a result of defendants' alleged misconduct.  *See* Hess-Mahan Decl., Exs. B, C.  To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, Amalgamated Bank meets the PSLRA's prerequisite of having the largest financial interest.

### c.    Amalgamated Bank Satisfies Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). "In deciding a motion to serve as lead plaintiff, a court need only make findings as to the typicality and adequacy of the proposed lead plaintiff. . . .  Those findings need only be 'preliminary.'" *Local No. 8 IBEW Ret. Plan v. Vertex Pharm. Inc.*, 52 F. Supp. 3d 337, 341 (D. Mass. 2014) (citation omitted).

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiff's claims "arise from the same course of events and involve the same legal theory as to the claims of the rest of the class." *Id.* at 341. Here, Amalgamated Bank meets this requirement because, just like all other class members, it purchased Cerence common stock in reliance upon defendants' allegedly materially false and misleading statements and suffered damages thereby.  Thus, Amalgamated Bank's claims are typical of those of other class members since every claim arises out of the same course of events and is based on the same legal theories.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  A plaintiff is "capable of adequately protecting the interests of the class" by "possess[ing] 'common interests and an absence of conflict with the class members[,] and . . . plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation.'" *Local No. 8*, 52 F. Supp. 3d at 341 (citation omitted). Here, Amalgamated Bank is an adequate representative of the class because its interests in the action are clearly aligned with the interests of the other members of the class.  Amalgamated

- 5 -

Bank has amply demonstrated its adequacy by signing a sworn Certification detailing its ability and willingness to serve as, and to assume the responsibilities of, class representative. *See* Hess-Mahan Decl., Ex. B.

Amalgamated Bank is a New York City-based investment bank and serves thousands of labor unions, nonprofits, social impact enterprises, political organizations, foundations, and individuals. Amalgamated Bank has experience carrying out the responsibilities of a lead plaintiff in securities class actions and is willing to undertake those responsibilities on behalf of the putative class in this case. Amalgamated Bank is precisely the type of institutional investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001).

Finally, as explained below, Amalgamated Bank has selected experienced and qualified counsel, further evidencing its ability to fairly and competently represent the interests of the putative class. Amalgamated Bank therefore preliminarily satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

**B.      The Court Should Approve the Amalgamated Bank's Choice of Counsel**

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. 15 U.S.C. §78u-4(a)(3)(B)(v). "'Courts typically do not disturb a lead plaintiff's choice of counsel unless doing so is necessary to protect the interests of the class.'" *Leech v. Brooks Automation, Inc.*, 2006 WL 3690736, at

*3 (D. Mass. Dec. 13, 2006) (citation omitted).  Amalgamated Bank has selected Robbins Geller to serve as lead counsel in this case.

Robbins Geller, a 200-attorney nationwide law firm, regularly practices complex securities litigation.  The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.  Courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases.  *See, e.g.*, *Carr v. Analogic Corp.*, 2018 WL 4932858, at *3 (D. Mass. Oct. 10, 2018) (appointing Robbins Geller as lead counsel and noting that movant "adequately set[] forth the firm's experience litigating complex class actions, including under the PSLRA"); *McGee v. Constant Contact, Inc.*, No. 1:15-cv-13114-MLW, ECF No. 120 at 21, 31, 61 (D. Mass. June 10, 2020) ("[T]he class has been represented by excellent honorable counsel . . . .  [T]he fund was represented by experienced, energetic, able counsel, the fund was engaged and informed, and the fund followed advice of experienced counsel.  Counsel for the class have been excellent, and I would say honorable. . . .  I find that the work that's been done primarily by Robbins Geller has been excellent and honorable and efficient. . . .  [T]his has been a challenging case, and they've done an excellent job.").

In the last two years alone, Robbins Geller has recovered more than $3 billion for investors in securities class actions, including in: *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658- MAS-LHG (D.N.J.) ($1.21 billion recovery); *In re Am. Realty Capital Props., Inc. Litig*, No. 1:15-mc-00040-AKH (S.D.N.Y.) ($1.02 billion recovery); and *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.) ($350 million recovery).  Robbins Geller

4867-6740-3293.v1

attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits. [2]   And, while trials in shareholder class actions are rare, Robbins Geller has tried nine cases, including a February 2019 trial in the Central District of California in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

As such, Amalgamated Bank's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV.   CONCLUSION

Amalgamated Bank has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Amalgamated Bank respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

---

[2]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities Class Action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Fund v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities Class Action recovery ever following a trial as well as the largest securities Class Action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities Class Action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities Class Action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities Class Action recovery in the Eleventh Circuit).

4867-6740-3293.v1

DATED:  April 26, 2022

Respectfully submitted,

HUTCHINGS BARSAMIAN MANDELCORN, LLP
THEODORE M. HESS-MAHAN, BBO #557109


/s/Theodore M. Hess-Mahan
THEODORE M. HESS-MAHAN

110 Cedar Street, Suite 250
Wellesley Hills, MA  02481
Telephone:  781/431-2231
781/431-8726 (fax)
thess-mahan@hutchingsbarsamian.com

Local Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff


## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 26, 2022.

**/s/Theodore M. Hess-Mahan**
Theodore M. Hess-Mahan

- 9 -

4867-6740-3293.v1