# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CERENCE INC., SANJAY DHAWAN, and MARK J. GALLENBERGER, <br><br> Defendants. | No. 1:22-cv-10321-ADB |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF COUNSEL**

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ................................................................................................. 3

ARGUMENT ......................................................................................................................... 4

I.      MISSISSIPPI SHOULD BE APPOINTED LEAD PLAINTIFF ........................................ 4

        A.      Mississippi's Motion Is Timely .............................................................. 4

        B.      Mississippi Has the Largest Financial Interest ....................................... 5

        C.      Mississippi Satisfies the Requirements of Rule 23 ................................. 5

II.     THE COURT SHOULD APPROVE MISSISSIPPI'S SELECTION OF COUNSEL ........ 8

CONCLUSION ..................................................................................................................... 12

# TABLE OF AUTHORITIES

CASES                                                                                    PAGE(S)

*Chung v. Eargo, Inc.*,
    No. 3:21-cv-08597-CRVB, ECF No. 36 (N.D Cal. Jan. 5, 2022) ...........................................12

*Emps.' Ret. Fund of the City of Fort Worth v. James River Grp. Holdings, Ltd.*,
    No. 3:21-cv-0044-MHL, ECF No. 20 (E.D. Va. Sept. 22, 2021)..........................................12

*Homyk v. ChemoCentryx, Inc.*,
    No. 4:21-cv-03343-JST, ECF No. 32 (N.D. Cal. Jan. 28, 2022) ..........................................12

*Leech v. Brooks Automation, Inc.*,
    C.A. No. 06-11068-RWZ, 2006 WL 3690736 (D. Mass. Dec. 13, 2006)................................7

*Loc. No. 8 IBEW Ret. Plan v. Vertex Pharms. Inc.*,
    52 F. Supp. 3d 337 (D. Mass. 2014) ...................................................................................5, 6

*In re Mattel, Inc. Securities Litigation*,
    No. 2:19-cv-10860, 2021 WL 4704578 (C.D. Cal. Oct. 6, 2021) .........................................12

*In re Myriad Genetics, Inc. Securities Litigation*,
    No. 2:19-cv-00707-DBB, 2021 WL 5882259 (D. Utah Dec. 13, 2021)................................12

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
    No. C 18-02902 WHA, 2021 WL 1540996 (N.D. Cal. Apr. 20, 2021)...........................11, 12

*State Univ. Ret. Sys. of Ill. v. Sonus Networks, Inc.*,
    C.A. No. 06-10040-MLW, 2006 WL 3827441 (D. Mass. Dec. 27, 2006).......................5, 6, 8

*Yoshikawa v. Exxon Mobil Corp.*,
    No. 3:21-cv-00194-N, ECF No. 43 (N.D. Tex. June 10, 2021)............................................12

STATUTES

15 U.S.C. § 78u-4 *et seq.* ................................................................................................. *passim*

OTHER AUTHORITIES

Fed. R. Civ. P. 23(a)(4) ............................................................................................................6

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995)......................7

The Public Employees' Retirement System of Mississippi ("Mississippi") respectfully submits this Memorandum of Law in support of its Motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for entry of an order: (1) appointing Mississippi as Lead Plaintiff for a class of all persons or entities that between February 8, 2021 and February 4, 2022, inclusive (the "Class Period"), purchased Cerence Inc. ("Cerence" or the "Company") common stock (the "Class"); (2) approving Mississippi's selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Saxena White P.A. ("Saxena White") as Lead Counsel and Donnelly, Conroy & Gelhaar, LLP ("Donnelly, Conroy & Gelhaar") as Liaison Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

The above-captioned securities class action alleges that Cerence and certain of its senior executives (collectively, "Defendants") violated Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.  Specifically, the action alleges that during the Class Period, Defendants misled investors concerning demand for Cerence's software licenses and the impact sales of prepaid licenses would have on future demand.  Cerence investors, including Mississippi, incurred significant losses when the Company completely withdrew its closely watched guidance and revealed that "conversion from bookings to revenue [would] take longer than expected."

Pursuant to the PSLRA, the Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).  The "most adequate plaintiff" is the movant that has the "largest financial interest" in the relief sought by the Class and has made a *prima facie*

showing that it meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Mississippi is the "most adequate plaintiff" by virtue of, among other things, the over $4.4 million loss that it incurred on its purchases of more than 50,000 shares of Cerence common stock during the Class Period—which gives Mississippi a substantial financial interest in the outcome of this case that will ensure the vigorous prosecution of investors' claims.[1]

In addition to asserting the largest financial interest, Mississippi readily satisfies the relevant requirements of Rule 23 because its claims are typical of all Class members, and it will fairly and adequately represent the interests of the Class.  Indeed, Mississippi is a paradigmatic Lead Plaintiff under the PSLRA because it is a dedicated institutional investor with a real financial interest in the litigation, and Mississippi has significant experience serving as a lead plaintiff and supervising the work of outside counsel in other complex securities class actions.  Furthermore, if appointed Lead Plaintiff, Mississippi's prosecution of this action would be overseen by the Office of the Attorney General of the State of Mississippi (the "OAG").   Through Mississippi's experience serving as a lead plaintiff with the oversight of the OAG, Mississippi has repeatedly demonstrated its ability and expertise in serving as an extraordinarily qualified and effective advocate on behalf of investors in securities class actions.  This experience has resulted in the successful prosecution of over 30 securities class actions since the passage of the PSLRA, with combined recoveries of more than $4.3 billion for investors.

Mississippi has further demonstrated its adequacy by engaging in a deliberative process, conducted by the OAG, to select and retain counsel, which included reviewing proposals from

---

[1] Mississippi's PSLRA-required Certification is attached as Exhibit A to the Declaration of T. Christopher Donnelly in Support of the Motion of the Public Employees' Retirement System of Mississippi for Appointment as Lead Plaintiff and Approval of Its Selection of Counsel (the "Donnelly Decl.").  In addition, a chart setting forth calculations of Mississippi's loss is attached as Exhibit B to the Donnelly Decl.

several highly qualified law firms, as well as conducting interviews of counsel from each firm. Through that process, Mississippi determined that it was in its own and the Class's best interests to select as Lead Counsel for the Class Bernstein Litowitz and Saxena White, law firms with substantial experience in successfully prosecuting securities class actions and one of which investigated and initiated this action.

Accordingly, Mississippi respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## FACTUAL BACKGROUND

Cerence is a software development company focused on building artificial intelligence ("AI") virtual assistants for the automotive industry. Cerence's principal customers are major automobile original equipment manufacturers such as including BMW, Daimler, FCA Group, Ford, GM, Renault-Nissan, SAIC, Toyota, Volkswagen Group, Bosch, and Continental. During the Class Period, the Company generated the majority of its revenue from selling licenses for its software. In this same time frame, the global production of automobiles declined precipitously due to the COVID-19 pandemic, associated supply chain issues, and a semiconductor shortage.

The action alleges that, throughout the Class Period, Defendants misrepresented the impact the global semiconductor shortage had on demand for Cerence's software licenses. As a result of these misrepresentations, shares of Cerence stock traded at artificially inflated prices throughout the Class Period.

The truth began to emerge on November 22, 2021, when Cerence announced revenue guidance that reflected decelerating growth in the coming year. In response, the Company's stock price fell more than 20%. Then, on December 15, 2021, Cerence announced the abrupt resignation of its Chief Executive Officer Sanjay Dhawan, prompting Cerence's stock price to fall 11%.

Finally, on February 7, 2022, Cerence completely withdrew its long-term guidance, further decreased its 2022 guidance following an in-depth review of the Company's operations, and announced the impending resignation of its Chief Financial Officer Mark Gallenberger.   In reaction to these revelations, Cerence's stock price fell more than 30%.  These disclosures caused a precipitous decline in the price of Cerence's shares and caused the Class to incur significant losses.

## ARGUMENT

### I.    MISSISSIPPI SHOULD BE APPOINTED LEAD PLAINTIFF

Mississippi respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  When selecting a Lead Plaintiff, the PSLRA establishes a presumption that the "most adequate plaintiff" is the movant with "the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).   As set forth below, Mississippi believes it is the "most adequate plaintiff" because it has complied with the PSLRA's procedural requirements, possesses the largest financial interest of any qualified movant, satisfies the typicality and adequacy requirements of Rule 23, and is a sophisticated institutional investor with the skills and resources to oversee the vigorous prosecute this action.

### A.    Mississippi's Motion Is Timely

The PSLRA establishes a procedure that governs the appointment of a lead plaintiff in securities class actions.  *See* 15 U.S.C. § 78u-4(a)(3).  Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first securities class action has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  On February 25, 2022, plaintiff City of Miami Fire Fighters' and Police Officers' Retirement Trust filed the above-

captioned action, asserting claims under Sections 10(b) and 20(a) of the Exchange Act against Defendants.  *See* ECF No. 1.  That same day, Saxena White, counsel for City of Miami Fire Fighters' and Police Officers' Retirement Trust, published a notice on *Globe Newswire* that alerted investors to the pendency of the action and informed them of the April 26, 2022 deadline to seek appointment as Lead Plaintiff.  *See* Donnelly Decl., Ex. C.  Accordingly, Mississippi's motion is timely.

### B.      Mississippi Has the Largest Financial Interest

Mississippi is entitled to appointment as Lead Plaintiff because it has the "largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Mississippi incurred a substantial loss of over $4.4 million when calculated on a last-in, first-out ("LIFO") basis from purchasing more than 50,000 shares of Cerence common stock during the Class Period. *See* Donnelly Decl., Exs. A & B.  Mississippi is unaware of any other movant seeking Lead Plaintiff appointment that has a larger financial interest in the outcome of the litigation. Accordingly, Mississippi has the largest financial interest in the relief sought by the Class.

### C.      Mississippi Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest, Mississippi satisfies the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, a movant need only make "a *prima facie* showing" that it satisfies the typicality and adequacy requirements of Rule 23.  *State Univ. Ret. Sys. of Ill. v. Sonus Networks, Inc.*, C.A. No. 06-10040-MLW, 2006 WL 3827441, at *2 (D. Mass. Dec. 27, 2006) (citation omitted).  Here, Mississippi unquestionably satisfies both requirements.

A movant meets the typicality prong when its claims arise from the same series of events and are based on the same legal theories as the claims of all Class members.  *See Loc. No. 8 IBEW*

*Ret. Plan v. Vertex Pharms. Inc.*, 52 F. Supp. 3d 337, 341 (D. Mass. 2014). Here, Mississippi satisfies this requirement because, like all other Class members, it purchased Cerence common stock during the Class Period at prices artificially inflated as a result of Defendants' materially false and misleading statements and suffered damages thereby. *See Sonus Networks*, 2006 WL 3827441, at *2 (finding lead plaintiff movant Mississippi typical because there was "no indication that the circumstances of its losses are markedly different than those of other class members or are based on a legal theory that is not generally applicable"). As such, Mississippi satisfies the typicality requirement of Rule 23.

Mississippi similarly satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). For the Class's interests to be fairly and adequately protected, the Lead Plaintiff must possess "common interests and an absence of conflict with the class members" and "plaintiff's attorneys [must be] qualified, experienced, and vigorously able to conduct the litigation." *Vertex Pharms.*, 52 F. Supp. 3d at 341 (citation omitted). Mississippi satisfies these elements because its substantial financial stake in the litigation provides it with the incentive to vigorously represent the Class's interests. Mississippi's interests are aligned with those of the other members of the Class, and there are no facts to suggest any actual or potential conflict of interest or other antagonism between Mississippi and other Class members.

Further, based on its extensive experience serving as a lead plaintiff in securities class actions and supervising the work of outside counsel, Mississippi is well-versed in the obligations the PSLRA imposes on a lead plaintiff to oversee and supervise the litigation separate and apart from counsel, and Mississippi has submitted a sworn Certification as to its willingness and ability to fulfill those duties here. *See* Donnelly Decl., Ex. A. Indeed, Mississippi has successfully

prosecuted over 30 securities class actions since the passage of the PSLRA, which have achieved combined recoveries of more than $4.3 billion for investors.  *See, e.g.*, *In re Merck & Co. Sec., Derivative & "ERISA" Litig.*, No. 05-cv-1151 (D.N.J.) (recovering $1.062 billion); *In re Bear Stearns Mortg. Pass-Through Certificates Litig.*, No. 08-cv-8093 (S.D.N.Y.) (recovering $500 million); *In re Schering-Plough Corp./ENHANCE Litig.*, No. 08-cv-397 (D.N.J.) (recovering $473 million); *Pub. Emps.' Ret. Sys. of Miss. v. Merrill Lynch & Co.*, No. 08-cv-10841 (S.D.N.Y.) (recovering $315 million).   Moreover, Mississippi benefits from the resources and dedicated personnel of the OAG.   These personnel are highly experienced in conducting and supervising complex litigation and have repeatedly demonstrated their ability to oversee counsel and successfully prosecute securities class actions under the PSLRA.

In addition, Mississippi—an experienced and committed institutional investor with a substantial interest in the litigation—is exactly the type of investor Congress sought to empower, through the enactment of the PSLRA, to lead securities class actions.  *See* H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *Leech v. Brooks Automation, Inc.*, C.A. No. 06-11068-RWZ, 2006 WL 3690736, at *3 (D. Mass. Dec. 13, 2006) ("In general, courts have recognized that the PSLRA favors the selection of large institutional investors as lead plaintiff.").   As such, Mississippi possesses the experience and resources to vigorously prosecute the action and supervise Lead Counsel.

Finally, Mississippi has demonstrated its adequacy through its selection of Bernstein Litowitz and Saxena White to serve as Lead Counsel and Donnelly, Conroy & Gelhaar to serve as Liaison Counsel to represent the Class.  As discussed more fully below, Bernstein Litowitz and

Saxena White are highly qualified and experienced in securities class action litigation, and have extensive experience working together to prosecute securities class actions.  Moreover, Donnelly, Conroy & Gelhaar is among the leading litigation firms in Boston and has represented a broad spectrum of clients in a wide variety of complex litigation matters.  *See Sonus Networks*, 2006 WL 3827441, at *2 (determining movant Mississippi made *prima facie* showing of adequacy where it had "both the ability and incentive to represent the class vigorously" and had "retained experienced counsel to do so").  Accordingly, Mississippi satisfies the typicality and adequacy requirements of Rule 23.

## II.     THE COURT SHOULD APPROVE MISSISSIPPI'S SELECTION OF COUNSEL

The PSLRA expressly provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should not disturb a proposed lead plaintiff's choice unless "necessary to protect the interests of the plaintiff class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Mississippi selected Bernstein Litowitz and Saxena White to represent it and the Class as Lead Counsel in this action.  Prior to selecting counsel, Mississippi engaged in a competitive selection process, conducted by the OAG, through which it evaluated several law firms based on several criteria, including, among other things: each firm's track record and specific expertise in securities class actions; the particular lawyers assigned to the case, including the specific experience of those lawyers in representing plaintiffs in securities class actions; and each firm's proposed strategy for prosecuting this case.  After receiving several proposals, Mississippi, through the OAG, conducted live interviews with counsel from each firm.  Through that process, Mississippi determined that Bernstein Litowitz and Saxena White have extensive and impressive

track records successfully litigating securities class actions and would be ideally suited to represent Mississippi and the Class in this action.

As set forth in their respective firm résumés, proposed Lead Counsel Bernstein Litowitz and Saxena White each have significant experience prosecuting complex litigation on behalf of aggrieved shareholders.  *See* Donnelly Decl., Exs. D & E.  Both firms have achieved substantial recoveries on behalf of investor classes when serving as lead or co-lead counsel in major securities class actions nationwide.

Bernstein Litowitz is among the preeminent securities class action law firms in the country.  Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion—the second largest recovery in securities class action history—were obtained for the class.  Bernstein Litowitz also served as lead counsel in *In re Cendant Corporation Securities Litigation*, No. 98-cv-1664 (D.N.J.), in which settlements in excess of $3.3 billion in cash and extensive corporate governance reforms were obtained on behalf of the class.  Bernstein Litowitz also secured a resolution of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.).  More recently, Bernstein Litowitz obtained a $1.062 billion recovery as lead counsel in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.) (with Mississippi serving as lead plaintiff).

Other significant examples in which courts in this Circuit and District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *Hill v. State Street Corporation*, No. 09-cv-12146 (D. Mass.) (recovering $60 million for investors, with Mississippi serving as lead plaintiff); *Levy v. Gutierrez*, No. 14-cv-443 (D.N.H.) (recovering $40.2 million for investors); *Hoff v. Popular, Inc.*, No. 09-cv-1428 (D.P.R.) (recovering

$37.5 million for investors); *Arkansas Teacher Retirement System v. Insulet Corp.*, No. 15-cv-12345 (D. Mass.) (recovering $19.5 million for investors).

Saxena White likewise has extensive experience in successfully prosecuting complex litigation on behalf of shareholders and has served as lead or co-lead counsel in major securities class actions nationwide.  Saxena White's track record serving as lead or co-lead counsel in securities class actions include: *Peace Officers Annuity and Benefit Fund of Georgia v. DaVita Inc.*, No. 17-cv-304 (D. Colo.) (recovering $135 million); *Central Laborers' Pension Fund v. SIRVA, Inc.*, No. 04-cv-7644 (N.D. Ill.) (recovering $53 million); *In re HD Supply Holdings, Inc. Securities Litigation*, No. 17-cv-2587 (N.D. Ga.) (recovering $50 million); *City Pension Fund for Firefighters and Police Officers in the City of Miami Beach v. Aracruz Celulose, S.A.*, No. 08-cv-23317 (S.D. Fla.) (recovering $37.5 million); *In re Perrigo Company PLC Securities Litigation*, No. 19-cv-70 (S.D.N.Y.) (recovering $31.9 million); and *Plymouth County Retirement System v. GTT Communications, Inc.*, No. 19-cv-982 (E.D. Va.) (recovering $25 million).  Additionally, Saxena White achieved a remarkable settlement valued at $320 million, including $240 million in cash, in *In re Wells Fargo & Co. Shareholder Derivative Litigation*, No. 16-cv-5541 (N.D. Cal.)— one of the largest shareholder derivative settlements in history.  Furthermore, as a federally certified woman- and minority-owned firm specializing in representing institutional investors in securities litigation, Saxena White is deeply committed to the important goal of increasing diversity among class counsel.

Bernstein Litowitz and Saxena White also have a long history of working together in the prosecution of securities class actions on behalf of injured investors.  For instance, Bernstein Litowitz and Saxena White, serving as co-lead counsel, secured a $210 million recovery for the class in *In re Wilmington Trust Securities Litigation*, No. 10-cv-990 (D. Del.), which represents

the second-largest securities class action recovery in Delaware history, and constituted an extraordinary recovery of nearly 40% of the class's maximum likely recoverable damages.  The two firms also successfully served as co-lead counsel in *In re Rayonier Inc. Securities Litigation*, No. 14-cv-1395 (M.D. Fla.) (recovering $73 million for the class); *In re Tower Group International, Ltd. Securities Litigation*, No. 13-cv-5852 (S.D.N.Y.) (recovering $20.5 million for the class); and *In re Merit Medical Systems, Inc. Securities Litigation*, No. 19-cv-2326 (C.D. Cal.) (recovering $18.25 million for the class).

Moreover, Mississippi has selected Donnelly, Conroy & Gelhaar to serve as Liaison Counsel for the Class.  Based in Boston, Donnelly, Conroy & Gelhaar has extensive experience in complex litigation in this District and is well qualified to represent the Class as Liaison Counsel. *See* Donnelly Decl., Ex. F (Biographies of T. Christopher Donnelly, Peter E. Gelhaar, and Peter K. Levitt of Donnelly, Conroy & Gelhaar).   Furthermore, Bernstein Litowitz and Donnelly, Conroy & Gelhaar have prior experience working together in complex litigation, including their successful representation of a Massachusetts-based asset manager in litigation arising from losses suffered on investments in residential mortgage-backed securities, in which they achieved a favorable recovery for their client.  *See Cambridge Place Inv. Mgmt., Inc. v. Morgan Stanley & Co.*, No. 10-2741-BLS1 (Mass. Super. Ct. Suffolk Cnty.).   Bernstein Litowitz and Donnelly, Conroy & Gelhaar are also currently working together as lead counsel and liaison counsel, respectively, in *In re Boston Scientific Corporation Securities Litigation*, No. 20-cv-12225 (D. Mass.).[2]

---

[2] Separately, Mississippi brings to the Court's attention an order issued by the United States District Court for the Northern District of California in an unrelated action where Bernstein Litowitz has been serving as lead counsel for lead plaintiff SEB Investment Management AB, and class counsel for the certified class. *See SEB Inv. Mgmt. AB v. Symantec Corp.*, No. C 18-02902 WHA, 2021 WL 1540996, at *1 (N.D. Cal. Apr. 20, 2021) (Donnelly Decl., Ex. G).  Counsel for an unsuccessful lead plaintiff movant raised questions

Thus, the Court may be assured that by granting this Motion, the Class will receive the highest caliber of legal representation.   Accordingly, the Court should approve Mississippi's selection of Bernstein Litowitz and Saxena White as Lead Counsel and Donnelly, Conroy & Gelhaar as Liaison Counsel for the Class.

## **CONCLUSION**

For the reasons stated above, Mississippi respectfully requests that the Court: (1) appoint it as Lead Plaintiff; (2) approve its selection of Bernstein Litowitz and Saxena White as Lead Counsel and Donnelly, Conroy & Gelhaar as Liaison Counsel for the Class; and (3) grant such other and further relief as the Court may deem just and proper.

---

about Bernstein Litowitz's hiring of a former employee of the lead plaintiff.  Following discovery and extensive briefing, the court allowed Bernstein Litowitz to continue as class counsel. *See id.* at *1-2.  The court nevertheless ordered Bernstein Litowitz to bring the order to the attention of the court when seeking appointment as class counsel, and also to the decision maker for the proposed lead plaintiff who selects class counsel. *See id.* at *2.  Importantly, the *Symantec* court recently granted final approval for a $70 million settlement achieved by SEB Investment Management AB and Bernstein Litowitz.  In addition, courts have repeatedly approved Bernstein Litowitz as lead counsel in securities class actions after being apprised of the *Symantec* order. *See* Order, *Homyk v. ChemoCentryx, Inc.*, No. 4:21-cv-03343-JST, ECF No. 32 at 6 (N.D. Cal. Jan. 28, 2022) ("The Court finds [lead plaintiff's] choice of lead counsel to be reasonable, and thus approves it.") (Donnelly Decl., Ex. H); Stipulation and Order Appointing IBEW Local 353 Pension Plan and Xiaobin Cai as Lead Plaintiff, Approving Their Selection of Lead Counsel, and Consolidating Actions, *Chung v. Eargo, Inc.*, No. 3:21-cv-08597-CRVB, ECF No. 36 (N.D Cal. Jan. 5, 2022) (Donnelly Decl., Ex. I); Order, *Emps.' Ret. Fund of the City of Fort Worth v. James River Grp. Holdings, Ltd.*, No. 3:21-cv-0044-MHL, ECF No. 20 (E.D. Va. Sept. 22, 2021) (Donnelly Decl., Ex. J); Order, *Yoshikawa v. Exxon Mobil Corp.*, No. 3:21-cv-00194-N, ECF No. 43 at 3 (N.D. Tex. June 10, 2021) (finding that "the requirements of Rule 23" were 'satisf[ied]") (Donnelly Decl., Ex. K).  Bernstein Litowitz was also recently appointed class counsel in *In re Myriad Genetics, Inc. Securities Litigation*, No. 2:19-cv-00707-DBB, 2021 WL 5882259, at *13 (D. Utah Dec. 13, 2021), and *In re Mattel, Inc. Securities Litigation*, No. 2:19-cv-10860, 2021 WL 4704578, at *7 (C.D. Cal. Oct. 6, 2021), after those courts were informed of the *Symantec* order.

Dated: April 26, 2022

**DONNELLY, CONROY & GELHAAR, LLP**

*/s/ T. Christopher Donnelly*
T. Christopher Donnelly (BBO #129930)
Peter E. Gelhaar (BBO #188310)
Peter K. Levitt (BBO #565761)
260 Franklin Street, Suite 1600
Boston, MA 02110
Telephone: (617) 720-2880
Facsimile: (617) 720-3554
tcd@dcglaw.com
peg@dcglaw.com
pkl@dcglaw.com

*Liaison Counsel for Proposed Lead Plaintiff Public Employees' Retirement System of Mississippi and Proposed Liaison Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Gerald H. Silk, *pro hac vice* forthcoming
Hannah Ross, *pro hac vice* forthcoming
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
hannah@blbglaw.com

**SAXENA WHITE P.A.**

Maya Saxena, *pro hac vice* forthcoming
Joseph E. White III (BBO #648498)
Lester R. Hooker, *pro hac vice* forthcoming
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com

*Counsel for Proposed Lead Plaintiff Public Employees' Retirement System of Mississippi and Proposed Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered participants on the Notice of Electronic Filing (NEF).

*/s/ T. Christopher Donnelly*
T. Christopher Donnelly (BBO #129930)

15