**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CERENCE INC., SANJAY DHAWAN, and MARK J. GALLENBERGER,<br><br>Defendants. | No. 1:22-cv-10321-ADB |

**THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI'S**
**MEMORANDUM OF LAW IN OPPOSITION TO THE COMPETING MOTION**
**<u>FOR APPOINTMENT AS LEAD PLAINTIFF</u>**

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT .....................................................................................................1

ARGUMENT ..................................................................................................................................3

I.      MISSISSIPPI SHOULD BE APPOINTED LEAD PLAINTIFF .......................................3

        A.     Mississippi Has the Largest Financial Interest in the Relief Sought By the Class ....................................................................................................................3

        B.     Mississippi Satisfies the Requirements of Rule 23 and Is Entitled to the Most Adequate Plaintiff Presumption .....................................................................5

        C.     Amalgamated Bank Cannot Rebut the Presumption that Mississippi Is the Most Adequate Plaintiff .....................................................................................7

II.     THE COURT SHOULD APPROVE MISSISSIPPI'S CHOICE OF COUNSEL .............7

CONCLUSION................................................................................................................................8

i

## TABLE OF AUTHORITIES

**CASES**                                                                                     **PAGE(S)**

*Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP,*
    No. 20-200, 2020 WL 815136 (E.D. Pa. Feb. 19, 2020) ........................................................ 8

*Bowers v. Tesaro Inc.,*
    No. 18-cv-10086-ADB, 2018 WL 2089358 (D. Mass. May 4, 2018) ............................... 4, 5, 7

*Carr v. Analogic Corp.,*
    No. 18-cv-11301-ADB, 2018 WL 4932858 (D. Mass. Oct. 10, 2018) ..................................... 8

*Coopersmith v. Lehman Bros.,*
    344 F. Supp. 2d 783 (D. Mass. 2004) ................................................................................. 7, 8

*Hackel v. AVEO Pharms., Inc.,*
    No. 19-cv-10783-ADB, 2019 WL 1992556 (D. Mass. May 6, 2019) ........................... 1, 3, 4, 5

*In re Cendant Corp. Litig.,*
    264 F.3d 201 (3d Cir. 2001) ................................................................................................ 4, 7

*In re Diamond Foods, Inc., Sec. Litig.,*
    281 F.R.D. 405 (N.D. Cal. 2012) ........................................................................................... 6

*Kristal v. Mesoblast Ltd.,*
    No. 20-cv-08430 (PMH), 2020 WL 7647200 (S.D.N.Y. Dec. 23, 2020) ............................... 7

*State Univs. Ret. Sys. of Ill. v. Sonus Networks, Inc.,*
    C.A. No. 06-10040-MLW, 2006 WL 3827441 (D. Mass. Dec. 27, 2006) ......................... 4, 5, 6

*Tehrani v. Biogen, Inc.,*
    No. 15-13189-FDS, 2015 WL 7302132 (D. Mass. Nov. 18, 2015) .......................................... 8

**STATUTES**

15 U.S.C. § 78u-4 *et seq.* ................................................................................................ 1, 3, 5, 7

**PRELIMINARY STATEMENT**

Two competing motions for appointment as Lead Plaintiff pursuant to the PSLRA are pending before the Court.[1]  ECF Nos. 15, 17.  The PSLRA specifies that the presumptive lead plaintiff in a securities class action is the movant with the largest financial interest that also meets the typicality and adequacy requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

With a claimed loss in excess of $4.4 million, Mississippi unquestionably has the largest financial interest in this action.  Mississippi's LIFO loss is ***more than 2.5 times greater*** than the loss claimed by Amalgamated Bank, as Trustee for the LongView Collective Investment Fund – LongView 400 MidCap Index Fund and the LongView Broad Market 3000 Index Fund ("Amalgamated Bank").  *Compare* ECF No. 18-3 *with* ECF No. 20-2 (movant loss analyses).  Mississippi also has a far greater financial interest when considering every other financial interest metric evaluated by courts.  *See Hackel v. AVEO Pharms., Inc.*, No. 19-cv-10783-ADB, 2019 WL 1992556, at *1 (D. Mass. May 6, 2019) (listing factors courts consider in assessing financial interest).  Mississippi purchased significantly more total shares and net shares of Cerence during the Class Period and spent $3.9 million more than Amalgamated Bank on those investments, further illustrating Mississippi's greater financial interest in the outcome of this litigation:

---

[1] All defined terms take their meanings from Mississippi's opening brief.  *See* ECF No. 19.  In addition, all citations are omitted, and all emphasis is added unless otherwise noted.



Mississippi also unquestionably satisfies Rule 23's requirements. *See* ECF No. 19 at 5-8. Mississippi—a sophisticated institutional investor with extensive experience in securities litigation—is an ideal lead plaintiff, having recovered more than $4.3 billion for injured investors through securities class actions, and is dedicated to achieving the best possible result for the Class. Mississippi will bring to bear its extensive experience successfully prosecuting securities class actions along with the resources of the OAG, which will benefit the Class. *See id.* at 6-7. Moreover, after a multi-step vetting process, Mississippi has chosen counsel with proven expertise in prosecuting securities class actions, including cases within this District, and who have frequently and successfully collaborated as co-lead counsel in complex securities class actions. *See id.* at 8-11. Mississippi's claims also are typical of those of the Class as they are based on purchases of Cerence stock during the Class Period.

Because Amalgamated Bank cannot rebut the presumption that Mississippi is the most adequate plaintiff to lead this litigation, Mississippi respectfully requests that the Court appoint it

as Lead Plaintiff, approve its selection of Counsel, and deny Amalgamated Bank's competing motion (ECF No. 15).

## ARGUMENT

### I.    MISSISSIPPI SHOULD BE APPOINTED LEAD PLAINTIFF

Pursuant to the PSLRA, the Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a strong presumption that the most adequate plaintiff is "the person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). While the presumption is rebuttable, it can be rebutted "only upon *proof* by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either (1) "will not fairly and adequately protect the interests of the class" or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Here Amalgamated Bank cannot trigger the presumption because it lacks the largest financial interest. In addition, Amalgamated Bank cannot rebut the presumption that Mississippi is the most adequate plaintiff because there is no proof of inadequacy or unique defenses. Accordingly, Amalgamated Bank's motion should be denied.

### A.    Mississippi Has the Largest Financial Interest in the Relief Sought By the Class

Pursuant to the PSLRA, the only basis for comparing motions for lead plaintiff is their respective financial interests in the litigation. *See AVEO Pharms.*, 2019 WL 1992556, at *2 (comparing movants based on loss size and beginning evaluation with the movant claiming the largest loss); *State Univs. Ret. Sys. of Ill. v. Sonus Networks, Inc.*, C.A. No. 06-10040-MLW, 2006

WL 3827441, at *2 (D. Mass. Dec. 27, 2006) (same); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263-64 (3d Cir. 2001) (explaining that the analysis of competing lead plaintiff movants established by the PSLRA begins with the movant with the largest financial interest).

As reflected below, Mississippi has, without a doubt, the largest financial interest in the relief sought by the Class under any metric considered by courts. *See AVEO Pharms.*, 2019 WL 1992556, at *1 ("To determine the largest financial interest, courts may consider several factors, including '(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period.'").

| MOVANT | TOTAL SHARES PURCHASED | NET SHARES PURCHASED | NET FUNDS EXPENDED | LOSS |
|---|---|---|---|---|
| Mississippi | 58,462 | 52,562 | $6,399,501 | $4,467,094 |
| Amalgamated Bank | 22,951 | 19,533 | $2,457,292 | $1,762,505 |

Because financial interest is the determinative factor in establishing the order in which lead plaintiff movants are to be considered, Amalgamated Bank cannot trigger the presumption. *See Bowers v. Tesaro Inc.*, No. 18-cv-10086-ADB, 2018 WL 2089358, at *1 (D. Mass. May 4, 2018) ("Approximate loss is generally considered 'the most important factor.'"); *In re Cendant*, 264 F.3d at 262 ("Once the court has identified the movant with 'the largest financial interest in the relief sought by the class,' it should then turn to the question [of] whether that movant 'otherwise satisfies the requirements of Rule 23.'").

The PSLRA's "most adequate plaintiff" presumption is triggered when a movant satisfies the largest financial interest, typicality, and adequacy requirements. *Sonus Networks*, 2006 WL 3827441, at *1. As in *Sonus Networks*, because Mississippi also satisfies Rule 23's typicality and

4

adequacy requirements (as discussed below), Mississippi is entitled to the legal presumption that it is the "most adequate plaintiff" and should be appointed Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

**B.      Mississippi Satisfies the Requirements of Rule 23 and Is Entitled to the Most Adequate Plaintiff Presumption**

To satisfy the requirements of Rule 23 at the lead plaintiff motion stage, a movant need only make a preliminary showing that it meets the typicality and adequacy prerequisites of Rule 23. *See AVEO Pharms.*, 2019 WL 1992556, at *2 (noting that a movant "need only make a *prima facie* showing of typicality and adequacy" to satisfy Rule 23's requirements).

As demonstrated in its opening brief, Mississippi clearly satisfies both requirements. *See* ECF No. 19 at 5-8. Mississippi satisfies the typicality requirement because its claims against Defendants arise from the same events that give rise to the claims of other Class members and are based on the same legal theories. *See Tesaro*, 2018 WL 2089358, at *2 (enumerating these factors as satisfying the typicality requirement). Mississippi also satisfies the adequacy requirement because its interests are aligned with those of other members of the Class who suffered similar harm as a result of Defendants' alleged wrongdoing, and no antagonism exists between Mississippi's interests and the interests of other Class members. *See id.* ("To meet the adequacy requirement, plaintiffs must demonstrate that they have common interests and an absence of conflict with the class members and that the plaintiffs' attorneys are qualified, experienced, and vigorously able to conduct the litigation."). Mississippi, whose prosecution of securities class actions is overseen by the OAG, is the paradigmatic Lead Plaintiff envisioned by the PSLRA, and Mississippi understands and accepts the duties and responsibilities owed to other Class members to monitor the prosecution of this action in the best interests of the Class. *See* ECF No. 19 at 6-8; *see also Sonus Networks*, 2006 WL 3827441, at *2 (finding that "as an institutional investor which

has sustained large losses, [Mississippi] has both the ability and incentive to represent the class vigorously"); *In re Diamond Foods, Inc., Sec. Litig.*, 281 F.R.D. 405, 412 (N.D. Cal. 2012) (taking note of Mississippi's "extensive experience in serving as lead plaintiff" and its "sufficient resources to devote to managing [the] action").  Indeed, Amalgamated Bank has recognized Mississippi's adequacy to serve as lead plaintiff by agreeing to jointly prosecute a securities class action against Facebook, Inc. with Mississippi.  *See Yuan v. Facebook, Inc.*, No. 5:18-cv-01725-EJD, ECF No. 56 (N.D. Cal. Aug. 3, 2018) (stipulation and order for joint appointment as lead plaintiff), attached as Exhibit A to the Declaration of T. Christopher Donnelly in support of The Public Employees' Retirement System of Mississippi's Memorandum of Law in Opposition to the Competing Motion for Appointment as Lead Plaintiff ("Donnelly Opp. Decl.").  In addition, just last month, counsel for Amalgamated Bank acknowledged Mississippi's adequacy to serve as co-lead plaintiff with its client, "recognizing that both [movants, ***including Mississippi***] are ***well-suited to be appointed lead plaintiff*** and both have significant financial interests in this litigation." *Sun v. Tal Educ. Grp.*, No. 1:22-cv-01015-ALC, ECF No. 35 at 2-3 (S.D.N.Y. Apr. 19, 2022) (brief in support of joint stipulation of New Mexico State Investment Council and Mississippi for appointment as lead plaintiff), Donnelly Opp. Decl. Ex. B.

Moreover, as detailed in its opening brief, Mississippi engaged in significant due diligence in evaluating counsel to prosecute this case, leading it to select counsel that: (1) achieved significant success in this District representing victims of securities fraud; (2) investigated and initiated this litigation; and (3) is woman-owned and dedicated to increasing diversity among class counsel.  *See* ECF No. 19 at 8-11; *see also Kristal v. Mesoblast Ltd.*, No. 20-cv-08430 (PMH), 2020 WL 7647200, at *3 (S.D.N.Y. Dec. 23, 2020) (finding that "retain[ing] competent counsel" reflects adequacy).

Accordingly, the Court should find that Mississippi is entitled to the presumption that it is the most adequate plaintiff.

### C.   Amalgamated Bank Cannot Rebut the Presumption that Mississippi Is the Most Adequate Plaintiff

Pursuant to the PSLRA, Amalgamated Bank faces a high hurdle in rebutting the presumption that has attached to Mississippi—a challenge Amalgamated Bank cannot meet.  *See Cendant*, 264 F.3d at 268 ("[O]nce the presumption is triggered, the question is **not** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can **prove** that the presumptive lead plaintiff will not do a 'fair[ ] and adequate[ ]' job.") (emphasis and alterations in original); *Tesaro*, 2018 WL 2089358, at \*3 (noting "attenuated inference[s]" are insufficient to rebut the lead plaintiff presumption).  No such proof exists.  Consequently, because Mississippi is the presumptive Lead Plaintiff, the Court should deny the motion of Amalgamated Bank.

## II.   THE COURT SHOULD APPROVE MISSISSIPPI'S CHOICE OF COUNSEL

The PSLRA provides that "the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."  *Coopersmith v. Lehman Bros.*, 344 F. Supp. 2d 783, 793 (D. Mass. 2004) (quoting 15 U.S.C. § 78u–4(a)(3)(B)(v)).  Mississippi's proposed Lead Counsel, Saxena White and Bernstein Litowitz, are both leading securities litigation firms that are qualified to lead the prosecution of this action in their own right and also are adept at vigorously prosecuting securities class actions together in an efficient and effective manner, including in *In re Wilmington Trust Securities Litigation*, No. 10-cv-990 (D. Del.), which achieved a noteworthy $210 million recovery.  *See* ECF No. 19 at 8-11.  Under such circumstances, courts routinely appoint co-lead counsel capable of working collaboratively and efficiently.  *See Allegheny Cnty. Emps.' Ret. Sys. v. Energy Transfer LP*, No. 20-200, 2020 WL 815136, at \*8 (E.D.

Pa. Feb. 19, 2020) ("[C]ourts have not taken issue with two firms sharing lead counsel responsibilities when they are assured of their competency and experience."); *Tehrani v. Biogen, Inc.*, No. 15-13189-FDS, 2015 WL 7302132, at *3 (D. Mass. Nov. 18, 2015) (appointing two law firms as co-lead counsel when they demonstrated they had the experience and resources to prosecute the action); *Lehman Bros.*, 344 F. Supp. 2d at 793 (appointing co-lead counsel after considering whether the movant's "choice [of counsel] is well-calculated to protect the interests of the purported plaintiff class").[2]   Further, Mississippi is also working with the highly experienced, Massachusetts-based law firm of Donnelly, Conroy & Gelhaar, which has extensive experience in complex litigation in this District.  *See* ECF No. 19 at 11.

Thus, Mississippi's selection of Saxena White and Bernstein Litowitz as Lead Counsel and Donnelly, Conroy & Gelhaar as Liaison Counsel for the Class should be approved.

## **CONCLUSION**

The PSLRA has established that the investor with the largest financial interest that also satisfies the requirements of Rule 23 is entitled to the most adequate plaintiff presumption. Amalgamated Bank does not possess the largest financial interest and, therefore, cannot trigger the presumption and cannot rebut with proof the presumption that Mississippi is the most adequate plaintiff.  Accordingly, Mississippi respectfully submits that its motion should be granted, and the competing motion of Amalgamated Bank should be denied.

---

[2] While the Court has previously expressed concerns about approving multiple counsel, the instant circumstances should assuage any such concerns.  In *Carr v. Analogic Corp.*, No. 18-cv-11301-ADB, 2018 WL 4932858 (D. Mass. Oct. 10, 2018) (Burroughs, J.), the proposed lead plaintiff group was composed of four individuals with no preexisting relationship who would be tasked with overseeing "at least four law firms." *Id.* at *4.  By contrast, Mississippi is one proposed Lead Plaintiff, with the OAG as a resource, to oversee two law firms with a track record of successfully prosecuting actions, and Mississippi has a long history of effectively managing litigation and lawyers.

8

Dated: May 10, 2022

**DONNELLY, CONROY & GELHAAR, LLP**

*/s/ T. Christopher Donnelly*
T. Christopher Donnelly (BBO #129930)
Peter E. Gelhaar (BBO #188310)
Peter K. Levitt (BBO #565761)
260 Franklin Street, Suite 1600
Boston, MA 02110
Telephone: (617) 720-2880
Facsimile: (617) 720-3554
tcd@dcglaw.com
peg@dcglaw.com
pkl@dcglaw.com

*Liaison Counsel for Proposed Lead Plaintiff Public Employees' Retirement System of Mississippi and Proposed Liaison Counsel for the Class*

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

Gerald H. Silk, *pro hac vice* forthcoming
Hannah Ross, *pro hac vice* forthcoming
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
jerry@blbglaw.com
hannah@blbglaw.com

**SAXENA WHITE P.A.**

Maya Saxena, *pro hac vice* forthcoming
Joseph E. White III (BBO #648498)
Lester R. Hooker, *pro hac vice* forthcoming
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com

*Counsel for Proposed Lead Plaintiff Public Employees' Retirement System of Mississippi and Proposed Lead Counsel for the Class*

9

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered participants on the Notice of Electronic Filing (NEF).

*/s/ T. Christopher Donnelly*
T. Christopher Donnelly (BBO #129930)

10