# EXHIBIT B

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

RUOSHUI SUN, Individually and on Behalf of
All Others Similarly Situated,

                                  Plaintiff,

    vs.

TAL EDUCATION GROUP, BANGXIN
ZHANG, RONG LUO and LINDA HE,

                                 Defendants.

---------------------------------------------------------------x

Civil Action No. 1:22-cv-01015-ALC

The Honorable Andrew L. Carter Jr.

<u>CLASS ACTION</u>

## MEMORANDUM OF LAW IN SUPPORT OF
## NEW MEXICO STATE INVESTMENT COUNCIL AND THE PUBLIC
## EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI'S
## JOINT STIPULATION FOR APPOINTMENT AS LEAD PLAINTIFF AND
## <u>APPROVAL OF SELECTION OF CO-LEAD COUNSEL</u>

New Mexico State Investment Council ("NMSIC") and The Public Employees' Retirement System of Mississippi ("MSPERS") respectfully submit this memorandum of law in opposition to the motions of (i) Macy Ganji (ECF No. 13); (ii) Potrero LLC (ECF No. 14); (iii) Pranav Jain (ECF No. 23); and (iv) Jianwu Wu (ECF No. 27), and in support of their Joint Stipulation (filed herewith), pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(b), for an order (i) appointing NMSIC and MSPERS as Lead Plaintiff in the class action pending against TAL Education Group ("TAL"); (ii) approving their selection of Grant & Eisenhofer P.A. ("G&E") and Berger Montague PC ("Berger Montague") as Co-Lead Counsel for the proposed class; and (iii) granting such other and further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

The above-captioned case is a putative securities class action (the "Action")  which alleges violations of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5, 17 C.F.R. §240.10b-5, promulgated thereunder, against TAL, Bangxin Zhang ("Zhang"), Rong Luo ("Luo"), and Linda He ("He," and together with TAL, Zhang, and Luo, "Defendants").  These claims are asserted on behalf of all persons and entities, other than Defendants, who purchased or otherwise acquired TAL American Depository Shares ("ADSs") between April 26, 2018 and July 22, 2021, inclusive (the "Class Period").

On April 5, 2022, NMSIC submitted its Notice of Motion of New Mexico State Investment Council for Appointment as Lead Plaintiff and Approval of Counsel (the "NMSIC Notice"), ECF No. 19, a memorandum of law in support of the NMSIC Notice (the "NMSIC Brief"), ECF No. 20, and a declaration with supporting documentation in support of the NMSIC Notice (the

"NMSIC Declaration"; together with the NMSIC Notice and the NMSIC Brief, the "NMSIC Motion"), ECF No. 21.

Also on April 5, 2022, MSPERS submitted its Notice of Motion of The Public Employees' Retirement System of Mississippi for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (the "MSPERS Notice"), ECF No. 16, a memorandum of law in support of the MSPERS Notice (the "MSPERS Brief"), ECF No. 17, and a declaration with supporting documentation in support of the MSPERS Notice (the "MSPERS Declaration"; together with the MSPERS Notice and the MSPERS Brief, the "MSPERS Motion"), ECF No. 18.

Four other movants also filed motions to be appointed Lead Plaintiff. MSPERS and NMSIC have financial interests in the litigation that far exceed the other four movants, only one of which is, like MSPERS and NMSIC, an institutional investor, favored by Congress in the lead plaintiff appointment analysis. Indeed, as of the time of this filing, three of the movants have filed Notices of Non-Opposition or Notices of Withdrawal. *See* ECF No. 31 (Non-Opposition of Movant Wu); ECF No. 32 (Withdrawal of Movant Jain); ECF No. 33 (Non-Opposition of Movant Potrero LLC). The one remaining movant, Macy Ganji, an individual has LIFO losses of only $222,932. ECF No. 13 at 5.

Separately, MSPERS's and NMSIC's LIFO losses are roughly equal to each other's: MSPERS has LIFO losses of $5,424,989 and NMSIC has LIFO losses of $5,355,629. In addition, the remaining *Olsten-Lax* factors, to which courts often refer when considering lead plaintiff motions, provide no clear winner. NMSIC purchased more total and net ADSs during the Class Period, but MSPERS expended more funds on its purchases. Finally, both are large institutional investors with experience serving as lead plaintiffs in securities class actions.

Rather than compete against each other in a drawn-out lead plaintiff contest, and recognizing that both are well-suited to be appointed lead plaintiff and both have significant financial interests in this litigation, NMSIC and MSPERS have determined that it is in the best interests of the proposed class to bring their resources and experience together and work jointly in this action on behalf of the proposed class of TAL investors. Thus, they submit this request that the Court appoint them both as Lead Plaintiff.

The PSLRA governs the selection process for the lead plaintiff in a class action asserting violations of the federal securities laws. Pursuant to the PSLRA, the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member *or members* of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i) (emphasis added). The "most adequate plaintiff" is the "person *or group of persons*" with the "largest financial interest in the relief sought by the class" who can make a *prima facie* showing that they satisfy the typicality and adequacy requirements under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added). Both NMSIC and MSPERS have provided evidence and arguments to support why they individually qualify as the "most adequate plaintiff" and why this Court should approve their selection of counsel. *See* NMSIC Motion; MSPERS Motion.

NMSIC and MSPERS now seek to work together so that they can provide optimal representation to the proposed class. NMSIC and MSPERS are an appropriate "group of persons" to be appointed Lead Plaintiff under the PSLRA, and will fairly and adequately represent the interests of the proposed class. For this reason, and the reasons enumerated in the NMSIC Motion

3

and the MSPERS Motion, this Court should approve NMSIC and MSPERS's Joint Stipulation and proposed order.

## II.     ARGUMENT

NMSIC and MSPERS ("Movants") comprise an appropriate "group of persons" to be appointed Lead Plaintiff under the PSLRA.  15 U.S.C. § 78u-4(a)(3)(B)(iii) (establishing criteria to identify the "person or group of persons" presumed to be the "most adequate plaintiff").  Courts in the Second Circuit have often selected groups as Lead Plaintiff.  *See, e.g.*, *Freudenberg v. E\*Trade Fin. Corp.*, 2008 WL 2876373 (S.D.N.Y. July 16, 2008); *Xianglin Shi v. Sina Corp.*, 2005 WL 1561438 (S.D.N.Y. July 1, 2005); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42 (S.D.N.Y. 1998).  NMSIC and MSPERS are both public pension groups that sustained substantial losses as a result of Defendants' alleged false and misleading statements and have the "largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).

Under the last-in-first-out ("LIFO") methodology of calculating losses, NMSIC and MSPERS have, individually and collectively, by far the largest losses of any of the other movants in this Action.  Indeed, even when considered separately, NMSIC's and MSPERS's LIFO losses are roughly eleven times larger than the next-largest losses of any movant:

| Movant | LIFO Losses |
|---|---|
| MSPERS[1] | $5,424,989 |
| NMSIC[2] | $5,355,629 |
| Potrero LLC[3] | $422,412 |

---

[1] MSPERS Declaration Ex. C.

[2] NMSIC Declaration Ex. B.

[3] ECF No. 14, at 8.

| Jian Wu[4] | $229,927 |
| Macy Ganji[5] | $222,932 |
| Pranav Jain[6] | $198,645 |

Additionally, when calculated on a first-in-first-out basis ("FIFO"), NMSIC has losses of $9,493,771.[7]  NMSIC Declaration Ex. B.

Appointing the Movants as Lead Plaintiff is in the best interest of the proposed class.  It will both enable manageability and prevent the risk of the litigation being disrupted at a later point. The group has only two members, and is thus discrete enough to allow for coordination of the management of the case, while also diverse enough to prevent the proposed class from being exposed to disruption later in the litigation.  *See Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) (holding that the "aggregation of seven [] shareholders" as lead plaintiff "does not present a group so cumbersome as to deliver the control of the litigation into the hands of the lawyers" and thus appointing seven investors as lead plaintiff).

Moreover, electing a Lead Plaintiff group will provide the proposed class with the benefits of joint decision-making and joint funding and will enable plaintiffs more control over counsel. *See Dolan v. Axis Cap. Holdings Ltd.*, 2005 WL 883008, at *5 (S.D.N.Y. Apr. 13, 2005) (The "co-lead plaintiff structure" allows parties to "pool financial resources, knowledge and experiences,

---

[4] ECF No. 27, at 7.

[5] ECF No. 13, at 5.

[6] ECF No. 23, at 5.

[7] Because MSPERS did not sell any ADSs during the Class Period, its FIFO losses are the same as its LIFO losses.

and may also reap the 'benefits of joint decision-making' when pressed with difficult choices.") (appointing two-member group as Lead Plaintiff).

No preexisting relationship between the parties is required by the PLSRA. *See In re Sequans Commc'ns S.A. Sec. Litig.*, 289 F. Supp. 3d 416, 424 (E.D.N.Y. 2018) (finding the two movants acceptable co-lead plaintiffs despite no pre-existing relationship because it was sufficient that they were "like-minded investors" who had joint calls to discuss litigation strategy). Additionally, Movants have already discussed their roles in this litigation, should they be appointed Lead Plaintiff. Specifically, they are well aware of the responsibilities of a lead plaintiff, and have discussed the preparation and filing of this memorandum of law in support of their Joint Stipulation, as well as protocols for managing the litigation and resolving disputes between them, should they be appointed Lead Plaintiff. *See* Joint Declaration of Brian E. McMath and Tricia Beale.

Rather than engage in a protracted lead plaintiff battle, NMSIC and MSPERS have concluded that the interests of the proposed class would be best served if they work together. Courts have approved arrangements where prior lead plaintiff opponents join forces to prosecute the litigation. *See Garnett v. RLX Tech. Inc.*, 2021 WL 3913541, at *5 (S.D.N.Y. Aug. 31, 2021) (approving former lead plaintiff opponents as one joint lead plaintiff where the movants "reasonably agreed that a prolonged contest over appointment 'is not in the best interests of the Class[,]'" and their decision to form a coalition "demonstrate[s] their ability to work cooperatively."); *see also Lavin v. Virgin Galactic Holdings, Inc.*, 2021 WL 5409798, at *5 (E.D.N.Y. Sept. 17, 2021) ("[D]espite Kusnier's initial opposition to Scheele's appointment as lead plaintiff — both Scheele and Kusnier have significant financial interests in the litigation, satisfy the necessary requirements of Rule 23, and will fairly and adequately represent the interests

6

of the proposed class. The Court thus finds that a co-lead plaintiff structure in this case will help to ensure that adequate resources and experience are available to the prospective class in the prosecution of this action.") (citation and internal quotations omitted). Thus, NMSIC and MSPERS are an appropriate Lead Plaintiff group.

There is nothing to suggest that NMSIC or MSPERS or their counsel will not fairly and adequately represent the proposed class or that NMSIC or MSPERS are subject to unique defenses. This Court should appoint the Movants as Lead Plaintiff.

## III. CONCLUSION

NMSIC and MSPERS have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, NMSIC and MSPERS respectfully request that the Court approve their Joint Stipulation thereby designating them as Lead Plaintiff, and approving their choice of counsel as Co-Lead Counsel for the proposed class.

DATED: April 19, 2022

/s/ Daniel L. Berger
Daniel L. Berger
Caitlin M. Moyna
GRANT & EISENHOFER P.A.
485 Lexington Avenue, 29th Floor
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
Email: cmoyna@gelaw.com

*Counsel for New Mexico State Investment Council and Proposed Co-Lead Counsel for the Proposed Class*

7

OFFICE OF THE NEW MEXICO
     ATTORNEY GENERAL
Hector Balderas, Attorney General
Brian McMath Assistant Attorney General
Post Office Drawer 1508
Santa Fe, NM 87504-1508
Telephone: 505/490-4052
hbalderas@nmag.gov
bmmath@nmag.gov

ROBBINS GELLER RUDMAN
     & DOWD LLP
Samuel H. Rudman
Robert M. Rothman
David A. Rosenfeld
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
rrothman@rgrdlaw.com
drosenfeld@rgrdlaw.com

*Additional Counsel for Proposed Lead Plaintiff
New Mexico State Investment Council*

*/s/ Michael Dell'Angelo*
BERGER MONTAGUE PC
Sherrie R. Savett
Michael Dell'Angelo
Barbara Podell
Andrew D. Abramowitz
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ssavett@bm.net
mdellangelo@bm.net
bpodell@bm.net
aabramowitz@bm.net

*Counsel for The Public Employees' Retirement
System of Mississippi and Proposed Co-Lead
Counsel for the Proposed Class*

8

CALCATERRA POLLACK LLP
Michael Liskow
1140 Avenue of the Americas, 9th Floor
New York, NY 10036-5803
Telephone: 212/899-1765
mliskow@calcaterrapollack.com

*Local Counsel for Proposed Lead Plaintiff The Public Employees' Retirement System of Mississippi*

9