UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CITY OF MIAMI FIRE FIGHTERS' and POLICE OFFICERS' RETIREMENT TRUST, *Individually and on Behalf of All Others Similarly Situated*,<br><br>Plaintiff,<br><br>v.<br><br>CERENCE INC., SANJAY DHAWAN, and MARK J. GALLENBERGER,<br><br>Defendants. | Civil Action No. 1:22-cv-10321-ADB |

### MEMORANDUM AND ORDER ON MOTIONS TO APPOINT LEAD PLAINTIFF AND COUNSEL

BURROUGHS, D.J.

This is a federal securities class action lawsuit concerning alleged violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j, 78t, and Rule 10b-5, 17 C.F.R § 240.10b-5, by Defendant Cerence Inc. ("Cerence") and certain of its executives. [ECF No. 1 ("Compl.")]. Plaintiff, on behalf of itself and others, claims that Cerence and its executives made misleading statements concerning the demand for Cerence's software license and the impact that sales of prepaid licenses would have on future demand. [Id. ¶¶ 3–6]. Before the Court are two competing motions to appoint lead plaintiff and approve the movants' respective selections of lead counsel and liaison counsel pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B). [ECF Nos. 15, 17]. The two motions were filed by (1) Amalgamated Bank, as Trustee for the LongView Collective Investment Fund – Longview 400 MidCap Index Fund and the LongView Broad Market 3000

Index Fund ("Amalgamated Bank") and (2) The Public Employees' Retirement System of Mississippi ("Mississippi"). [ECF Nos. 15, 17]. For the reasons set forth below, largely based on the language of the applicable statute, Mississippi's Motion for Appointment as Lead Plaintiff is <u>GRANTED</u> and Amalgamated Bank's competing motion is <u>DENIED</u>.

Under the PSLRA, the Court must "appoint as lead plaintiff the member . . . of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). This person is known as the "most adequate plaintiff." <u>Id.</u> A rebuttable presumption exists that the "most adequate plaintiff" is the movant who "has the largest financial interest in the relief sought by the class," while also satisfying the requirements of Federal Rule of Civil Procedure 23. <u>Id.</u> at § 78u-4(a)(3)(B)(iii)(I). One may only rebut this presumption with "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is subject to unique defenses. <u>Id.</u> at § 78u-4(a)(3)(B)(iii)(II). The statute's language suggests that "the threshold determination of whether the movant with the largest financial losses satisfies the typicality and adequacy requirements should be a product of the court's independent judgment, and that arguments by members of the purported plaintiff class as to why it does not should be considered *only* in the context of assessing whether the presumption has been rebutted." <u>In re Cendant Corp. Litig.</u>, 264 F.3d 201, 263–64 (3d Cir. 2001); <u>State Univs. Ret. Sys. of Ill. v. Sonus Networks, Inc.</u>, No. 06-cv-10040, 2006 WL 3827441, at *2 (D. Mass. Dec. 27, 2006) (same).

To determine the largest financial interest, courts may consider several factors, including "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered during the class period." <u>Ark. Teacher Ret. Sys. v. Insulet</u>

Corp., 177 F. Supp. 3d 618, 622 (D. Mass. 2016) (quoting In re Olsten Corp. Sec. Litig., 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)).  Most courts appoint whichever potential lead plaintiff has suffered the largest total loss.  Takara Tr. v. Molex Inc., 229 F.R.D. 577, 579 (N.D. Ill. 2005) (citing In re Bally Total Fitness Sec. Litig., No. 04C350, 2005 WL 627960, at *4 (N.D. Ill. Mar. 15, 2005)).

Of the parties seeking to be appointed lead plaintiff, Mississippi has the largest financial interest at stake in this litigation, whether that stake is measured by the number of shares purchased in the class period, net shares purchased, net expenditures, or claimed losses.  [ECF No. 21 at 3–4].  Mississippi also meets the typicality and adequacy requirements laid out in Federal Rule of Civil Procedure 23.  [Id. at 5–6].  There is no indication that Mississippi will not fairly or adequately protect the interests of the class, nor that Mississippi is subject to unique defenses.  Notably, Amalgamated Bank does not contest Mississippi's adequacy to serve as lead plaintiff.  See [ECF No. 23].

Because Mississippi holds the largest financial interest and satisfies the requirements of Rule 23, it "must be appointed lead plaintiff," unless the presumption of its adequacy is rebutted.  Sonus Networks, Inc., 2006 WL 3827441, at *3.  That presumption has not been rebutted, and the Court therefore appoints Mississippi as Lead Plaintiff and will approve its selection of Lead and Liaison Counsel.

### III.     CONCLUSION

Mississippi's motion to be appointed lead plaintiff and for approval of its selection of counsel, [ECF No. 17], is GRANTED.  Mississippi is appointed Lead Plaintiff, and the Court approves its selection of Bernstein Litowitz Berger & Grossmann LLP and Saxena White P.A. as Lead Counsel and Donnelly, Conroy & Gelhaar, LLP as Liaison Counsel.  The Court appreciates

Amalgamated Bank's willingness to serve but, given the circumstances, its motion, [ECF No. 15], is <u>DENIED</u>.

    **SO ORDERED.**

May 12, 2022                                                                      <u>/s/ Allison D. Burroughs</u>
                                                                                          ALLISON D. BURROUGHS
                                                                                          U.S. DISTRICT JUDGE