# Exhibit 1

EXECUTION COPY

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CITY OF MIAMI FIRE FIGHTERS' AND : 
POLICE OFFICERS' RETIREMENT TRUST,    Case No. 1:22-cv-10321-ADB
Individually and on Behalf of All Others :
Similarly Situated,    Hon. Allison D. Burroughs
     :
    Plaintiff,    **STIPULATION OF SETTLEMENT**
     :

  v.    :

CERENCE INC., SANJAY DHAWAN, and
MARK J. GALLENBERGER,    :

    Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

   This Stipulation of Settlement dated as of September 6, 2024 (the "Stipulation"), is made and entered into by and among the following Settling Parties to the above-entitled Litigation: (i) lead plaintiff Public Employees' Retirement System of Mississippi ("Lead Plaintiff"), on behalf of itself and each of the Settlement Class Members, by and through its counsel of record in the Litigation; and (ii) defendants Cerence Inc. ("Cerence"), Sanjay Dhawan, and Mark J. Gallenberger (collectively, "Defendants"), by and through their counsel of record in the Litigation. Subject to the approval of the Court, the Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Litigation and the Released Claims, upon and subject to the terms and conditions hereof.

## I.  THE LITIGATION

   The Litigation is pending before the Honorable Allison D. Burroughs in the United States District Court for the District of Massachusetts (the "Court").

   On February 25, 2022, the City of Miami Fire Fighters' and Police Officers' Retirement Trust filed a securities class action complaint in the Court titled *City of Miami Fire Fighters' and*

*Police Officers' Retirement Trust v. Cerence Inc. et al.*, Case No. 1:22-cv-10321-ADB (D. Mass.). On May 12, 2022, the Court appointed the Public Employees' Retirement System of Mississippi as Lead Plaintiff, and appointed Bernstein Litowitz Berger & Grossmann LLP and Saxena White P.A. as Lead Counsel (Dkt. No. 24).

On July 26, 2022, Lead Plaintiff filed an Amended Class Action Complaint for Violations of the Federal Securities Laws (Dkt. No. 37) (the "Complaint") against Cerence, Sanjay Dhawan, and Mark J. Gallenberger (the "Defendants"). The Complaint alleges, among other things, that Defendants made misrepresentations and omissions concerning a purported scheme to pull forward revenues from future quarters to meet Cerence's revenue guidance. The Complaint asserts claims for damages under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder against all Defendants, and under Section 20(a) of the Securities Exchange Act of 1934 against Defendants Dhawan and Gallenberger.

On September 9, 2022, Defendants filed their Motion to Dismiss the Complaint (Dkt. Nos. 39-41). On October 24, 2022, Plaintiff filed its Opposition to Defendants' Motion to Dismiss. (Dkt. No. 47). On November 23, 2022, Defendants filed their Reply in support of their Motion to Dismiss (Dkt. No. 48). On March 25, 2024, the Court issued an Order (Dkt. No. 51) granting, in part, and denying, in part, Defendants' Motion to Dismiss the Complaint.

On April 15, 2024, Defendants filed their Answer to the Complaint, denying that Lead Plaintiff has asserted any valid claims as to any of the Defendants and asserting various affirmative defenses (Dkt. No. 59). On May 7, 2024, the Court entered a proposed schedule submitted by the Settling Parties.

During the course of the Litigation, the Parties engaged in substantial discovery, which included the production by Defendants of over 100,000 pages of documents. On April 12, 2024,

Lead Plaintiff served its First Set of Requests for the Production of Documents Directed to Defendants.  On May 1, 2024, the Parties exchanged their initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).  On May 20, 2024, Lead Plaintiff served its First Set of Interrogatories Directed to Defendants.  On June 28, 2024, Defendants served their First Set of Requests for the Production of Documents to Lead Plaintiff and their First Set of Interrogatories to Lead Plaintiff.

On August 14, 2024, the Parties participated in an all-day mediation session before Greg Danilow of Phillips ADR Enterprises (the "Mediator") in New York.  Prior to the mediation, the Parties exchanged mediation statements, including voluminous exhibits, and supplemental materials.  The Parties did not reach an agreement to settle the Litigation during the August 14, 2024 mediation.  After the mediation, however, the Parties continued to engage in settlement negotiations with the assistance of the Mediator and ultimately reached an agreement in principle to settle the Litigation for $30 million.  The Parties subsequently negotiated and executed this Stipulation, which, together with the exhibits hereto, reflects and memorializes the final and binding agreement between the Settling Parties.

## II.    DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

Defendants have expressly denied and continue to deny that they have committed any act or omission giving rise to any liability or violation of law whatsoever, that the claims advanced in the Litigation are meritorious, or that they have any liability whatsoever to Lead Plaintiff or to any other member of the Settlement Class, and by entering into this Stipulation, Defendants do not concede the merit of any claims or the lack of merit of any defense to liability.  This Stipulation and the provisions herein shall not be deemed to be, or offered or received in evidence as, a presumption, a concession or an admission of any fault, liability, or wrongdoing or damage whatsoever by any Defendant and, except as required to enforce this Settlement, they shall not be

used by any person in these or any other actions or proceedings, whether civil, criminal or administrative.

Nonetheless, Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like the Litigation. Defendants have, therefore, determined that it is desirable and beneficial that the Litigation be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.    CLAIMS OF LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Litigation have merit and that the evidence developed to date supports the claims asserted. The Stipulation shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff or any of the Settlement Class Members that any of their claims are without merit, that any defenses asserted by Defendants have merit, or that the damages recoverable in the Litigation would not have exceeded the Settlement Fund (as defined herein). However, Lead Plaintiff recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Litigation against Defendants through trial and through appeals. Lead Plaintiff has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, and the difficulties and delays inherent in such Litigation. Lead Plaintiff is also mindful of the inherent problems of proof under and possible defenses to the claims of securities law violations asserted in the Litigation. Lead Plaintiff believes that the Settlement set forth in the Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation, Lead Plaintiff and its counsel have determined that the settlement set forth in the Stipulation is in the

best interests of the Settlement Class, is fair and reasonable in all respects, and that the Litigation should therefore be settled upon the terms and conditions set forth in this Stipulation.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiff (on behalf of itself and each of the Settlement Class Members) and Defendants, by and through their respective duly authorized counsel of record, that, subject to the approval of the Court, the Released Claims shall be finally and fully compromised, settled and released, and the Litigation shall be dismissed with prejudice, upon and subject to the terms and conditions of this Stipulation, as follows.

### 1.    Definitions

As used in the Stipulation, the following terms have the meanings specified below.  In the event of any inconsistency between any definition set forth below and any definition set forth in any document attached as an exhibit to this Stipulation, the definition set forth below shall control.

1.1.    "Authorized Claimant" means a Settlement Class Member who submits a Claim to the court-approved Claims Administrator and who is approved for payment from the Net Settlement Fund.

1.2.    "Cerence" means Cerence Inc.

1.3.    "Claim" means a paper claim submitted on a Claim Form or an electronic claim that is submitted to the Claims Administrator.

1.4.    "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

1.5.    "Claims Administrator" means the firm retained by Lead Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

1.6.      "Complaint" means the Amended Class Action Complaint for Violations of the Federal Securities Laws (Dkt. No. 37).

1.7.      "Court" means the United States District Court for the District of Massachusetts.

1.8.      "Defendants" means Cerence, Sanjay Dhawan, and Mark J. Gallenberger.

1.9.      "Defendants' Counsel" means Goodwin Procter LLP.

1.10.     "Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

1.11.     "Effective Date" means the first date by which all of the events and conditions specified in ¶6.1 of this Stipulation have occurred.

1.12.     "Escrow Account" means the account created pursuant to ¶2.1 wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

1.13.     "Escrow Agent" means Citibank, N.A.

1.14.     "Fee and Expense Award" means any award by the Court to Plaintiff's Counsel for their requested attorneys' fees and expenses with interest thereon.

1.15.     "Final" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise.  Without limitation, an order becomes "Final" when: (a) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (b) an appeal has been filed and either (i) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (ii) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this Paragraph, an "appeal" includes appeals as of right, discretionary

appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings seeking review, alteration, amendment or appeal of a court's order. Any appeal or other proceeding pertaining to the Plan of Allocation, the Fee and Expense Award (or any other application for attorneys' fees or expenses), or the Lead Plaintiff's Cost and Expense Award shall not in any way delay or preclude the Judgment from becoming Final.

1.16.      "Immediate Family Members" means any spouse, domestic partner, parent, step-parent, grandparent, child, step-child, grandchild, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law.

1.17.      "Individual Defendants" means Sanjay Dhawan and Mark J. Gallenberger.

1.18.      "Judgment" means the judgment to be rendered by the Court approving the Settlement, substantially in the form attached as Exhibit B hereto.

1.19.      "Lead Counsel" means Bernstein Litowitz Berger & Grossmann LLP and Saxena White P.A.

1.20.      "Lead Plaintiff" means Public Employees' Retirement System of Mississippi.

1.21.      "Lead Plaintiff's Cost and Expense Award" means any award by the Court to Lead Plaintiff for its requested reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. §78u-4(a)(4).

1.22.      "Liaison Counsel" means Donnelly, Conroy & Gelhaar, LLP.

1.23.      "Litigation" means *City of Miami Fire Fighters' & Police Officers' Retirement Trust v. Cerence Inc.*, Case No. 1:22-cv-10321-ADB (D. Mass.), pending before the Honorable Allison D. Burroughs in the United States District Court for the District of Massachusetts.

1.24.    "Net Settlement Fund" shall have the meaning described in ¶4.3(e) below.

1.25.    "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be mailed or emailed to Settlement Class Members.

1.26.    "Notice and Administration Expenses" means all expenses incurred in connection with the administration of the Settlement, and shall include, among other things, the cost of publishing the Summary Notice, locating Settlement Class Members, printing and mailing the Notice and Claim Form as directed by the Court, and the cost of processing Claims and distributing settlement funds to Authorized Claimants, as well as any costs, fees, and expenses incurred in connection with the Escrow Account.

1.27.    "Person(s)" means an individual, corporation, limited liability company, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity together with the spouses, heirs, predecessors, successors, representatives, or assignees of any of the foregoing.

1.28.    "Plaintiff's Counsel" means and includes Lead Counsel, Liaison Counsel, and additional counsel for Lead Plaintiff, Davidson Bowie, PLLC.

1.29.    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund, to be approved by the Court, whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of or provision for Notice and Administration Expenses, Taxes, and such attorneys' fees, costs, expenses, and interest and any award to Lead Plaintiff as may be awarded by the Court.  Any Plan of Allocation is not part of this Stipulation, and neither Defendants nor

any of the other Released Defendant Persons shall have any role, responsibility or liability with respect thereto.

1.30.    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

1.31.    "Proof of Claim and Release" or "Claim Form" means the form to be sent to Settlement Class Members, substantially in the form attached as Exhibit A-2 hereto, that a Claimant must complete and submit in order to seek to share in a distribution of the Net Settlement Fund.

1.32.    "Released Claims" means any and all Released Plaintiffs' Claims and Released Defendants' Claims.

1.33.    "Released Defendants' Claims" means any and all claims or causes of action of every nature and description, known or unknown, contingent or non-contingent, whether suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, at law or in equity, including Unknown Claims, arising out of, relating to, or in connection with, the institution, prosecution, or settlement of the Litigation or the Released Plaintiffs' Claims.  Notwithstanding any other language herein to the contrary, Released Defendants' Claims shall not include any claims to enforce the terms of the Settlement or the Judgment entered pursuant thereto.

1.34.    "Released Defendant Person(s)" means each and all of the Defendants and any of their respective past or present parent entities, affiliates, divisions, subsidiaries or Immediate Family Members, and each and all of the foregoing's respective past, present, or future officers, directors, controlling stockholders, agents, representatives, employees, attorneys,

advisors, consultants, accountants, investment bankers, underwriters, brokers, dealers, lenders, insurers, co-insurers, reinsurers, heirs, executors, principals, managing directors, managing agents, joint ventures, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns, in their capacities as such.

1.35.    "Released Person(s)" means each and all of the Released Defendant Persons and Released Plaintiff Persons.

1.36.    "Released Plaintiffs' Claims" means any and all claims or causes of action of every nature and description, known or unknown, contingent or non-contingent, whether suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, at law or in equity, including Unknown Claims, that Lead Plaintiff or any other member of the Settlement Class (a) asserted in the Complaint or any other complaints previously filed in the Litigation, or (b) could have asserted in any forum that arise out of or relate to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or any other complaints previously filed in the Litigation and that relate to the purchase of Cerence common stock during the Settlement Class Period.  Notwithstanding any other language herein to the contrary, Released Plaintiffs' Claims shall not include (a) any claims to enforce the terms of the Settlement or the Judgment entered pursuant thereto; or (b) any claims asserted in any shareholder derivative action, including *In re Cerence Stockholder Derivative Litigation*, Case No. 1:22-cv-10723-ADB (D. Mass.), and *Morse v. Dhawan et al.*, Case No. 1:22-cv-10737-ADB (D. Mass.).

1.37.    "Released Plaintiff Person(s)" means each and all of Lead Plaintiff, Plaintiff's Counsel, all Settlement Class Members, and any of their respective past or present parent entities, affiliates, divisions, subsidiaries or Immediate Family Members, and each and all

of the foregoing's respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, advisors, consultants, accountants, investment bankers, underwriters, brokers, dealers, lenders, insurers, co-insurers, reinsurers, heirs, executors, principals, managing directors, managing agents, joint ventures, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns, in their capacities as such.

1.38.    "Settlement" means the settlement of the Litigation as embodied in this Stipulation.

1.39.    "Settlement Amount" means Thirty Million Dollars ($30,000,000.00).

1.40.    "Settlement Class" means all Persons who purchased or otherwise acquired Cerence common stock during the Class Period and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Family Members of any Individual Defendant; (iii) any person who is, or was during the Class Period, an officer or director of Cerence; (iv) any affiliates or subsidiaries of Cerence; (v) any entity in which any Defendant has or had a controlling interest during the Class Period; and (vi) the legal representatives, heirs, successors, or assigns of any such excluded persons and entities. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

1.41.    "Settlement Class Member" means a Person who falls within the definition of the Settlement Class as set forth in ¶1.40.

1.42.    "Settlement Class Period" or "Class Period" means the period from November 16, 2020 through February 4, 2022, inclusive.

1.43.    "Settlement Fund" means the Settlement Amount plus any interest earned thereon.

1.44.    "Settling Parties" or "Parties" means, collectively, Defendants and Lead Plaintiff on behalf of itself and the Settlement Class Members.

1.45.    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

1.46.    "Taxes" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon the Released Defendant Persons or Defendants' Counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; (ii) the expenses and costs incurred by Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

1.47.    "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the

Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent in effect to California Civil Code § 1542. Lead Plaintiff, Defendants, and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff and Defendants shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

### 2. The Settlement

#### A. The Settlement Fund

2.1.    Cerence, on behalf of all Defendants, shall transmit or cause to be transmitted, by check, ACH or wire transfer, Thirty Million Dollars ($30,000,000.00) (the "Settlement Amount") in cash into an escrow account to be maintained and controlled by Lead

Counsel (the "Escrow Account") within twenty (20) business days of the later of (i) the date of entry of the Court order granting preliminary approval of the Settlement; or (ii) the provision of complete written wire, ACH and check payment instructions (and any forms reasonably requested by any payor of a portion of the settlement amount) by Lead Counsel to Defendants' Counsel, including without limitation the banking information for the Escrow Account, the name, title, email address and phone number of a person authorized to verbally confirm the wire and ACH instructions, and a signed W-9 (on the IRS 2024 version of the form) reflecting a valid taxpayer identification number for the Escrow Account in which the Settlement Amount is to be deposited.

2.2.     Except as expressly provided in this Paragraph 2.2, the funding of the Settlement Amount shall be the full and sole monetary contribution made by or on behalf of the Defendants and the Released Defendant Persons in connection with the Settlement, and Defendants shall have no responsibility for payment of Plaintiff's Counsel's attorneys' fees and expenses or any other amounts in connection with the Settlement memorialized herein beyond payment of the Settlement Amount. All costs of notice and administration of the Settlement, other than any costs associated with Defendants' obligation under 28 U.S.C. § 1715(b) to provide notice under the Class Action Fairness Act of 2005 ("CAFA") and any costs incurred by Defendants in connection with providing Cerence's stock transfer records, shall be paid out of the Escrow Account. Notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may pay from the Escrow Account the actual costs of Notice and Administration Expenses up to Three Hundred Thousand Dollars ($300,000.00) without further order of the Court. Other than the costs of Defendants' providing Cerence's stock transfer records and disseminating CAFA notice, which costs shall be paid by Defendants, Defendants shall have no responsibility for Notice and Administration Expenses of the Settlement in excess of the Settlement Amount. Except as

otherwise provided in this Stipulation with respect to payment of the Fee and Expense Award and the Lead Plaintiff's Cost and Expense Award out of the Settlement Fund, the Parties shall bear their own costs and expenses (including attorneys' fees) in connection with effectuating the Settlement and securing all necessary Court orders and approvals with respect to the same. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all authorized Notice and Administration Expenses paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Released Defendant Persons, or any other person or entity who or which paid any portion of the Settlement Amount.

2.3.    The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Released Defendant Person, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims of Authorized Claimants (as that term is defined in the Notice), the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

### B.    The Escrow Agent

2.4.    Immediately upon the funding of the Settlement Amount by Defendants into the Escrow Account as set forth in ¶2.1 hereof, the Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested

in instruments backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or invested in instruments backed by the full faith and credit of the United States. The Released Defendant Persons shall not have any responsibility or liability whatsoever for investment decisions. All risks related to the investment of the Settlement Fund shall be borne by the Settlement Fund and not by any of the Defendants or Released Defendant Persons, and the Settlement Fund shall indemnify the Released Defendant Persons and hold them harmless from any losses arising from the investment or disbursement of any portion of the Settlement Fund.

2.5.    Lead Counsel may authorize the Escrow Agent to pay reasonable and necessary Notice and Administration Expenses and Taxes without further order of the Court upon funding of the Settlement Amount by Defendants as set forth in ¶2.1 hereof. Other than amounts disbursed for Notice and Administration Expenses, Taxes, the Fee and Expense Award, and Lead Plaintiff's Cost and Expense Award, the Settlement Fund shall not be distributed until the Effective Date of the Settlement, as set forth in ¶6.1.

2.6.    The Escrow Agent is authorized to execute only such transactions as are consistent with the terms of this Stipulation or by order of the Court, or with the written agreement of counsel for all Settling Parties.

2.7.    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or upon further order(s) of the Court.

### C.    Taxes

2.8.    The Settling Parties and the Escrow Agent shall treat the escrow account as a "qualified settlement fund" for purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder.  Lead Counsel shall instruct the Escrow Agent to timely make such elections as are necessary or advisable to carry out the provision of this ¶2.8, including, without limitation, the "relation-back election" described in Treas. Reg. §1.468B-1 back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.

2.9.    Lead Counsel shall be the Escrow Account's "administrator" as that term is used in Treas. Reg. §1.468B-2.  As administrator, the Escrow Agent shall satisfy the administrative requirements imposed by Treas. Reg. §1.468B-2 by, *e.g.*, (i) obtaining a taxpayer identification number, (ii) satisfying any information reporting or withholding requirements imposed on distributions from the Settlement Fund, and (iii) timely and properly filing applicable federal, state or local tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)) and paying any taxes reported thereon.  Such returns (as well as the election described in ¶2.8) shall be consistent with this ¶2.9 and in all events shall reflect that all Taxes, as defined in ¶1.46, on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.10 hereof.

2.10.    All Taxes shall be paid by the Escrow Agent out of the Settlement Fund; in all events neither the Released Defendant Persons nor Defendants' Counsel shall have any liability or responsibility for the Taxes, or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority.  With funds from the Settlement Fund, the Escrow Agent shall indemnify and hold harmless the Released Defendant Persons and Defendants' Counsel for any payment of Taxes.

**D.     Certification, Preliminary Approval Order and Settlement Hearing**

2.11.     The Parties hereby stipulate to certification of the Settlement Class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, solely for purposes of this Stipulation and the Settlement set forth herein.  If the Stipulation is not approved by the Court, however, then (a) Defendants shall retain all rights to (i) object to and oppose class certification, or (ii) challenge the standing of Lead Plaintiff or any other intervening plaintiff; and (b) this Stipulation and any motion or other papers filed in support of its approval shall not be offered as evidence of any agreement, admission or concession that any class should be or remain certified in the Litigation or that any Lead Plaintiff or other Settlement Class Member has standing or any legal right to represent any class.

2.12.     Within ten (10) business days of execution of this Stipulation, Lead Counsel shall submit the Stipulation to the Court and shall apply for entry of an order (the "Preliminary Approval Order") substantially in the form attached hereto as Exhibit A, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, certification of the Settlement Class for settlement purposes only, and approval of notice to the Settlement Class.  Defendants shall not oppose Lead Counsel's appropriate application for entry of the Preliminary Approval Order.  Defendants do not and shall not take any position on the proposed Plan of Allocation.

2.13.     Lead Counsel shall request that the Preliminary Approval Order set forth a date on which the Court will hold a hearing (the "Settlement Hearing") during which Lead Counsel will request that the Court finally approve the Settlement of the Litigation as set forth herein.

2.14.     At the Settlement Hearing, the Settling Parties shall jointly request entry of a Judgment, substantially in the form attached hereto as Exhibit B, which will, among other things:

(a)    finally approve the Settlement as fair, reasonable, and adequate, within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and direct its consummation pursuant to its terms;

(b)    certify a Settlement Class, as defined in ¶1.40 herein, for settlement purposes only;

(c)    direct that the Litigation be dismissed with prejudice; direct that the Settling Parties are to bear their own costs, except as otherwise provided in this Stipulation, and release the Released Claims;

(d)    permanently bar and enjoin the institution and prosecution, by Lead Plaintiff and the Settlement Class Members, of any other action against the Released Defendant Persons in any court asserting any Released Plaintiffs' Claims or by Defendants of any action against the Released Plaintiff Persons asserting any Released Defendants' Claims; provided, however, that the Judgment shall not bar any action or claim to enforce the terms of the Settlement or the Judgment;

(e)    reserve jurisdiction over the Litigation, including all future proceedings concerning the administration, consummation, and enforcement of this Stipulation;

(f)    find that the Complaint in the Litigation was filed on a good faith basis and that the Settling Parties and their respective counsel have complied in all respects with the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Litigation;

(g)    find, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay, and directing entry of a final judgment; and

(h)     contain such other and further provisions consistent with the terms of this Stipulation to which the Settling Parties expressly consent in writing.

2.15.     At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation, Plaintiff's Counsel's Fee and Expense Award, and Lead Plaintiff's Cost and Expense Award.

### 3.     Releases

3.1.     Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members, on behalf of themselves and each of their respective officers, directors, shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, and regardless of whether Lead Plaintiff or any such Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Claim Form, any distribution from the Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Released Defendant Persons and shall have covenanted not to sue the Released Defendant Persons with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, whether on their own behalf or on behalf of any class or any other Person, any Released Plaintiffs' Claim against the Released Defendant Persons; provided, however, that nothing herein shall bar any action or claim to enforce the terms of the Settlement or the Judgment entered pursuant thereto.

3.2.     Upon the Effective Date, each of the Defendants, and each of their respective officers, directors, controlling shareholders, employees, agents, personal

representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against the Released Plaintiff Persons and shall have covenanted not to sue the Released Plaintiff Persons with respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, any Released Defendants' Claim against the Released Plaintiff Persons; provided, however, that nothing herein shall bar any action or claim to enforce the terms of the Settlement or the Judgment entered pursuant thereto.

4.    **Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

4.1.    The Claims Administrator, subject to such supervision and direction of the Court or Lead Counsel as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (defined below) to Authorized Claimants pursuant to the Plan of Allocation. The Released Defendant Persons shall not have any role in, or responsibility or liability to any Person, including without limitation the Settlement Class Members, for the administration of the Settlement or the solicitation, review or evaluation of Claim Forms, nor shall any discovery be taken of Defendants in connection with such matters.

4.2.    For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days of the date of entry of the Preliminary Approval Order, Cerence shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the

Settlement Fund, Lead Counsel, or the Claims Administrator) its reasonably available shareholder lists (consisting of names and addresses) from its transfer agent of the holders of the Cerence common stock during the Settlement Class Period.

4.3.    The Settlement Fund shall be applied as follows:

(a)    to pay the Fee and Expense Award in accordance with ¶¶5.1 and 5.2 below, if and to the extent allowed by the Court, immediately upon the entry of the Court's order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Lead Counsel's obligation to repay those amounts to the Settlement Fund if the fee or cost award is reduced or reversed on appeal;

(b)    to pay any award of reimbursement to the Lead Plaintiff in accordance with ¶¶5.1 and 5.2 below, if and to the extent allowed by the Court, immediately upon the entry of the Court's order awarding such reimbursement;

(c)    to pay all Notice and Administration Expenses;

(d)    to pay the Taxes described in ¶1.46 hereof; and

(e)    to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, and order of the Court.

4.4.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Released Defendant Person, shall be permitted to review, contest, or object to any Claim Form, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.  Lead Counsel shall

have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claim Forms submitted in the interests of achieving substantial justice.

4.5.　　Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed by the Claims Administrator to Authorized Claimants, subject to and in accordance with the following:

(a)　　Within one hundred and twenty (120) calendar days after the Notice Date or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury, and supported by such documents as are specified in the Proof of Claim and Release.

(b)　　The validity of each claim submitted will be initially determined by the Claims Administrator, acting under Lead Counsel's supervision as necessary, in accordance with the Plan of Allocation approved by the Court.  In the event a Claimant disagrees with such determination, the Claimant may elect to submit the dispute to the Court for summary resolution. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to that Claimant's claim against the Net Settlement Fund.

(c)　　Except as otherwise ordered by the Court, any and all Settlement Class Members who fail to timely submit a properly completed and signed Proof of Claim and Release within such period as is ordered by the Court shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth therein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained therein, the

Judgment and all proceedings, rulings, orders, and judgments in the Litigation, including, without limitation, the release of the Released Claims and the dismissal with prejudice of the Litigation. Notwithstanding the foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.

(d)     Lead Counsel, with approval of Lead Plaintiff, shall apply to the Court, on notice to Defendants' Counsel, for an order approving the Claims Administrator's determinations concerning the acceptance or rejection of the submitted Proofs of Claim and Release forms and approving any Notice and Administration Expenses or Taxes not previously applied for and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants substantially in accordance with the plan of allocation approved by the Court (the "Distribution Order"). Any such plan of allocation is not a part of this Stipulation. No funds from the Net Settlement Fund shall be distributed to Authorized Claimants until the Effective Date. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator, no less than six (6) months after the initial distribution, will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that

additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective.  At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to Greater Boston Legal Services, subject to approval by the Court.

(e)      None of the Defendants or Released Persons, nor their counsel, shall have any role in, responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Settlement Fund or Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection with any such matters.  Lead Plaintiff and each Settlement Class Member hereby fully, finally, and forever release, relinquish, and discharge the Released Persons and their counsel from any and all such liability.

(f)      Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Litigation or of the Settlement in connection with the processing of Claim Forms.

4.6.      Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment, if applicable, to be entered in this Litigation

and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Released Defendant Persons with respect to any and all of the Released Plaintiffs' Claims.

4.7.     All proceedings with respect to the administration, processing, and determination of Claims, and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court.  All Settlement Class Members, other Claimants, and Settling Parties expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

4.8.     No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Claims Administrator, or their counsel, officers, or employees, based on the distributions made substantially in accordance with the Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.  No Person shall have any claim against the Released Defendant Persons or their counsel arising from or relating to the management of, distributions from, or the disposition of the Settlement Fund or the Net Settlement Fund, and Lead Plaintiff and each Settlement Class Member hereby fully, finally, and forever release, relinquish, and discharge the Released Defendant Persons and their counsel from any and all such liability.

4.9.     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order, proceeding, or dispute relating to the Plan of Allocation including, but not limited to, those related to adjustments to an Authorized Claimant's claim, shall not operate to terminate or cancel the Stipulation or affect or delay the

finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation. The time to appeal from approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether a Plan of Allocation has been submitted to the Court or has been approved.

4.10. All Persons who fall within the definition of Settlement Class Members shall be subject to and bound by the provisions of this Stipulation, the releases contained herein, and the Judgment with respect to all Released Plaintiffs' Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

## 5. Plaintiff's Counsel's Attorneys' Fees and Expenses

5.1. Lead Counsel will submit an application on behalf of all Plaintiff's Counsel (the "Plaintiff's Counsel's Fee and Expense Application") for distributions to Plaintiff's Counsel from the Settlement Fund for: (a) an award of attorneys' fees not to exceed 25% of the Settlement Fund; plus (b) the reimbursement of reasonable expenses incurred in connection with prosecuting the Litigation (including, but not limited to, the fees and expenses of experts and consultants), plus any interest on such attorneys' fees and expenses at the same rate as earned by the Settlement Fund from the date the Court orders such award until the date paid as may be awarded by the Court. In addition, Lead Plaintiff may submit an application for an award of its reasonable costs and expenses (including lost wages) pursuant to 15 U.S.C. §78u-4(a)(4) ("Lead Plaintiff's Cost and Expense Award").

5.2. Any Fee and Expense Award (including the fees and expenses of experts and consultants, and interest earned thereon) and any Lead Plaintiff's Cost and Expense Award, shall be payable from the Settlement Fund immediately upon the entry of the Court's order

granting such awards, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to appropriate undertakings by Lead Counsel to repay those amounts to the Settlement Fund if such awards are reduced or reversed in whole or in part on appeal or further review. Lead Counsel shall have the authority to allocate the Fee and Expense Award among all Plaintiff's Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation. If, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack or otherwise, the Fee and Expense Award or Lead Plaintiff's Cost and Expense Award is overturned or reduced, or if the Settlement is terminated, not approved by the Court, or otherwise does not become Final and binding upon the Settlement Class for any reason, then, within twenty (20) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction of such event, Lead Counsel shall refund to the Settlement Fund, in an amount consistent with such reversal or modification, the Fee and Expense Award, as well as the Lead Plaintiff's Cost and Expense Award, and in addition shall pay into the Settlement Fund interest on the total amount refunded at the same rate as earned on the Settlement Fund from the time of payment of the Fee and Expense Award and/or the Lead Plaintiff's Cost and Expense Award, whichever is applicable, until the date of refund, in an amount consistent with such reversal or modification. Each Plaintiff's Counsel firm receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that such law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

5.3.    The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application or of any Lead Plaintiff's Cost and Expense Application to be paid out of the Settlement Fund are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation; and any order, proceeding, or dispute relating to any Fee and Expense Application or Lead Plaintiff's Cost and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation or the Settlement or affect or delay the finality of the Judgment approving the Settlement.  None of the Parties may terminate or cancel the Settlement on the basis of the amount of any Fee and Expense Award or Lead Plaintiff's Cost and Expense Award.

5.4.    Defendants, the Released Defendant Persons, and their counsel shall have no responsibility for, and no liability whatsoever with respect to (a) any payment from the Settlement Fund of any type or nature whatsoever, including attorneys' fees and expenses paid to any counsel for Lead Plaintiff or the Settlement Class or any amounts paid to Lead Plaintiff; or (b) the allocation among Plaintiff's Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

**6.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

6.1.    The Effective Date of the Stipulation, and the Settlement incorporated therein, shall be the date on which all of the following conditions of settlement shall have occurred:

(a)    the Court has entered the Preliminary Approval Order, as described in ¶2.12 hereof;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with ¶2.1 hereof;

(c)      the Court has approved the Settlement as described herein, following notice

to the Settlement Class and a Settlement Hearing, as provided by Rule 23 of the Federal Rules of

Civil Procedure; and

(d)      the Court has entered the Judgment, in accordance with ¶2.14 hereof and

the Judgment has become Final, or in the event the Court enters a judgment in a form other than

that provided in ¶2.14 ("Alternative Judgment") and neither Lead Plaintiff nor the Defendants elect

to terminate the Settlement, and such Alternative Judgment becomes Final.

6.2.      Upon the occurrence of all of the events referenced in ¶6.1 hereof, any and

all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely

and forever extinguished.  If any of the conditions specified in ¶6.1(a), ¶6.1(b) or ¶6.1(c) hereof

are not met, or if the conditions in ¶6.1(d) are not met and there is no longer any possibility that

the conditions in ¶6.1(d) can be met, then the Stipulation shall be canceled and terminated in

accordance with ¶6.3 below, unless the Settling Parties, through their counsel, all agree in writing

to proceed with the Settlement.

6.3.      Unless otherwise ordered by the Court, in the event the Effective Date does

not occur or this Stipulation shall terminate, or be canceled, or otherwise fail to become effective

for any reason, then:

(a)      within twenty (20) business days after written notification of such event is

sent by Defendants' Counsel to Lead Counsel, Lead Counsel shall cause the Escrow Agent to

return to Defendants any monies remaining in the Settlement Fund (including accrued interest) as

well as all payments disbursed, including all expenses, costs, and any Fee and Expense Award,

excluding only Notice and Administration Expenses that have either been properly disbursed or

are due and owing pursuant to ¶2.2 and Taxes that have been paid or that have accrued and will be

payable at some later date in accordance with ¶2.10, will be refunded, reimbursed, and repaid by the Escrow Agent in a manner directed by Defendants' Counsel; if said amount or any portion thereof is not returned within such twenty (20) business day period, then interest shall accrue thereon at the same rate as earned by the Settlement Fund from the date of termination until the date that said amount is returned;

(b)    at the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any Tax refund owed on the Settlement Fund and pay the proceeds to Defendants as directed in writing by Defendants' Counsel, after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund;

(c)    the Settling Parties shall be restored to their respective positions in the Litigation as August 22, 2024, with all of their respective claims and defenses preserved as they existed on that date;

(d)    the terms and provisions of the Stipulation, with the exception of this ¶6.3, shall be null and void and shall have no further force and effect with respect to the Settling Parties, and neither the existence nor the terms of this Stipulation (nor any negotiations preceding this Stipulation nor any acts performed pursuant to, or in furtherance of, this Stipulation) shall be used in this Litigation or in any other proceeding for any purpose; and

(e)    any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

6.4.    Cerence, in its sole discretion, may terminate this Stipulation and the Settlement contemplated herein in the event that Persons who otherwise would be Settlement Class Members timely and validly submit requests for exclusion from the Settlement Class ("Request for Exclusion") in accordance with the provisions of the Preliminary Approval Order, and the

31

Termination Threshold, as that term is defined in a separate agreement countersigned simultaneously herewith by Defendants' Counsel and Lead Counsel ("Supplemental Agreement"), is met. The Supplemental Agreement shall not be filed with the Court unless (a) a dispute among the Parties concerning its interpretation arises; or (b) the Court requires it be filed. If either of these circumstances occur, Lead Plaintiff and Defendants shall request that the Supplemental Agreement and/or any of its terms be disclosed only *in camera* to the Court for purposes of approving the Settlement, and that such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement, particularly the Termination Threshold specified in the Supplemental Agreement.

**7.      Miscellaneous Provisions**

7.1.      Within sixty (60) business of the Effective Date, the Settling Parties shall make a good faith effort to destroy all confidential discovery material produced in the Litigation (the "Confidential Discovery Material"). The receiving Party of the Confidential Discovery Material must submit a written certification to the Party that produced it (and, if not the same person or entity, to the party who designated it confidential) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Confidential Discovery Material that was destroyed and (2) affirms that the receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the Settling Parties are under no obligation to destroy copies of Confidential Discovery Material that may exist in electronic form in archives, back-up tapes, or other media that is not readily accessible and Lead Counsel and Defendants' Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Discovery Material.

7.2.     The Settling Parties: (a) acknowledge that it is their intent to consummate the Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish and make effective the foregoing terms and conditions of the Stipulation.

7.3.     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them.  The Settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.

7.4.     The Settling Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Settlement Class Members against Defendants and the Released Defendant Persons with respect to the Released Plaintiffs' Claims, including Unknown Claims.  Accordingly, Lead Plaintiffs and Plaintiff's Counsel and Defendants and Defendants' Counsel agree not to assert in any forum that this action was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis.  No Settling Party or their counsel shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Litigation.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Settling Parties and reflect a Settlement that was reached voluntarily, with the assistance of the Mediator, after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such Party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

7.5.     The Settling Parties agree that, and the Judgment will contain a finding that, during the course of the Litigation, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

7.6.     This Stipulation, whether or not it is consummated, and any of its provisions, any negotiations, proceedings or agreements relating to the Stipulation or the Settlement, and all acts performed or documents executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) shall not be deemed to be or used as an admission of, or evidence of, the validity of any Released Claim, any allegation made in the Litigation, or any wrongdoing or liability of Defendants or any Released Defendant Persons; (b) shall not be deemed to be or used as an admission of, or evidence of, any liability, fault, or omission of any of Defendants or any Released Defendant Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; (c) shall not be deemed to be or used as an admission of, or evidence of any presumption, concession or admission by any of the Released Plaintiff Persons that any of their claims are without merit, that any of the Released Defendant Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; and (d) shall not be construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

7.7.     Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement shall be offered or admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, except that Defendants may file or refer to the Stipulation and/or the Judgment in any action that may be brought against them in order to enforce the releases or other protections granted

herein or to otherwise support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

7.8.    Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

7.9.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside the releases given and the Judgment entered in favor of Defendants and the Released Defendant Persons pursuant to this Stipulation, in which event the releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶6.3 above and any cash amounts in the Settlement Fund (less any Taxes paid, due, or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid, or payable) shall be returned as provided in ¶6.3.

7.10.     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.  After prior notice to the Court, the Settling Parties may agree to reasonable extensions of time to carry out any provisions of this Stipulation.

7.11.     This Stipulation, including its Exhibits and the Supplemental Agreement, constitutes the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Party concerning the Stipulation other than the representations, warranties, and covenants contained and memorialized in such documents.  It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than, or different from, the facts now known to each Party or believed by such Party to be true; each Party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law.  Except as otherwise provided herein, each Party shall bear its own costs.

7.12.     Lead Plaintiff has authorized Lead Counsel to execute this Stipulation on behalf of itself and, to the maximum extent permitted by law, on behalf of the Settlement Class. Lead Plaintiff represents and warrants that none of Lead Plaintiff's claims or causes of action referred to herein or that could have been alleged in the Litigation has been assigned, encumbered, or in any manner transferred in whole or in part.

7.13.     Each counsel or other Person executing the Stipulation and any documents prepared in furtherance of the Stipulation on behalf of any Party hereto, hereby warrants that such Person has the full authority to do so.

7.14. The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. The Settling Parties agree that facsimile or scanned signatures shall have the same force and effect as original signatures.

7.15. The Stipulation shall be binding upon, and inure to the benefit of, the heirs, executors, administrators, trustees, successors and assigns of the Parties, including any corporation or other entity into or with which any Party merges, consolidates, or reorganizes.

7.16. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

7.17. Nothing in this Stipulation, Settlement, or the negotiations or proceedings relating to the foregoing, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, any accountants' privilege, the attorney-client privilege, the joint defense privilege, or the work-product privilege, and all information transmitted between Lead Counsel and Defendants' Counsel in connection with this Settlement shall be inadmissible in any proceeding in any federal or state court or other tribunal or otherwise, in accordance with Rule 408 of the Federal Rules of Evidence as if such Rule applied in all respects in any such proceeding or tribunal.

7.18. Any written notice required pursuant to or in connection with this Stipulation shall be addressed to Defendants' Counsel and Lead Counsel, at the addresses set forth below, and shall be sent by both email and overnight mail.

7.19.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

7.20.     The captions contained in this Stipulation are inserted only as a matter of convenience and in no way define, limit, extend, or describe the scope of the Stipulation or the intent of any provision.

7.21.     This Stipulation and the Settlement contemplated by it shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the Commonwealth of Massachusetts.  Any disputes arising out of or relating to the Stipulation and Settlement, and the rights and obligations of the parties to the Stipulation, shall be construed and enforced in accordance with, and governed by, the substantive laws of the Commonwealth of Massachusetts without giving effect to Massachusetts's choice-of-law or conflict of laws principles, except to the extent that federal law requires that federal law govern.  Any dispute relating to this Stipulation or the Settlement shall be brought exclusively in the U.S. District Court for the District of Massachusetts or, to the extent such court declines jurisdiction, in a Massachusetts state court located in Boston, Massachusetts.

7.22.     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

IN WITNESS WHEREOF, the Parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of September 6, 2024.

**BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP**

By:_____

Hannah G. Ross (*pro hac vice*)
John Rizio-Hamilton (*pro hac vice*)
Michael M. Mathai (*pro hac vice*)

1251 Avenue of the Americas
New York, NY 10020
(212) 554-1400
hannah@blbglaw.com
johnr@blbglaw.com
michael.mathai@blbglaw.com

Jonathan D. Uslaner (*pro hac vice*)
Caitlin C. Bozman (*pro hac vice*)
**BERNSTEIN LITOWITZ BERGER &**
   **GROSSMANN LLP**
2121 Avenue of the Stars, Suite 2575
Los Angeles, CA  90067
(310) 819-3470
jonathanu@blbglaw.com
caitlin.bozman@blbglaw.com


**SAXENA WHITE P.A.**

By:_____
      Steven B. Singer (*pro hac vice*)
      Joshua H. Saltzman (*pro hac vice*)
      Sara DiLeo (*pro hac vice*)
10 Bank Street, 8th Floor
White Plains, New York 10606
(914) 437-8551
ssinger@saxenawhite.com
jsaltzman@saxenawhite.com
sdileo@saxenawhite.com

Maya Saxena (*pro hac vice* forthcoming)
Joseph E. White III (BBO #648498)
**SAXENA WHITE P.A.**
7777 Glades Road, Suite 300
Boca Raton, FL 33434
(561) 394-3399
msaxena@saxenawhite.com
jwhite@saxenawhite.com

*Lead Counsel for Lead Plaintiff*
*Public Employees' Retirement System of*
*Mississippi*

T. Christopher Donnelly (BBO #129930)
Peter E. Gelhaar (BBO #188310)
Peter K. Levitt (BBO #565761)

**DONNELLY, CONROY &**
  **GELHAAR, LLP**
260 Franklin Street, Suite 1600
Boston, Massachusetts 02110
(617) 720-2880
tcd@dcglaw.com
peg@dcglaw.com
pkl@dcglaw.com

*Liaison Counsel for Lead Plaintiff*
*Public Employees' Retirement System of*
*Mississippi*

John L. Davidson (*pro hac vice*)
**DAVIDSON BOWIE, PLLC**
1062 Highland Colony Parkway
200 Concourse, Suite 275
Ridgeland, Mississippi 39157
(601) 932-0028
jdavidson@dbslawfirm.net

*Additional Counsel for Lead Plaintiff*
*Public Employees' Retirement System of*
*Mississippi*

**GOODWIN PROCTER LLP**

By: _Deborah A. Birnbach / jww_

  Deborah S. Birnbach (BBO No. 628243)
  Justin D. Ward (BBO No. 711928)
  Brendan Blake (BBO No. 710755)
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
dbirnbach@goodwinlaw.com
jward@goodwinlaw.com
bblake@goodwinlaw.com

*Counsel for Defendants*

# Exhibit A

**Exhibit A**

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CITY OF MIAMI FIRE FIGHTERS' AND    :
POLICE OFFICERS' RETIREMENT TRUST,     Case No. 1:22-cv-10321-ADB
Individually and on Behalf of All Others    :
Similarly Situated,     Hon. Allison D. Burroughs
   :
        Plaintiff,    :
   :
   v.    :
   :
CERENCE INC., SANJAY DHAWAN, and
MARK J. GALLENBERGER,    :
        Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a securities class action is pending in this Court entitled *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Cerence Inc.*, Case No. 1:22-cv-10321-ADB (D. Mass.) (the "Litigation");

WHEREAS, (a) Public Employees' Retirement System of Mississippi ("Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below); and (b) defendants Cerence Inc. ("Cerence" or the "Company"), Sanjay Dhawan, and Mark J. Gallenberger (collectively, the "Individual Defendants," and, together with Cerence, "Defendants"), have determined to settle all claims asserted against Defendants in the Litigation with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated September 6, 2024 (the "Stipulation"), subject to the approval of this Court (such settlement, the "Settlement");

WHEREAS, Lead Plaintiff has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Proposed Class Certification for Settlement Purposes** – The Parties have proposed the certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement: all Persons who purchased or otherwise acquired Cerence common stock during the Class Period and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Family Members of any Individual Defendant; (iii) any person who is, or was during the Class Period, an officer or director of Cerence; (iv) any affiliates or subsidiaries of Cerence; (v) any entity in which any Defendant has or had a controlling interest during the Class Period; and (vi) the legal representatives, heirs, successors, or assigns of any such excluded persons and entities.  Also excluded from the Settlement Class are any persons and entities that exclude themselves by submitting a request for exclusion that is accepted by the Court.

2. **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of

the proposed Settlement.  Specifically, the Court finds that each element required for certification of the Settlement Class for purposes of the proposed Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met:  (a) the members of the Settlement Class are so numerous that their joinder in the Litigation would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Lead Plaintiff in the Litigation are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation for purposes of the proposed Settlement.

3.        The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that for purposes of the proposed Settlement it will likely be able to certify Lead Plaintiff as Class Representative for the Settlement Class and appoint Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4.        **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.        **<u>Settlement Hearing</u>** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2024 at __:__ _.m. Eastern time, either in person in Courtroom 17 of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210, or by telephone or videoconference (in the discretion of the Court), for the

following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Litigation with prejudice against Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Settlement Class.  Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the settlement website for any change in date, time, or format of the hearing.

7.      **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel are hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)    within five (5) business days of the date of entry of this Order, Cerence shall provide or cause to be provided to the Claims Administrator in electronic format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its reasonably available shareholder lists (consisting of names and addresses) from its transfer agent of the holders of the Cerence common stock during the Class Period;

(b)    not later than ten (10) business days after the date of entry of this Order (the "Notice Date"), the Claims Administrator shall begin mailing the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"),  by first-class mail or email to potential Settlement Class Members at the addresses set forth in the records provided or caused to be provided by Cerence, or who otherwise may be identified through further reasonable effort;

(c)    contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules.  The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.    **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Cerence common stock during the Class Period for the benefit of another person or entity shall:  (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners  and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the

names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners.  Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10.    **CAFA Notice** – Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court.  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

11.    **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Claim Forms must be postmarked or received no later than one hundred twenty (120) calendar days after the Notice Date.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class.  By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12.    Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.    Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Litigation relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendant Persons, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.    **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Cerence Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Cerence Inc.*, Case No. 1:22-cv-10321-ADB (D. Mass.)"; (iii) state the number of shares of Cerence common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on November 16, 2020 and (B) purchased/acquired and/or sold during the Class Period, as well as the date, number of shares, and price of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.  Upon receiving any request for exclusion, Lead Counsel or the Claims Administrator shall provide copies of such request(s) to Defendants' Counsel promptly (and no in event later than three (3) business days after receiving any request for exclusion).

15.    Any person or entity that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement

Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Litigation, and shall not receive any payment out of the Net Settlement Fund.

16.    Any Settlement Class Member that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Litigation, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Persons, as more fully described in the Stipulation and Notice.

17.    Any Person who is excluded from the Class by virtue of having submitted a valid and timely request for exclusion may, at any point up to the day of the Settlement Hearing, submit a written revocation of request for exclusion following the same instructions in Paragraph 14 above.

18.    **<u>Appearance and Objections at Settlement Hearing</u>** – Any Settlement Class Member that does not request exclusion from the Settlement Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 19 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the

Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

19.     Any Settlement Class Member that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Lead Counsel and Defendants' Counsel shall promptly furnish each other with copies of any objections that they receive.

| **Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP | Goodwin Procter LLP |
| John Rizio-Hamilton, Esq. | Deborah S. Birnbach |
| 1251 Avenue of the Americas | 100 Northern Avenue |
| New York, NY 10020 | Boston, MA 02210 |

-and-

Saxena White P.A.
Joshua H. Saltzman, Esq.
10 Bank Street, 8th Floor
White Plains, NY 10606

20.     Any objections, filings, and other submissions by the objecting Settlement Class Member:  (a) must identify the case name and docket number, *City of Miami Fire Fighters' and*

11

*Police Officers' Retirement Trust v. Cerence Inc.*, Case No. 1:22-cv-10321-ADB (D. Mass.); (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (d) must state the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case; and (e) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Cerence common stock that the objecting Settlement Class Member (A) owned as of the opening of trading on November 16, 2020 and (B) purchased/acquired and/or sold during the Class Period, as well as the date, number of shares, and price of each such purchase/acquisition and sale.  The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

21.    Any Settlement Class Member that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect

of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

22.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Litigation other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins all Settlement Class Members and anyone who acts or purports to act on their behalf from instituting, commencing, asserting, or prosecuting, or attempting to prosecute any Released Plaintiffs' Claim, in any capacity, against any Released Defendant Person in any court or tribunal or proceeding, and all Defendants and anyone who acts or purports to act on their behalf from instituting, commencing, asserting, or prosecuting, or attempting to prosecute any Released Defendants' Claim, in any capacity, against any Released Plaintiff Person in any court or tribunal or proceeding.

23.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement up to $300,000 shall be paid as set forth in the Stipulation without further order of the Court.

24.    **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia*

*legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25. **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Litigation on August 22, 2024, as provided in the Stipulation.

27. **No Liability of Defendants for Settlement Administration** – Except for the obligations to cooperate in the production of reasonably available information with respect to the identification of Settlement Class Members from Defendants' transfer agent records, in no event shall the Defendants or any Released Defendant Persons have any responsibility for the administration of the Settlement, and neither the Defendants nor any of the Released Defendant Persons shall have any obligation or liability to the Lead Plaintiff, Settlement Class Members, Released Plaintiff Persons, or Plaintiff's Counsel in connection with such administration.

28. **Use of this Order** – This Order, the Stipulation, and any of its provisions, any negotiations, proceedings or agreements relating to the Stipulation or the Settlement, and all acts

performed or documents executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) shall not be deemed to be or used as an admission of, or evidence of, the validity of any Released Claim, any allegation made in the Litigation, or any wrongdoing or liability of Defendants or any Released Defendant Persons; (b) shall not be deemed to be or used as an admission of, or evidence of, any liability, fault, or omission of any of Defendants or any Released Defendant Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; (c) shall not be deemed to be or used as an admission of, or evidence of any presumption, concession or admission by any of the Released Plaintiff Persons that any of their claims are without merit, that any of the Released Defendant Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; and (d) shall not be construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

29.     Neither this Order, the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall be offered or admissible in any proceeding for any purpose, except that, if the Settlement is approved, the Parties may do so to enforce the terms of the Settlement and Defendants may file or refer to the Stipulation and/or the Judgment in any action that may be brought against them in order to enforce the releases or other protections granted herein or to otherwise support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

30.    **Supporting Papers** – Lead Counsel shall file and serve their opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

SO ORDERED this _____ day of _____, 2024.


_____
The Honorable Allison D. Burroughs
United States District Judge

#3497751

# Exhibit A-1

**Exhibit A-1**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CITY OF MIAMI FIRE FIGHTERS' AND
POLICE OFFICERS' RETIREMENT TRUST,
Individually and on Behalf of All Others
Similarly Situated,

                    Plaintiff,

    v.

CERENCE INC., SANJAY DHAWAN, and
MARK J. GALLENBERGER,

                 Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

:
:
:
:
:
:
:
:
:
:
:
:
:

Case No. 1:22-cv-10321-ADB

Hon. Allison D. Burroughs

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND
## PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND
## (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Litigation") pending in the United States District Court for the District of Massachusetts ("Court"), if you purchased or otherwise acquired the common stock of Cerence Inc. ("Cerence" or the "Company") during the period from November 16, 2020 through February 4, 2022, inclusive (the "Class Period").[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff Public Employees' Retirement System of Mississippi ("Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in ¶ 20 below), has reached a proposed settlement of the Litigation with Defendants (defined below) for **$30,000,000** in cash that, if approved, will resolve all claims in the Litigation (the "Settlement").  This Notice is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the Litigation.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated September 6, 2024 ("Stipulation"), which is available at www.CerenceSecuritiesLitigation.com.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 70 below).**

1.    **Description of the Litigation and the Settlement Class:**  This Notice relates to the proposed Settlement of claims in a pending putative securities class action brought by investors against Cerence and certain of its executives. The Defendants are Cerence; Sanjay Dhawan, Cerence's Chief Executive Officer until his resignation on December 15, 2021; and Mark J. Gallenberger, Cerence's Chief Financial Officer until his resignation on February 7, 2022. Lead Plaintiff alleges that Defendants violated the federal securities laws by making false and misleading statements and omissions about Cerence's business, including a purported scheme to pull forward revenues from future quarters to meet Cerence's revenue guidance. A more detailed description of the Litigation is set forth in ¶¶ 11-19 below. Throughout this Litigation, Defendants have denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants have expressly denied, and continue to deny, that they have committed any act or omission giving rise to any liability. Specifically, Defendants expressly have denied, and continue to deny, each and all of the claims alleged by Lead Plaintiff in the Litigation including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied, and continue to deny, among other allegations, the allegations that Lead Plaintiff or the Settlement Class Members have suffered any damages, that Defendants made any material misrepresentations or omissions, or that Lead Plaintiff or the Settlement Class Members were harmed by the conduct alleged in the Litigation or that could have been alleged as part of the Litigation. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation. The Settlement, if approved by the Court, will settle the claims of the Settlement Class, as defined in ¶ 20 below.

2.    **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, have agreed to settle the Litigation in exchange for a settlement payment of $30,000,000 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration Expenses; (iii) any litigation expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

3.    **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiff's damages expert's estimate of the number of shares of Cerence common stock purchased or otherwise acquired during the Class Period that may have been affected by the alleged conduct at issue in the Litigation, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery per eligible share of Cerence common stock (before

the deduction of any Court-approved fees, expenses, and costs as described herein) is approximately $1.12 per share. **Settlement Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Settlement Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired shares of Cerence common stock; (ii) whether they sold their shares of Cerence common stock and, if so, when; and (iii) the total number and value of valid Claims submitted to participate in the Settlement. Distributions to Settlement Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:** The Parties do not agree on the amount of damages per share of Cerence common stock that would be recoverable if Lead Plaintiff were to prevail in the Litigation. Among other things, Defendants do not agree that they violated the federal securities laws or that, even if liability could be established, any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought:** Lead Counsel have not received any payment of attorneys' fees for their representation of Lead Plaintiff and the Settlement Class in the Litigation and have advanced the funds to pay expenses incurred to prosecute this Litigation with the expectation that if they were successful in recovering money for the Settlement Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation. Prior to the final Settlement Hearing, Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") and Saxena White P.A. ("Saxena White"), will apply to the Court for an award of attorneys' fees on behalf of all Plaintiff's Counsel[2] in an amount not to exceed 25% of the Settlement Fund. In addition, Lead Counsel will apply for litigation expenses incurred by Plaintiff's Counsel in connection with the institution, prosecution, and resolution of the Litigation, in an amount not to exceed $300,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost per eligible share of Cerence common stock, if the Court approves Lead Counsel's attorneys' fees and expense application, is approximately $0.29 per share. **Please note that this amount is only an estimate.**

6. **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are represented by John Rizio-Hamilton, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com; and Joshua H. Saltzman, Esq. of Saxena White P.A., 10 Bank Street, 8th Floor, White Plains, NY 10606; (914) 437-8551; jsaltzman@saxenawhite.com.

7. **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the immediate cash benefit for the Settlement Class without the risk or the delays and costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or no recovery at all – might be achieved after a motion for summary judgment, a trial of the Litigation, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants are entering

---

[2] Plaintiff's Counsel are Lead Counsel BLB&G and Saxena White; Liaison Counsel Donnelly, Conroy & Gelhaar, LLP; and additional counsel for Lead Plaintiff, Davidson Bowie, PLLC.

into this Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever, or any infirmity in the defenses that Defendants have or could have asserted.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
| --- | --- |
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____, 2025.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 33 below) that you have against Defendants and the other Released Defendant Persons (defined in ¶ 34 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that may allow you to ever be part of any other lawsuit against Defendants or Released Defendant Persons concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the requested attorneys' fees and litigation expenses, you may object by writing to the Court and explaining why you do not like them. You cannot object unless you are a member of the Settlement Class and do not exclude yourself from the Settlement Class. |
| **ATTEND A HEARING ON _____, 2024 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2024.** | Filing a written objection and notice of intention to appear by _____, 2024 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the motion for attorneys' fees and litigation expenses. In the Court's discretion, the _____, 2024 hearing may be conducted by telephone or videoconference (see ¶¶ 60-61 below). If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

These rights and options – and the deadlines to exercise them – are further explained in this Notice. **Please Note**: The date and time of the Settlement Hearing – currently scheduled for _____, 2024 at __:__ _.m. – is subject to change without further notice to the Settlement Class.  It is also within the Court's discretion to hold the hearing in person or telephonically.  If you plan to attend the hearing, you should check the Settlement website, www.CerenceSecuritiesLitigation.com, or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice?                                                      Page __
What Is This Case About?                                                        Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class?                                    Page __
What Are Lead Plaintiff's Reasons For The Settlement?                           Page __
What Might Happen If There Were No Settlement?                                  Page __
How Are Settlement Class Members Affected By The Litigation
    And The Settlement?                                                        Page __
How Do I Participate In The Settlement?  What Do I Need To Do?                  Page __
How Much Will My Payment Be?                                                    Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid?                                              Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself?                                                    Page __
When And Where Will The Court Decide Whether To Approve The
    Settlement? Do I Have To Come To The Hearing?  May I Speak
    At The Hearing If I Don't Like The Settlement?                             Page __
What If I Bought Shares Of Cerence Common Stock On
    Someone Else's Behalf?                                                     Page __
Can I See The Court File?  Whom Should I Contact If I Have
    Questions?                                                                 Page __
Proposed Plan of Allocation of Net Settlement Fund Among
    Authorized Claimants                                                       Appendix A

| WHY DID I GET THIS NOTICE? |
|---|

8.      The Court authorized that this Notice be sent to you because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired shares of Cerence common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you (if you are a Settlement Class Member) might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and litigation expenses (the "Settlement Hearing"). *See* ¶¶ 60-61 below for details about the Settlement Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time.

## WHAT IS THIS CASE ABOUT?

11.    Cerence is a corporation organized under the laws of Delaware, with its principal place of business in Massachusetts. Cerence's common stock trades on the NASDAQ under the ticker symbol "CRNC." Cerence builds AI powered virtual assistants for the mobility/transportation market. In the Litigation, Lead Plaintiff alleges that Defendants made misrepresentations and omissions concerning a purported scheme to pull forward revenues from future quarters to meet Cerence's revenue guidance by entering into a large number of fixed license deals that were not in the best interests of the Company and its shareholders, and had an alleged negative impact on the Company's financial condition and business.

12.    On February 25, 2022, the City of Miami Fire Fighters' and Police Officers' Retirement Trust filed a securities class action complaint in the Court titled *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Cerence Inc.*, Case No. 1:22-cv-10321-ADB (D. Mass.). On May 12, 2022, the Court appointed the Public Employees' Retirement System of Mississippi as Lead Plaintiff, and appointed Bernstein Litowitz Berger & Grossmann LLP and Saxena White P.A. as Lead Counsel.

13.    On July 26, 2022, Lead Plaintiff filed an Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") against Defendants. The Complaint alleges, among other things, that Defendants made misrepresentations and omissions concerning a purported scheme to pull forward revenues from future quarters to meet Cerence's revenue guidance. The Complaint asserts claims for damages under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder against all Defendants, and under Section 20(a) of the Securities Exchange Act of 1934 against Defendants Dhawan and Gallenberger.

14.    On September 9, 2022, Defendants filed their Motion to Dismiss the Complaint. The motion was fully briefed, and on March 25, 2024, the Court issued an Order granting in part and denying in part Defendants' Motion to Dismiss the Complaint. On April 15, 2024, Defendants filed their Answer to the Complaint, denying that Lead Plaintiff has asserted any valid claims as to any of the Defendants and asserting various affirmative defenses. On May 7, 2024, the Court entered a proposed schedule submitted by the Settling Parties.

15.     During the course of the Litigation, the Parties engaged in substantial discovery, which included the production by Defendants of over 100,000 pages of documents, exchanging initial disclosures, and responding to requests for production of documents and interrogatories.

16.     On August 14, 2024, the Parties participated in an all-day mediation session before Greg Danilow of Phillips ADR Enterprises (the "Mediator") in New York.  Prior to the mediation, the Parties exchanged mediation statements, including voluminous exhibits and supplemental materials. The Parties did not reach an agreement to settle the Litigation during the August 14, 2024 mediation.

17.     After the mediation, however, the Parties continued to engage in settlement negotiations with the assistance of the Mediator and ultimately reached an agreement in principle to settle the Litigation for $30,000,000 on August 22, 2024.  The agreement was based on a mediator's recommendation made by Mr. Danilow.

18.     The Parties subsequently negotiated and executed the Stipulation and Agreement of Settlement (the "Stipulation") on September 6, 2024, which sets forth the full terms and conditions of the Settlement. The Stipulation can be viewed at www.CerenceSecuritiesLitigation.com.

19.     On _____, 2024, the Court preliminarily approved the Settlement, authorized notice of the Settlement to potential Settlement Class Members and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

20.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded from the Settlement Class. The Settlement Class certified by the Court solely for purposes of effectuating the Settlement consists of:

> all Persons who purchased or otherwise acquired Cerence common stock during the period from November 16, 2020 through February 4, 2022, inclusive, and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Family Members of any Individual Defendant; (iii) any person who is, or was during the Class Period, an officer or director of Cerence; (iv) any affiliates or subsidiaries of Cerence; (v) any entity in which any Defendant has or had a controlling interest during the Class Period; and (vi) the legal representatives, heirs, successors, or assigns of any such excluded persons and entities. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page __ below.

**Please note:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive proceeds from the Settlement.**

**If you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the**

required supporting documentation postmarked (if mailed), or online, no later than _____, 2025.

| **WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?** |
| --- |

21.     Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the significant expense and length of the continued proceedings that would be necessary to pursue their claims against Defendants through the completion of discovery, certification of the class, summary judgment, trial, and appeals, as well as the substantial risks they would face in establishing liability and damages and in recovering a substantial judgment against Defendants.

22.     Defendants have argued, and would continue to argue, that they did not violate the federal securities laws. Among other things, Defendants have argued, and would continue to argue, that (1) they did not make any false or misleading statements, (2) they did not act with "scienter," or fraudulent intent, and (3) Lead Plaintiff could not prove damages or loss causation with respect to any alleged false or misleading statements.

23.     For example, Defendants would continue to assert that they made no false or misleading statements regarding their use of fixed contracts. Defendants had argued, and would continue to argue, that Cerence accurately disclosed its revenue from fixed contracts during each quarter, such that no investor could have been misled by Cerence's use of those contracts. Indeed, the Court's motion to dismiss order—while allowing the case to proceed—dismissed many of the false statements alleged in the Complaint, including all of the statements made by Defendant Dhawan. Additionally, the Court specifically noted in its motion to dismiss order that even the sustained statements were a "close call" and "would be scrutinized closely for purposes of any summary judgment motion."

24.     Defendants also would continue to argue that they did not act with fraudulent intent, and that there was no scheme in place to defraud investors. Defendants would continue to assert, among other things, that the challenged statements reflected the honestly held beliefs and expectations of Defendants Gallenberger and Dhawan about Cerence's fixed contracts at the time those statements were made, and that by accurately disclosing Cerence's revenue from fixed contracts every quarter, Defendants Gallenberger and Dhawan showed an intent to be transparent with investors.

25.     Lead Plaintiff also faced risks with respect to proving loss causation. Specifically, Defendants challenged whether the alleged corrective disclosures were sufficiently connected to the alleged false and misleading statements concerning the alleged revenue acceleration scheme, such that those statements could be considered the cause of any damages to the Settlement Class. In addition, Defendants vigorously disputed what portion (if any) of Cerence's stock price declines following each of the alleged corrective disclosures was attributable to the disclosure of the alleged revenue acceleration scheme.

26.     Finally, Lead Plaintiff faced a possibility that any available recovery would be reduced, including because Defendants' remaining available insurance was being consumed by

the ongoing litigation. The proposed Settlement avoids these risks and, if approved, will provide a prompt and certain benefit to the Settlement Class.

27.     In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $30,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Litigation would produce a smaller, or no, recovery after full discovery, a class certification motion, summary judgment, trial, and appeals, possibly years in the future.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

28.     If there were no Settlement, and Lead Plaintiff failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in establishing any of their defenses either at summary judgment, at trial, or on appeal, the Settlement Class could recover less than the amount provided in the Settlement, or nothing at all.  Further, even if Plaintiffs were successful in establishing every element of their claims, defeating all of Defendants' defenses, and proving 100% of their asserted damages, there is a possibility that any available recovery would be smaller than the Settlement Amount, including because available insurance funds would be reduced by ongoing litigation.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE LITIGATION AND THE SETTLEMENT?

29.     As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice and at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page ___ below.

30.     If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you must exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page ___ below.

31.     If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page ___ below.

32.     If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice

the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves and each of their respective officers, directors, shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, and regardless of whether Lead Plaintiff or any such Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Claim Form, any distribution from the Settlement Fund, will have fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims (as defined in ¶ 33 below) against the Released Defendant Persons (as defined in ¶ 34 below), and shall have covenanted not to sue the Released Defendant Persons with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, whether on their own behalf or on behalf of any class or any other Person, any Released Plaintiffs' Claim against the Released Defendant Persons; provided, however, that nothing herein shall bar any action or claim to enforce the terms of the Settlement or the Judgment entered pursuant thereto.

33.    "Released Plaintiffs' Claims" means any and all claims or causes of action of every nature and description, known or unknown, contingent or non-contingent, whether suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, at law or in equity, including Unknown Claims, that Lead Plaintiff or any other member of the Settlement Class (a) asserted in the Complaint or any other complaints previously filed in the Litigation, or (b) could have asserted in any forum that arise out of or relate to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or any other complaints previously filed in the Litigation and that relate to the purchase of Cerence common stock during the Class Period. Notwithstanding any other language herein to the contrary, Released Plaintiffs' Claims shall not include (a) any claims to enforce the terms of the Settlement or the Judgment entered pursuant thereto; or (b) any claims asserted in any shareholder derivative action, including *In re Cerence Stockholder Derivative Litigation*, Case No. 1:22-cv-10723-ADB (D. Mass.) and *Morse v. Dhawan et al.*, Case No. 1:22-cv-10737-ADB (D. Mass.).

34.    "Released Defendant Person(s)" means each and all of the Defendants and any of their respective past or present parent entities, affiliates, divisions, subsidiaries or Immediate Family Members, and each and all of the foregoing's respective past, present, or future officers, directors, controlling stockholders, agents, representatives, employees, attorneys, advisors, consultants, accountants, investment bankers, underwriters, brokers, dealers, lenders, insurers, co-insurers, reinsurers, heirs, executors, principals, managing directors, managing agents, joint ventures, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns, in their capacities as such.

35.    "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this Settlement. With

respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent in effect to California Civil Code § 1542. Lead Plaintiff, Defendants, and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff and Defendants shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

36.    Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, and each of their respective officers, directors, controlling shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, will have fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (as defined in ¶ 37 below) against the Released Plaintiff Persons (as defined in ¶ 38 below), and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, any Released Defendants' Claim against the Released Plaintiff Persons; provided, however, that nothing herein shall bar any action or claim to enforce the terms of the Settlement or the Judgment entered pursuant thereto.

37.    "Released Defendants' Claims" means any and all claims or causes of action of every nature and description, known or unknown, contingent or non-contingent, whether suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, at law or in equity, including Unknown Claims, arising out of, relating to, or in connection with, the institution, prosecution, or settlement of the Litigation or the Released Plaintiffs' Claims. Notwithstanding any other language herein to the contrary, Released Defendants' Claims shall not include any claims to enforce the terms of the Settlement or the Judgment entered pursuant thereto.

38.    "Released Plaintiff Person(s)" means each and all of Lead Plaintiff, Plaintiff's Counsel, all Settlement Class Members, and any of their respective past or present parent entities, affiliates, divisions, subsidiaries or Immediate Family Members, and each and all of the

11

foregoing's respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, advisors, consultants, accountants, investment bankers, underwriters, brokers, dealers, lenders, insurers, co-insurers, reinsurers, heirs, executors, principals, managing directors, managing agents, joint ventures, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns, in their capacities as such.

---

### HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

39.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online at www.CerenceSecuritiesLitigation.com, no later than _____, 2025*. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator, www.CerenceSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-411-4801, or by emailing the Claims Administrator at info@CerenceSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in Cerence common stock, as they may be needed to document your Claim.** If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

---

### HOW MUCH WILL MY PAYMENT BE?

40.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

41.     Pursuant to the Settlement, Cerence and its insurers shall pay or cause to be paid $30,000,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Expenses; (iii) any litigation expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

42.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

43.     Neither Defendants, Released Defendant Persons, nor any other person or entity who or which paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or Judgment approving the Settlement becomes Final. Defendants and the other Released Defendant Persons shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

44.     Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

45.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (if mailed), or online, on or before _____, 2025 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 33 above) against the Released Defendant Persons (as defined in ¶ 34 above) and will be permanently barred and enjoined from bringing any Released Plaintiffs' Claims against the Released Defendant Persons, whether or not such Settlement Class Member submits a Claim Form.

46.     Participants in and beneficiaries of any employee retirement and/or benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to shares of Cerence common stock purchased/acquired through the ERISA Plan in any Claim Form they submit in this Litigation. They should include ONLY those eligible shares of Cerence common stock purchased/acquired during the Class Period outside of an ERISA Plan. Claims based on any ERISA Plan's purchases/acquisitions of Cerence common stock during the Class Period may be made by the plan's trustees.

47.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

48.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

49.     Only Settlement Class Members, *i.e.*, persons and entities who purchased Cerence common stock during the Class Period, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities who are excluded from the Settlement Class by definition or who exclude themselves from the Settlement Class pursuant to an exclusion request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only security that is included in the Settlement is Cerence common stock.

50.     **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff. At the Settlement Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

| **WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?** |
| --- |

51.     Plaintiff's Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class; nor have Plaintiff's Counsel been paid for their litigation expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intend to apply for payment from the Settlement Fund of Plaintiff's Counsel's litigation expenses and may apply for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to

its representation of the Settlement Class, in a total amount not to exceed $300,000. The Court will determine the amount of any award of attorneys' fees or expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

> ### WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

52.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit related to the Settlement, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *Cerence Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The request for exclusion must be ***received* no later than _____, 2024**. You will not be able to exclude yourself from the Settlement Class after that date.

53.     Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in in *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Cerence Inc.*, Case No. 1:22-cv-10321-ADB (D. Mass.)"; (iii) state the number of shares of Cerence common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on November 16, 2020 and (B) purchased/acquired and/or sold during the Class Period (from November 16, 2020 through February 4, 2022, inclusive), as well as the date, number of shares, and price of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.

54.     A request for exclusion shall not be valid and effective unless it provides all the information called for in ¶ 53 and is received within the time stated above, or is otherwise accepted by the Court.

55.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Released Defendant Persons. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendant Persons concerning the Released Plaintiffs' Claims.

56.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

57.     Any Person who is excluded from the Class by virtue of having submitted a valid and timely request for exclusion may, at any point up to the day of the Settlement Hearing, submit a written revocation of request for exclusion following the same instructions in ¶ 52 above.

58.     Cerence has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by the Parties.

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

59. **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

60. <u>**Please Note**</u>: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. The Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.CerenceSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.CerenceSecuritiesLitigation.com. If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the Settlement website, www.CerenceSecuritiesLitigation.com.**

61. The Settlement Hearing will be held on _____, 2024 at __:__ _.m., before the Honorable Allison D. Burroughs, either in person at the United States District Court for the District of Massachusetts, Courtroom 17 of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, or by telephone or videoconference (in the discretion of the Court) for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Litigation with prejudice against Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and litigation expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for attorneys' fees and litigation expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

62. Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and litigation expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Massachusetts at the address set forth below as well as serve copies on Lead Counsel and Defendants' Counsel at the addresses set forth below ***on or before _____, 2024***.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court | Bernstein Litowitz Berger & | Goodwin Procter LLP |
| District of Massachusetts | Grossmann LLP | Deborah S. Birnbach, Esq. |
| John Joseph Moakley | John Rizio-Hamilton, Esq. | 100 Northern Avenue |
| U.S. Courthouse | 1251 Avenue of the Americas | Boston, MA 02210 |
| 1 Courthouse Way | New York, NY 10020 | |
| Boston, MA 02210 | | |

-and-

Saxena White P.A.
Joshua H. Saltzman, Esq.
10 Bank Street, 8th Floor
White Plains, NY 10606

63.     Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must identify the case name and docket number, *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Cerence Inc.*, Case No. 1:22-cv-10321-ADB (D. Mass.); (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (d) must state the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case; and (e) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Cerence common stock that the objecting Settlement Class Member (A) held as of the opening of trading November 16, 2020 and (B) purchased/acquired and/or sold during the Class Period (from November 16, 2020 through February 4, 2022, inclusive), as well as the date, number of shares, and price of each such purchase/acquisition and sale. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

64.     **You may not object to the Settlement, Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and litigation expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.**

65.     You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless (i) you first submit a written objection in accordance with the procedures described above and (ii) you first submit your notice of appearance in accordance with the procedures described below; unless the Court orders otherwise.

66.     If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and litigation

16

expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 62 above so that it is *received* **on or before _____, 2024**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

67.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 62 above so that the notice is *received* **on or before _____, 2024**.

68.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and litigation expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I BOUGHT SHARES OF CERENCE COMMON STOCK ON SOMEONE ELSE'S BEHALF?

69.    If you purchased or otherwise acquired Cerence common stock during the period from November 16, 2020 through February 4, 2022, inclusive, for the beneficial interest of a person or entity other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form ("Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to *Cerence Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173038, Milwaukee, WI 53217. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may be obtained from the Settlement website, www.CerenceSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-877-411-4801, or by emailing the Claims Administrator at info@CerenceSecuritiesLitigation.com.

## CAN I SEE THE COURT FILE? WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

70.    This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.CerenceSecuritiesLitigation.com. Copies of any related orders entered by the Court and

certain other filings in this Litigation will be also posted on this website. More detailed information about the matters involved in this Litigation can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.mad.uscourts.gov/, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Cerence Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173038
Milwaukee, WI  53217

1-877-411-4801
info@CerenceSecuritiesLitigation.com
www.CerenceSecuritiesLitigation.com

and/or

| John Rizio-Hamilton, Esq. | Joshua H. Saltzman, Esq. |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP | Saxena White P.A. |
| 1251 Avenue of the Americas | 10 Bank Street, 8th Floor |
| New York, NY 10020 | White Plains, NY 10606 |
| 1-800-380-8496 | (914) 437-8551 |
| settlements@blbglaw.com | jsaltzman@saxenawhite.com |

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2024

By Order of the Court
United States District Court
for the District of Massachusetts

# APPENDIX A

## Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants

71.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiff after consultation with its damages expert. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification to the Plan of Allocation will be posted on the website www.CerenceSecuritiesLitigation.com. No Defendant, nor any other Released Defendant Person, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Plan of Allocation.

72.     The Settlement Amount of $30,000,000.00 together with any interest earned thereon is the "Settlement Fund." The Settlement Fund, less (i) any Taxes; (ii) any Notice and Administration Expenses; (iii) any litigation expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court (the "Net Settlement Fund") shall be distributed to Settlement Class Members who submit timely and valid Claim Forms to the Claims Administrator ("Authorized Claimants").

73.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Settlement Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

74.     In this case, Lead Plaintiff alleges that Defendants made materially false and misleading statements and omissions during the Class Period, which had the effect of artificially inflating the trading price of Cerence stock. Lead Plaintiff alleges that corrective information allegedly impacting the price of Cerence stock was released to the market and resulted in potentially recoverable damages ("corrective disclosure") on November 22, 2021, December 15, 2021, and February 7, 2022. The Plan of Allocation is intended to compensate investors who purchased or otherwise acquired Cerence stock during the Class Period, held through the issuance of at least one alleged corrective disclosure, and have a "Recognized Loss Amount" as described below.[3]

75.     The Plan of Allocation is not a formal damage analysis. The Recognized Loss Amount is not intended to estimate the amount a Settlement Class Member may have been able to recover after a trial, nor to estimate the amount the Settlement Class Member will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. The allocation below is based on the alleged inflation per share amounts for Class Period share purchases and sales as determined by Lead Plaintiff's damages expert, as well as the statutory limitations of the Private Securities Litigation Reform Act of 1995 ("PSLRA").[4]

---

[3] Any transactions in Cerence stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

[4] The PSLRA, 15 U.S.C. 78u-4(e), provides that "[i]n any private action arising under [the Securities Exchange Act of 1934] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date

76.     The Plan of Allocation was developed in consultation with Lead Plaintiff's damages expert. In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the estimated amount of alleged artificial inflation in the price of Cerence stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions the Court previously found to be adequately alleged. In calculating the estimated impact allegedly caused by those misrepresentations and omissions, Lead Plaintiff's damages expert considered the price changes in Cerence stock in reaction to the public disclosures that allegedly corrected the alleged misrepresentation or omissions, adjusting the price change for factors that were attributable to market or industry forces.

77.     In order to have recoverable damages under the federal securities laws, disclosures relating to the alleged misrepresentations and/or omissions must be a cause of the decline in the price of the security.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

78.     Based on the formulas stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of Cerence stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

79.     For each share of Cerence common stock purchased or otherwise acquired from November 16, 2020 through February 4, 2022, and:

(a)     sold prior to November 22, 2021, the Recognized Loss Amount will be $0.00;

(b)     sold from November 22, 2021 through February 4, 2022, inclusive, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in alleged inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus the sale price;

(c)     sold from February 5, 2022 through and including the close of trading on May 6, 2022, the Recognized Loss Amount will be ***the least of***: (i) the decline in alleged inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between February 7, 2022 and the date of sale as stated in Table 2 below;

(d)     held as of the close of trading on May 6, 2022, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in alleged inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus $34.84, the average closing price for Cerence stock between February 7, 2022 and May 6, 2022 (the last entry in Table 2 below).

---

on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the PSLRA, Recognized Loss Amounts for Cerence stock are reduced to an appropriate extent by taking into account the closing prices of Cerence stock during the 90-day look-back period. The mean (average) closing price for Cerence stock during this 90-day look-back period was $34.84 per share as shown in Table 2.

## ADDITIONAL PROVISIONS

80.    **Calculation of Claimant's "Recognized Claim":** A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of their Recognized Loss Amounts.

81.    **FIFO Matching:** For Settlement Class Members who held Cerence stock at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions and sales for purposes of calculating a claim. Under the FIFO method, sales of Cerence stock during the Class Period will be matched, in chronological order, first against any Cerence stock held at the beginning of the Class Period. The remaining sales of Cerence stock during the Class Period will then be matched, in chronological order, against Cerence stock purchased or acquired during the Class Period.

82.    A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in Cerence stock described above during the Class Period are subtracted from all losses. However, the proceeds from sales of Cerence stock that have been matched against Cerence stock held at the beginning of the Class Period will not be used in the calculation of such net loss.

83.    If a claimant suffered an overall market loss with respect to their overall transactions in Cerence stock during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to a claimant's overall transactions of Cerence stock during the Class Period, the Claims Administrator will determine the difference between the claimant's (i) Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Holding Value.[7]

84.    **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

---

[5] The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Cerence stock purchased or otherwise acquired during the Class Period.

[6] The Claims Administrator will match any sales of Cerence stock from the start of the Class Period through and including the close of trading on February 4, 2022 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Cerence stock sold from the start of the Class Period through and including the close of trading on February 4, 2022 will be the "Total Sales Proceeds."

[7] The Claims Administrator will ascribe a "Holding Value" equal to $43.61 for each share of Cerence stock purchased or acquired during the Class Period and still held as of the close of trading February 4, 2022.

85.     If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

86.     A purchase, acquisition or sale of Cerence stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Cerence stock during the Class Period shall not be deemed a purchase, acquisition or sale of Cerence stock for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such share unless specifically provided in the instrument of gift or assignment. The receipt of Cerence stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or acquisition of Cerence stock.

87.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Cerence stock. The date of a "short sale" is deemed to be the date of sale of Cerence stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Cerence stock, their earliest Class Period purchases or acquisitions of Cerence stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

88.     Option contracts to purchase or sell Cerence common stock are not securities eligible to participate in the Settlement. With respect to Cerence common stock purchased or sold through the exercise of an option, the purchase/sale date of the Cerence common stock is the exercise date of the option, and the purchase/sale price is the exercise price of the option.

89.     Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Authorized Claimants. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to Greater Boston Legal Services, subject to approval by the Court.

90.     Please contact the Claims Administrator or Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

91.     The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

92.     Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the

payment of any claim. No Person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, the Claims Administrator, or other Person designated by Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

**TABLE 1**

**Decline in Alleged Inflation Per Share by Date of Purchase and Date of Sale**

| Purchase Date | Sale Date | | | |
|---|---|---|---|---|
| | 11/16/2020 - 11/21/2021 | 11/22/2021 - 12/14/2021 | 12/15/2021 - 2/4/2022 | Sold on or Retained Beyond 2/7/2022 |
| 11/16/2020 - 11/21/2021 | $0.00 | $18.53 | $29.44 | $49.60 |
| 11/22/2021 - 12/14/2021 | | $0.00 | $10.91 | $31.07 |
| 12/15/2021 - 2/4/2022 | | | $0.00 | $20.16 |
| Purchased on or Beyond 2/7/2022 | | | | $0.00 |

**TABLE 2**

**Cerence Stock Closing Prices and Average Closing Prices**

| Date | Closing Price | Average Closing Price Between February 7, 2022 and Date Shown | Date | Closing Price | Average Closing Price Between February 7, 2022 and Date Shown |
|---|---|---|---|---|---|
| 2/7/2022 | $43.61 | $43.61 | 3/24/2022 | $36.54 | $36.66 |
| 2/8/2022 | $45.79 | $44.70 | 3/25/2022 | $35.79 | $36.64 |
| 2/9/2022 | $46.00 | $45.13 | 3/28/2022 | $35.70 | $36.61 |
| 2/10/2022 | $44.47 | $44.97 | 3/29/2022 | $38.33 | $36.66 |
| 2/11/2022 | $43.34 | $44.64 | 3/30/2022 | $37.21 | $36.67 |
| 2/14/2022 | $42.92 | $44.36 | 3/31/2022 | $36.10 | $36.66 |
| 2/15/2022 | $43.23 | $44.19 | 4/1/2022 | $37.34 | $36.67 |
| 2/16/2022 | $41.70 | $43.88 | 4/4/2022 | $37.75 | $36.70 |
| 2/17/2022 | $40.48 | $43.50 | 4/5/2022 | $35.45 | $36.67 |
| 2/18/2022 | $38.40 | $42.99 | 4/6/2022 | $34.18 | $36.61 |
| 2/22/2022 | $36.84 | $42.43 | 4/7/2022 | $34.05 | $36.55 |
| 2/23/2022 | $35.64 | $41.87 | 4/8/2022 | $33.00 | $36.47 |
| 2/24/2022 | $35.88 | $41.41 | 4/11/2022 | $33.49 | $36.41 |
| 2/25/2022 | $35.80 | $41.01 | 4/12/2022 | $33.76 | $36.35 |
| 2/28/2022 | $36.11 | $40.68 | 4/13/2022 | $33.32 | $36.28 |
| 3/1/2022 | $33.25 | $40.22 | 4/14/2022 | $32.40 | $36.20 |
| 3/2/2022 | $33.59 | $39.83 | 4/18/2022 | $32.04 | $36.12 |
| 3/3/2022 | $32.37 | $39.41 | 4/19/2022 | $33.01 | $36.06 |
| 3/4/2022 | $30.80 | $38.96 | 4/20/2022 | $32.83 | $35.99 |
| 3/7/2022 | $29.90 | $38.51 | 4/21/2022 | $31.53 | $35.91 |
| 3/8/2022 | $30.67 | $38.13 | 4/22/2022 | $30.46 | $35.80 |
| 3/9/2022 | $32.74 | $37.89 | 4/25/2022 | $30.37 | $35.70 |
| 3/10/2022 | $32.04 | $37.63 | 4/26/2022 | $28.07 | $35.56 |
| 3/11/2022 | $31.55 | $37.38 | 4/27/2022 | $28.45 | $35.44 |
| 3/14/2022 | $30.29 | $37.10 | 4/28/2022 | $30.08 | $35.34 |
| 3/15/2022 | $32.31 | $36.91 | 4/29/2022 | $29.50 | $35.24 |
| 3/16/2022 | $33.92 | $36.80 | 5/2/2022 | $30.46 | $35.16 |
| 3/17/2022 | $37.00 | $36.81 | 5/3/2022 | $30.59 | $35.09 |
| 3/18/2022 | $36.28 | $36.79 | 5/4/2022 | $31.81 | $35.03 |
| 3/21/2022 | $35.25 | $36.74 | 5/5/2022 | $29.54 | $34.94 |
| 3/22/2022 | $36.04 | $36.72 | 5/6/2022 | $28.72 | $34.84 |
| 3/23/2022 | $35.09 | $36.67 | | | |

# Exhibit A-2

**Exhibit A-2**

*Cerence Securities Litigation*
**Toll-Free Number:  (877) 411-4801**
**Email:  info@CerenceSecuritiesLitigation.com**
**Website:  www.CerenceSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Litigation, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class Mail to the address below, or submit it online at www.CerenceSecuritiesLitigation.com, with supporting documentation, *postmarked* **(if mailed) or submitted online no later than _____, 2025**.

## Mail to:

*Cerence Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173038**
**Milwaukee, WI 53217**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Litigation, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| **TABLE OF CONTENTS** | **PAGE #** |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN**<br>        **CERENCE COMMON STOCK (NASDAQ: CRNC; CUSIP: 156727109)** | **6** |
| **PART IV – RELEASE OF CLAIMS, CERTIFICATION, AND SIGNATURE** | **7** |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name
First Name                                          Last Name

Joint Beneficial Owner's Name (*if applicable*)
First Name                                          Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

Street Address (second line, if needed)

City                                          State/Province    Zip Code

Foreign Postal Code (if applicable)          Foreign Country (if applicable)

Telephone Number (Day)                        Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**
Specify one of the following:

☐ Individual(s)          ☐ Corporation          ☐ UGMA Custodian          ☐ IRA

☐ Partnership            ☐ Estate               ☐ Trust                    ☐ Other (describe: _____)

## PART II – GENERAL INSTRUCTIONS

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  Other definitions of defined terms indicated by initial capital letters are set forth in the Stipulation and Agreement of Settlement dated September 6, 2024 ("Stipulation"), and available at www.CerenceSecuritiesLitigation.com.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  If you are not a Settlement Class Member (see the definition of the Settlement Class on page [___] of the Notice), or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class, do not submit a Claim Form.  **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.**  Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice or by such other plan of allocation as the Court approves.**

4.      On the **Schedule of Transactions in Part III of this Claim Form**, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Cerence common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Please note**:  Only purchases or acquisitions of the common stock of Cerence Inc. ("Cerence") from November 16, 2020 through February 4, 2022, inclusive, are eligible under the Settlement and the proposed Plan of Allocation set forth in the Notice.  However, under the "90-day look-back period" (described in the Plan of Allocation), sales of Cerence common stock during the period from February 5, 2022 through the close of trading on May 6, 2022 will be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Cerence common stock set forth in the Schedule of Transactions in Part III.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in Cerence common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.

7.    **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.    Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Cerence common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the Cerence common stock in your own name, you were the beneficial owner as well as the record owner.  If, however, your shares of Cerence common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.    **One Claim should be submitted for each separate legal entity or separately managed account.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his, her or their IRA transactions with transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Cerence common stock made on behalf of a single beneficial owner.

10.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Cerence common stock; and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.    By submitting a signed Claim Form, you will be swearing that you:

(a)    own(ed) the Cerence common stock you have listed in the Claim Form; or

(b)    are expressly authorized to act on behalf of the owner thereof.

12.    By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.    Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

14.    **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant

calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

15.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@CerenceSecuritiesLitigation.com, or by toll-free phone at (877) 411-4801, or you can visit the website, www.CerenceSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the settlement website at www.CerenceSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@CerenceSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission.  **Do not assume that your file has been received until you receive that email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@CerenceSecuritiesLitigation.com to inquire about your file and confirm it was received.**

## IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.  IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT (877) 411-4801.**

## PART III – SCHEDULE OF TRANSACTIONS IN CERENCE COMMON STOCK

The only eligible security is the publicly traded common stock of Cerence Inc. ("Cerence").  Cerence trades on the NASDAQ under the ticker symbol **CRNC**.  Its **CUSIP** is **156727109**.  Do not include information regarding securities other than Cerence common stock.  Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions ¶ 6, above.

**1. HOLDINGS AS OF NOVEMBER 16, 2020** – State the total number of shares of Cerence common stock held as of the opening of trading on November 16, 2020.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐

**2.  PURCHASES/ACQUISITIONS FROM NOVEMBER 16, 2020 THROUGH FEBRUARY 4, 2022** – Separately list each and every purchase or acquisition (including free receipts) of Cerence common stock from November 16, 2020 through the close of trading on February 4, 2022.  (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**3.  PURCHASES/ACQUISITIONS FROM FEBRUARY 5, 2022 THROUGH MAY 6, 2022** – State the total number of shares of Cerence common stock purchased or acquired (including free receipts) from February 5, 2022 through the close of trading on May 6, 2022.  If none, write "zero" or "0." _____

| **4.  SALES FROM NOVEMBER 16, 2020 THROUGH MAY 6, 2022** – Separately list each and every sale or disposition (including free deliveries) of Cerence common stock from November 16, 2020 through the close of trading on May 6, 2022.  (Must be documented.) | **IF NONE, CHECK HERE** ☐ |
|---|---|

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

**5.  HOLDINGS AS OF MAY 6, 2022** – State the total number of shares of Cerence common stock held as of the close of trading on May 6, 2022.  (Must be documented.)  If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ☐

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT.  PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE.  IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

## PART IV – RELEASE OF CLAIMS, CERTIFICATION, AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.**

I (We) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') respective officers, directors, shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have fully, finally, and released, relinquished, and discharged all Released Plaintiffs' Claims against the Released Defendant Persons, and shall have covenanted not to sue the Released Defendant Persons with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, whether on their own behalf or on behalf of any class or any other Person, any Released Plaintiff's Claim against the Released Defendant Persons.

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2. that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3. that the claimant(s) did **not** submit a request for exclusion from the Settlement Class;

4. that I (we) own(ed) the Cerence common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendant Persons to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5. that the claimant(s) has (have) not submitted any other claim covering the same purchases of Cerence common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6. that the claimant(s) has (have) not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any Released Plaintiffs' Claim against any of the Released Defendant Persons;

7. that the claimant(s) submit(s) to the jurisdiction of the United States District Court for the District of Massachusetts with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

8. that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

9. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

10. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Litigation; and

11.     that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                      Date

_____

Print claimant name here

_____

Signature of joint claimant, if any                                    Date

_____

Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____

Signature of person signing on behalf of claimant                      Date

_____

Print name of person signing on behalf of claimant here

_____

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see ¶ 10 on page 4 of this Claim Form.)

## **REMINDER CHECKLIST**

1. Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at (877) 411-4801.**

6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@CerenceSecuritiesLitigation.com, or by toll-free phone at (877) 411-4801, or you may visit www.CerenceSecuritiesLitigation.com.  DO NOT call Cerence, the other Defendants, or their counsel with questions regarding your claim.

**This Claim Form must be mailed to the Claims Administrator by First-Class Mail or submitted online to www.CerenceSecuritiesLitigation.com, postmarked (or submitted online) no later than _____, 2025. If mailed, the Claim Form should be addressed as follows:**

*Cerence Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173038
Milwaukee, WI 53217

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit A-3

Exhibit A-3

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CERENCE INC., SANJAY DHAWAN, and MARK J. GALLENBERGER,<br><br>    Defendants. | :<br>:  Case No. 1:22-cv-10321-ADB<br>:<br>:  Hon. Allison D. Burroughs<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO: All persons and entities who purchased or otherwise acquired the common stock of Cerence Inc. ("Cerence") during the period from November 16, 2020 through February 4, 2022, inclusive, and were damaged thereby (the "Settlement Class"):[1]**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts (the "Court"), that the above-captioned litigation (the "Litigation") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiff has reached a proposed settlement of the Litigation for $30,000,000 in cash (the "Settlement") on behalf of the Settlement Class, that, if approved, will resolve all claims in the Litigation.

A hearing will be held on _____, 2024 at _:__ __.m. Eastern Time, before the Honorable Allison D. Burroughs either in person at the United States District Court for the District of Massachusetts in Courtroom 17 of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210, or by telephone or videoconference (in the discretion of the

---

[1] Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").

Court) for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Litigation with prejudice against Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Settlement Class, your rights will be affected by the pending Litigation and the Settlement, and you may be entitled to share in the Settlement Fund**.  If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Cerence Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173038, Milwaukee, WI 53217, 1-877-411-4801.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.CerenceSecuritiesLitigation.com

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form ***postmarked (if mailed), or online, no later than _____, 2025***, in accordance with the instructions set forth in the Claim Form.  If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in connection with the Settlement.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is ***received* no later than _____, 2024**, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Litigation and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are ***received* no later than _____, 2024**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Cerence, the other Defendants, or their counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

BERNSTEIN LITOWITZ BERGER&
GROSSMANN LLP
John Rizio-Hamilton, Esq.
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

SAXENA WHITE P.A.
Joshua H. Saltzman, Esq.
10 Bank Street, 8th Floor
White Plains, NY 10606
(914) 437-8551
jsaltzman@saxenawhite.com

Requests for the Notice and Claim Form should be made to:

*Cerence Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173038
Milwaukee, WI 53217

1-877-411-4801
www.CerenceSecuritiesLitigation.com

By Order of the Court

# Exhibit B

Exhibit B

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CITY OF MIAMI FIRE FIGHTERS' AND          :
POLICE OFFICERS' RETIREMENT TRUST,           Case No. 1:22-cv-10321-ADB
Individually and on Behalf of All Others       :
Similarly Situated,                              Hon. Allison D. Burroughs
                                          :
              Plaintiff,             :

    v.                                   :

CERENCE INC., SANJAY DHAWAN, and
MARK J. GALLENBERGER,                     :

           Defendants.            :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a securities class action is pending in this Court entitled *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Cerence Inc.*, Case No. 1:22-cv-10321-ADB (D. Mass.) (the "Litigation");

WHEREAS, (a) Public Employees' Retirement System of Mississippi ("Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below); and (b) defendants Cerence Inc. ("Cerence" or the "Company"), Sanjay Dhawan, and Mark J. Gallenberger (collectively, the "Individual Defendants," and, together with Cerence "Defendants") have entered into a Stipulation and Agreement of Settlement dated September 6, 2024 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Litigation on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2024 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 2024 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Litigation with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Litigation, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     **Jurisdiction** – The Court has jurisdiction over the subject matter of the Litigation, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on September 5, 2024; and (b) the Notice and the Summary Notice, both of which were filed with the Court on _____ __, 2024.

3.      **Class Certification for Settlement Purposes** – The Court hereby certifies, for the purposes of the Settlement only, the Litigation as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all Persons or who purchased or otherwise acquired the Cerence common stock during the Class Period and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Family Members of any Individual Defendant; (iii) any person who is, or was during the Class Period, an officer or director of Cerence; (iv) any affiliates or subsidiaries of Cerence; (v) any entity in which any Defendant has or had a controlling interest during the Settlement Class Period; and (vi) the legal representatives, heirs, successors, or assigns of any such excluded persons and entities.  [Also excluded from the Settlement Class are any persons or entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.]

4.      **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Litigation would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Litigation are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

5.      **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiff as Class Representative for the Settlement Class and appoints Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Litigation and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.      **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Litigation; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules.  The Court further finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied.

7.      **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Litigation), and finds that the Settlement is, in all respects, fair, reasonable and adequate.  Specifically, the Court finds that (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8.      The Litigation and all of the claims asserted against Defendants in the Litigation by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice as to all Defendants.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, the Released Defendant Persons, the Released Plaintiff Persons, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  All Settlement Class Members who have not made their objections to the Settlement in the manner provided in the

Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise. All Settlement Class Members who have failed to properly submit requests for exclusion from the Class are bound by the terms and conditions of the Stipulation and this Final Judgment. [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.]

10.    **Releases** – The Releases set forth in paragraphs 3.1 and 3.2 of the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the Settlement Class Members, on behalf of themselves and each of their respective officers, directors, shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, and regardless of whether Lead Plaintiff or any such Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Claim Form, any distribution from the Settlement Fund, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Released Defendant Persons and shall have covenanted not to sue the Released Defendant Persons with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the

United States or elsewhere, whether on their own behalf or on behalf of any class or any other Person, any Released Plaintiffs' Claim against the Released Defendant Persons.

(b)    Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, and each of their respective officers, directors, controlling shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against the Released Plaintiff Persons and shall have covenanted not to sue the Released Plaintiff Persons with respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, any Released Defendants' Claim against the Released Plaintiff Persons.

11.    Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action or claim to enforce the terms of the Settlement or this Judgment.

12.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Litigation.

13.    **No Admissions** – This Judgment, the Stipulation, and any of its provisions, any negotiations, proceedings or agreements relating to the Stipulation or the Settlement, and all acts performed or documents executed pursuant to or in furtherance of this Stipulation or the

Settlement: (a) shall not be deemed to be or used as an admission of, or evidence of, the validity of any Released Claim, any allegation made in the Litigation, or any wrongdoing or liability of Defendants or any Released Defendant Persons; (b) shall not be deemed to be or used as an admission of, or evidence of, any liability, fault, or omission of any of Defendants or any Released Defendant Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; (c) shall not be deemed to be or used as an admission of, or evidence of any presumption, concession or admission by any of the Released Plaintiff Persons that any of their claims are without merit, that any of the Released Defendant Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; and (d) shall not be construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

14.     Neither this Judgment, the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall be offered or admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, except that Defendants may file or refer to the Stipulation and/or this Judgment in any action that may be brought against them in order to enforce the releases or other protections granted herein or to otherwise support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.     **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the

disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Litigation that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Litigation.

16.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Litigation on August 22, 2024, as provided in the Stipulation, including the return of monies paid from the Escrow Account, including interest, to the persons who contributed to the Settlement Fund.

19.    **<u>Confidentiality</u>** – All agreements made and orders entered during the course of this Litigation relating to the confidentiality of information, including those set forth in the Stipulation, shall survive this Settlement.

20.    **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Litigation.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Litigation.

SO ORDERED this _____ day of _____, 2024.


_____
The Honorable Allison D. Burroughs
United States District Judge

#3497750

10

**Exhibit 1**

**[List of Persons and Entities Excluded from the Settlement Class Pursuant to Request]**