# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CITY OF MIAMI FIRE FIGHTERS' AND          :
POLICE OFFICERS' RETIREMENT TRUST,          Case No. 1:22-cv-10321-ADB
Individually and on Behalf of All Others    :
Similarly Situated,                         Hon. Allison D. Burroughs
                                            :
              Plaintiff,
                                            :
       v.
                                            :
CERENCE INC., SANJAY DHAWAN, and
MARK J. GALLENBERGER,                       :

              Defendants.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT**
**AND PROVIDING FOR NOTICE**

WHEREAS, a securities class action is pending in this Court entitled *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Cerence Inc.*, Case No. 1:22-cv-10321-ADB (D. Mass.) (the "Litigation");

WHEREAS, (a) Public Employees' Retirement System of Mississippi ("Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below); and (b) defendants Cerence Inc. ("Cerence" or the "Company"), Sanjay Dhawan, and Mark J. Gallenberger (collectively, the "Individual Defendants," and, together with Cerence, "Defendants"), have determined to settle all claims asserted against Defendants in the Litigation with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated September 6, 2024 (the "Stipulation"), subject to the approval of this Court (such settlement, the "Settlement");

WHEREAS, Lead Plaintiff has made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with

the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement and authorization to send notice of the Settlement to the Settlement Class, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.        **Proposed Class Certification for Settlement Purposes** – The Parties have proposed the certification of the following Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement: all Persons who purchased or otherwise acquired Cerence common stock during the Class Period and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Family Members of any Individual Defendant; (iii) any person who is, or was during the Class Period, an officer or director of Cerence; (iv) any affiliates or subsidiaries of Cerence; (v) any entity in which any Defendant has or had a controlling interest during the Class Period; and (vi) the legal representatives, heirs, successors, or assigns of any such excluded persons and entities.  Also excluded from the Settlement Class are any persons and entities that exclude themselves by submitting a request for exclusion that is accepted by the Court.

2.        **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement.  Specifically, the Court finds that each element required for certification of the Settlement Class for purposes of the proposed Settlement pursuant to Rule 23 of the Federal

2

Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Litigation would be impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of Lead Plaintiff in the Litigation are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation for purposes of the proposed Settlement.

3. The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that for purposes of the proposed Settlement it will likely be able to certify Lead Plaintiff as Class Representative for the Settlement Class and appoint Lead Counsel as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. **<u>Preliminary Approval of the Settlement</u>** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. **<u>Settlement Hearing</u>** – The Court will hold a settlement hearing (the "Settlement Hearing") on December 16, 2024 at 10:00 a.m. Eastern time, either in person in Courtroom 17 of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210, or by telephone or videoconference (in the discretion of the Court), for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved

by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Litigation with prejudice against Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.      The Court may adjourn the Settlement Hearing without further notice to the Settlement Class, and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.  The Court may decide to hold the Settlement Hearing by telephone or video conference without further notice to the Settlement Class.  Any Settlement Class Member (or his, her, or its counsel) who wishes to appear at the Settlement Hearing should consult the Court's docket and/or the settlement website for any change in date, time, or format of the hearing.

7.      **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** – Lead Counsel are hereby authorized to retain A.B. Data, Ltd. (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Lead Counsel as follows:

(a)      within five (5) business days of the date of entry of this Order, Cerence shall provide or cause to be provided to the Claims Administrator in electronic

format (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its reasonably available shareholder lists (consisting of names and addresses) from its transfer agent of the holders of the Cerence common stock during the Class Period;

(b)    not later than October 2, 2024 (the "Notice Date"), the Claims Administrator shall begin mailing the Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Notice Packet"), by first-class mail or email to potential Settlement Class Members at the addresses set forth in the records provided or caused to be provided by Cerence, or who otherwise may be identified through further reasonable effort;

(c)    contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded;

(d)    not later than October 16, 2024, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over the *PR Newswire*; and

(e)    not later than December 9, 2024, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Notice, the Claim Form, and the Summary Notice, attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form

5

and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules. The date and time of the Settlement Hearing shall be included in the Notice and Summary Notice before they are mailed and published, respectively.

9.     **Nominee Procedures** – Brokers and other nominees who purchased or otherwise acquired Cerence common stock during the Class Period for the benefit of another person or entity shall: (a) within seven (7) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Notice Packet to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Notice Packet to such beneficial owners. Upon full compliance with this Order, such nominees

6

may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

10. **CAFA Notice** – Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. No later than seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

11. **Participation in the Settlement** – Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or received no later than January 30, 2025. Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for

7

the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13.    Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Litigation relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Released Defendant Persons, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

14.    **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any

such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than November 25, 2024, to: *Cerence Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Cerence Inc.*, Case No. 1:22-cv-10321-ADB (D. Mass.)"; (iii) state the number of shares of Cerence common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on November 16, 2020 and (B) purchased/acquired and/or sold during the Class Period, as well as the date, number of shares, and price of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.  A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court.  Upon receiving any request for exclusion, Lead Counsel or the Claims Administrator shall provide copies of such request(s) to Defendants' Counsel promptly (and no in event later than three (3) business days after receiving any request for exclusion).

15.     Any person or entity that timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Litigation, and shall not receive any payment out of the Net Settlement Fund.

16.     Any Settlement Class Member that does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from

requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Litigation, including, but not limited to, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Persons, as more fully described in the Stipulation and Notice.

17.     Any Person who is excluded from the Class by virtue of having submitted a valid and timely request for exclusion may, at any point up to the day of the Settlement Hearing, submit a written revocation of request for exclusion following the same instructions in Paragraph 14 above.

18.     **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member that does not request exclusion from the Settlement Class may enter an appearance in the Litigation, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 19 below, such that it is received no later than November 25, 2024, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Lead Counsel.

19.     Any Settlement Class Member that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved;

*provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than November 25, 2024.  Lead Counsel and Defendants' Counsel shall promptly furnish each other with copies of any objections that they receive.

<table>
<tr><td align="center"><strong><u>Lead Counsel</u></strong></td><td align="center"><strong><u>Defendants' Counsel</u></strong></td></tr>
<tr><td align="center">Bernstein Litowitz Berger &<br>Grossmann LLP<br>John Rizio-Hamilton, Esq.<br>1251 Avenue of the Americas<br>New York, NY 10020</td><td align="center">Goodwin Procter LLP<br>Deborah S. Birnbach<br>100 Northern Avenue<br>Boston, MA 02210</td></tr>
<tr><td align="center">-and-<br><br>Saxena White P.A.<br>Joshua H. Saltzman, Esq.<br>10 Bank Street, 8th Floor<br>White Plains, NY 10606</td><td></td></tr>
</table>

20.    Any objections, filings, and other submissions by the objecting Settlement Class Member:  (a) must identify the case name and docket number, *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Cerence Inc.*, Case No. 1:22-cv-10321-ADB (D. Mass.); (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (d) must state the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection

11

to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case; and (e) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Cerence common stock that the objecting Settlement Class Member (A) owned as of the opening of trading on November 16, 2020 and (B) purchased/acquired and/or sold during the Class Period, as well as the date, number of shares, and price of each such purchase/acquisition and sale.  The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

21.    Any Settlement Class Member that does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

22.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Litigation other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins all Settlement Class Members and anyone who acts or purports to act on their behalf from instituting, commencing, asserting, or prosecuting, or attempting to prosecute any Released Plaintiffs' Claim, in any capacity, against any Released Defendant Person in any court or tribunal or proceeding, and all Defendants and anyone who acts or purports to act on their behalf from instituting, commencing, asserting, or prosecuting, or attempting to prosecute any Released Defendants' Claim, in any capacity, against any Released Plaintiff Person in any court or tribunal or proceeding.

23.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement up to $300,000 shall be paid as set forth in the Stipulation without further order of the Court.

24.    **Settlement Fund** – The contents of the Settlement Fund held by Citibank, N.A. (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25.    **Taxes** – Lead Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Litigation on August 22, 2024, as provided in the Stipulation.

27.     **No Liability of Defendants for Settlement Administration** – Except for the obligations to cooperate in the production of reasonably available information with respect to the identification of Settlement Class Members from Defendants' transfer agent records, in no event shall the Defendants or any Released Defendant Persons have any responsibility for the administration of the Settlement, and neither the Defendants nor any of the Released Defendant Persons shall have any obligation or liability to the Lead Plaintiff, Settlement Class Members, Released Plaintiff Persons, or Plaintiff's Counsel in connection with such administration.

28.     **Use of this Order** – This Order, the Stipulation, and any of its provisions, any negotiations, proceedings or agreements relating to the Stipulation or the Settlement, and all acts performed or documents executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) shall not be deemed to be or used as an admission of, or evidence of, the validity of any Released Claim, any allegation made in the Litigation, or any wrongdoing or liability of Defendants or any Released Defendant Persons; (b) shall not be deemed to be or used as an admission of, or evidence of, any liability, fault, or omission of any of Defendants or any Released Defendant Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; (c) shall not be deemed to be or used as an admission of, or evidence of

14

any presumption, concession or admission by any of the Released Plaintiff Persons that any of their claims are without merit, that any of the Released Defendant Persons had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; and (d) shall not be construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

29.     Neither this Order, the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall be offered or admissible in any proceeding for any purpose, except that, if the Settlement is approved, the Parties may do so to enforce the terms of the Settlement and Defendants may file or refer to the Stipulation and/or the Judgment in any action that may be brought against them in order to enforce the releases or other protections granted herein or to otherwise support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

30.     **Supporting Papers** – Lead Counsel shall file and serve their opening papers in support of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than November 11, 2024; and reply papers, if any, shall be filed and served no later than December 9, 2024.

SO ORDERED this _____ day of _____, 2024.

_____
The Honorable Allison D. Burroughs
United States District Judge

15

# Exhibit 1

**Exhibit 1**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CITY OF MIAMI FIRE FIGHTERS' AND      :
POLICE OFFICERS' RETIREMENT TRUST,      Case No. 1:22-cv-10321-ADB
Individually and on Behalf of All Others      :
Similarly Situated,      Hon. Allison D. Burroughs
      :
            Plaintiff,
      :
      v.
      :
CERENCE INC., SANJAY DHAWAN, and
MARK J. GALLENBERGER,      :

            Defendants.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### NOTICE OF (I) PENDENCY OF CLASS ACTION AND
### PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND
### (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

### *A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.*

**NOTICE OF PENDENCY OF CLASS ACTION:**  Please be advised that your rights may be affected by the above-captioned securities class action (the "Litigation") pending in the United States District Court for the District of Massachusetts ("Court"), if you purchased or otherwise acquired the common stock of Cerence Inc. ("Cerence" or the "Company") during the period from November 16, 2020 through February 4, 2022, inclusive (the "Class Period").[1]

**NOTICE OF SETTLEMENT:**  Please also be advised that the Court-appointed Lead Plaintiff Public Employees' Retirement System of Mississippi ("Lead Plaintiff"), on behalf of itself and the Settlement Class (as defined in ¶ 20 below), has reached a proposed settlement of the Litigation with Defendants (defined below) for **$30,000,000** in cash that, if approved, will resolve all claims in the Litigation (the "Settlement").  This Notice is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the Litigation.

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement, dated September 6, 2024 ("Stipulation"), which is available at www.CerenceSecuritiesLitigation.com.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have questions about this Notice, the Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Clerk's Office, Defendants, or Defendants' Counsel. All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 70 below).**

1. **Description of the Litigation and the Settlement Class:** This Notice relates to the proposed Settlement of claims in a pending putative securities class action brought by investors against Cerence and certain of its executives. The Defendants are Cerence; Sanjay Dhawan, Cerence's Chief Executive Officer until his resignation on December 15, 2021; and Mark J. Gallenberger, Cerence's Chief Financial Officer until his resignation on February 7, 2022. Lead Plaintiff alleges that Defendants violated the federal securities laws by making false and misleading statements and omissions about Cerence's business, including a purported scheme to pull forward revenues from future quarters to meet Cerence's revenue guidance. A more detailed description of the Litigation is set forth in ¶¶ 11-19 below. Throughout this Litigation, Defendants have denied, and continue to deny, any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants have expressly denied, and continue to deny, that they have committed any act or omission giving rise to any liability. Specifically, Defendants expressly have denied, and continue to deny, each and all of the claims alleged by Lead Plaintiff in the Litigation including, without limitation, any liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Defendants also have denied, and continue to deny, among other allegations, the allegations that Lead Plaintiff or the Settlement Class Members have suffered any damages, that Defendants made any material misrepresentations or omissions, or that Lead Plaintiff or the Settlement Class Members were harmed by the conduct alleged in the Litigation or that could have been alleged as part of the Litigation. In addition, Defendants maintain that they have meritorious defenses to all claims alleged in the Litigation. The Settlement, if approved by the Court, will settle the claims of the Settlement Class, as defined in ¶ 20 below.

2. **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of itself and the Settlement Class, have agreed to settle the Litigation in exchange for a settlement payment of $30,000,000 in cash ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon ("Settlement Fund") less: (i) any Taxes; (ii) any Notice and Administration Expenses; (iii) any litigation expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class. The proposed plan of allocation ("Plan of Allocation") is attached hereto as Appendix A.

3. **Estimate of Average Amount of Recovery Per Share:** Based on Lead Plaintiff's damages expert's estimate of the number of shares of Cerence common stock purchased or otherwise acquired during the Class Period that may have been affected by the alleged conduct at issue in the Litigation, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery per eligible share of Cerence common stock (before

2

the deduction of any Court-approved fees, expenses, and costs as described herein) is approximately $1.12 per share. **Settlement Class Members should note, however, that the foregoing average recovery per eligible share is only an estimate.** Settlement Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and the price at which they purchased/acquired shares of Cerence common stock; (ii) whether they sold their shares of Cerence common stock and, if so, when; and (iii) the total number and value of valid Claims submitted to participate in the Settlement. Distributions to Settlement Class Members will be made based on the Plan of Allocation attached hereto as Appendix A or such other plan of allocation as may be ordered by the Court.

4.        **Average Amount of Damages Per Share:** The Parties do not agree on the amount of damages per share of Cerence common stock that would be recoverable if Lead Plaintiff were to prevail in the Litigation. Among other things, Defendants do not agree that they violated the federal securities laws or that, even if liability could be established, any damages were suffered by any members of the Settlement Class as a result of their conduct.

5.        **Attorneys' Fees and Expenses Sought:** Lead Counsel have not received any payment of attorneys' fees for their representation of Lead Plaintiff and the Settlement Class in the Litigation and have advanced the funds to pay expenses incurred to prosecute this Litigation with the expectation that if they were successful in recovering money for the Settlement Class, they would receive fees and be paid for their expenses from the Settlement Fund, as is customary in this type of litigation. Prior to the final Settlement Hearing, Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") and Saxena White P.A. ("Saxena White"), will apply to the Court for an award of attorneys' fees on behalf of all Plaintiff's Counsel[2] in an amount not to exceed 25% of the Settlement Fund. In addition, Lead Counsel will apply for litigation expenses incurred by Plaintiff's Counsel in connection with the institution, prosecution, and resolution of the Litigation, in an amount not to exceed $300,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to its representation of the Settlement Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost per eligible share of Cerence common stock, if the Court approves Lead Counsel's attorneys' fees and expense application, is approximately $0.29 per share. **Please note that this amount is only an estimate**.

6.        **Identification of Attorneys' Representatives:**  Lead Plaintiff and the Settlement Class are represented by John Rizio-Hamilton, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com; and Joshua H. Saltzman, Esq. of Saxena White P.A., 10 Bank Street, 8th Floor, White Plains, NY 10606; (914) 437-8551; jsaltzman@saxenawhite.com.

7.        **Reasons for the Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the immediate cash benefit for the Settlement Class without the risk or the delays and costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or no recovery at all – might be achieved after a motion for summary judgment, a trial of the Litigation, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants are entering

---

[2] Plaintiff's Counsel are Lead Counsel BLB&G and Saxena White; Liaison Counsel Donnelly, Conroy & Gelhaar, LLP; and additional counsel for Lead Plaintiff, Davidson Bowie, PLLC.

3

into this Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing, or damages whatsoever, or any infirmity in the defenses that Defendants have or could have asserted.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN JANUARY 30, 2025.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 33 below) that you have against Defendants and the other Released Defendant Persons (defined in ¶ 34 below), so it is in your interest to submit a Claim Form. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 25, 2024.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that may allow you to ever be part of any other lawsuit against Defendants or Released Defendant Persons concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 25, 2024.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the requested attorneys' fees and litigation expenses, you may object by writing to the Court and explaining why you do not like them. You cannot object unless you are a member of the Settlement Class and do not exclude yourself from the Settlement Class. |
| **ATTEND A HEARING ON DECEMBER 16, 2024 AT 10 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN NOVEMBER 25, 2024.** | Filing a written objection and notice of intention to appear by November 25, 2024 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the motion for attorneys' fees and litigation expenses. In the Court's discretion, the December 16, 2024 hearing may be conducted by telephone or videoconference (see ¶¶ 60-61 below). If you submit a written objection, you may (but you do not have to) participate in the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. <u>Please Note</u>: The date and time of the Settlement Hearing – currently scheduled for December 16, 2024 at 10:00 a.m. – is subject to change without further notice to the Settlement Class.  It is also within the Court's discretion to hold the hearing in person or telephonically. If you plan to attend the hearing, you should check the Settlement website, <u>www.CerenceSecuritiesLitigation.com,</u> or with Lead Counsel as set forth above to confirm that no change to the date and/or time of the hearing has been made.**

|  |  |
|---|---|
| **WHAT THIS NOTICE CONTAINS** | |

Why Did I Get This Notice?                                                         Page __
What Is This Case About?                                                           Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class?                                        Page __
What Are Lead Plaintiff's Reasons For The Settlement?                               Page __
What Might Happen If There Were No Settlement?                                      Page __
How Are Settlement Class Members Affected By The Litigation
    And The Settlement?                                                            Page __
How Do I Participate In The Settlement?  What Do I Need To Do?                       Page __
How Much Will My Payment Be?                                                       Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid?                                                  Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself?                                                       Page __
When And Where Will The Court Decide Whether To Approve The
    Settlement? Do I Have To Come To The Hearing?  May I Speak
    At The Hearing If I Don't Like The Settlement?                                  Page __
What If I Bought Shares Of Cerence Common Stock On
    Someone Else's Behalf?                                                         Page __
Can I See The Court File?  Whom Should I Contact If I Have
    Questions?                                                                     Page __
Proposed Plan of Allocation of Net Settlement Fund Among
    Authorized Claimants                                                           Appendix A

|  |
|---|
| **WHY DID I GET THIS NOTICE?** |

8.      The Court authorized that this Notice be sent to you because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired shares of Cerence common stock during the Class Period. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have the right to understand how this class action lawsuit may generally affect your legal rights. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiff and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

5

9.　　The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you (if you are a Settlement Class Member) might be affected, and how to exclude yourself from the Settlement Class if you wish to do so. It is also being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and litigation expenses (the "Settlement Hearing"). *See* ¶¶ 60-61 below for details about the Settlement Hearing, including the date and location of the hearing.

10.　　The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time.

## WHAT IS THIS CASE ABOUT?

11.　　Cerence is a corporation organized under the laws of Delaware, with its principal place of business in Massachusetts. Cerence's common stock trades on the NASDAQ under the ticker symbol "CRNC." Cerence builds AI powered virtual assistants for the mobility/transportation market. In the Litigation, Lead Plaintiff alleges that Defendants made misrepresentations and omissions concerning a purported scheme to pull forward revenues from future quarters to meet Cerence's revenue guidance by entering into a large number of fixed license deals that were not in the best interests of the Company and its shareholders, and had an alleged negative impact on the Company's financial condition and business.

12.　　On February 25, 2022, the City of Miami Fire Fighters' and Police Officers' Retirement Trust filed a securities class action complaint in the Court titled *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Cerence Inc.*, Case No. 1:22-cv-10321-ADB (D. Mass.). On May 12, 2022, the Court appointed the Public Employees' Retirement System of Mississippi as Lead Plaintiff, and appointed Bernstein Litowitz Berger & Grossmann LLP and Saxena White P.A. as Lead Counsel.

13.　　On July 26, 2022, Lead Plaintiff filed an Amended Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") against Defendants. The Complaint alleges, among other things, that Defendants made misrepresentations and omissions concerning a purported scheme to pull forward revenues from future quarters to meet Cerence's revenue guidance. The Complaint asserts claims for damages under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder against all Defendants, and under Section 20(a) of the Securities Exchange Act of 1934 against Defendants Dhawan and Gallenberger.

14.　　On September 9, 2022, Defendants filed their Motion to Dismiss the Complaint. The motion was fully briefed, and on March 25, 2024, the Court issued an Order granting in part and denying in part Defendants' Motion to Dismiss the Complaint. On April 15, 2024, Defendants filed their Answer to the Complaint, denying that Lead Plaintiff has asserted any valid claims as to any of the Defendants and asserting various affirmative defenses. On May 7, 2024, the Court entered a proposed schedule submitted by the Settling Parties.

15.     During the course of the Litigation, the Parties engaged in substantial discovery, which included the production by Defendants of over 100,000 pages of documents, exchanging initial disclosures, and responding to requests for production of documents and interrogatories.

16.     On August 14, 2024, the Parties participated in an all-day mediation session before Greg Danilow of Phillips ADR Enterprises (the "Mediator") in New York.  Prior to the mediation, the Parties exchanged mediation statements, including voluminous exhibits and supplemental materials. The Parties did not reach an agreement to settle the Litigation during the August 14, 2024 mediation.

17.     After the mediation, however, the Parties continued to engage in settlement negotiations with the assistance of the Mediator and ultimately reached an agreement in principle to settle the Litigation for $30,000,000 on August 22, 2024.  The agreement was based on a mediator's recommendation made by Mr. Danilow.

18.     The Parties subsequently negotiated and executed the Stipulation and Agreement of Settlement (the "Stipulation") on September 6, 2024, which sets forth the full terms and conditions of the Settlement. The Stipulation can be viewed at www.CerenceSecuritiesLitigation.com.

19.     On September 18, 2024, the Court preliminarily approved the Settlement, authorized notice of the Settlement to potential Settlement Class Members and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

| **HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?** <br> **WHO IS INCLUDED IN THE SETTLEMENT CLASS?** |
|---|

20.     If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded from the Settlement Class. The Settlement Class certified by the Court solely for purposes of effectuating the Settlement consists of:

> all Persons who purchased or otherwise acquired Cerence common stock during the period from November 16, 2020 through February 4, 2022, inclusive, and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Family Members of any Individual Defendant; (iii) any person who is, or was during the Class Period, an officer or director of Cerence; (iv) any affiliates or subsidiaries of Cerence; (v) any entity in which any Defendant has or had a controlling interest during the Class Period; and (vi) the legal representatives, heirs, successors, or assigns of any such excluded persons and entities. Also excluded from the Settlement Class are any persons and entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page __ below.

**Please note:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive proceeds from the Settlement.**

**If you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Claim Form that is being distributed with this Notice and the**

7

**required supporting documentation postmarked (if mailed), or online, no later than January 30, 2025.**

<div style="border:1px solid;text-align:center;font-weight:bold">WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?</div>

21.     Lead Plaintiff and Lead Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the significant expense and length of the continued proceedings that would be necessary to pursue their claims against Defendants through the completion of discovery, certification of the class, summary judgment, trial, and appeals, as well as the substantial risks they would face in establishing liability and damages and in recovering a substantial judgment against Defendants.

22.     Defendants have argued, and would continue to argue, that they did not violate the federal securities laws. Among other things, Defendants have argued, and would continue to argue, that (1) they did not make any false or misleading statements, (2) they did not act with "scienter," or fraudulent intent, and (3) Lead Plaintiff could not prove damages or loss causation with respect to any alleged false or misleading statements.

23.     For example, Defendants would continue to assert that they made no false or misleading statements regarding their use of fixed contracts. Defendants had argued, and would continue to argue, that Cerence accurately disclosed its revenue from fixed contracts during each quarter, such that no investor could have been misled by Cerence's use of those contracts. Indeed, the Court's motion to dismiss order—while allowing the case to proceed—dismissed many of the false statements alleged in the Complaint, including all of the statements made by Defendant Dhawan. Additionally, the Court specifically noted in its motion to dismiss order that even the sustained statements were a "close call" and "would be scrutinized closely for purposes of any summary judgment motion."

24.     Defendants also would continue to argue that they did not act with fraudulent intent, and that there was no scheme in place to defraud investors. Defendants would continue to assert, among other things, that the challenged statements reflected the honestly held beliefs and expectations of Defendants Gallenberger and Dhawan about Cerence's fixed contracts at the time those statements were made, and that by accurately disclosing Cerence's revenue from fixed contracts every quarter, Defendants Gallenberger and Dhawan showed an intent to be transparent with investors.

25.     Lead Plaintiff also faced risks with respect to proving loss causation. Specifically, Defendants challenged whether the alleged corrective disclosures were sufficiently connected to the alleged false and misleading statements concerning the alleged revenue acceleration scheme, such that those statements could be considered the cause of any damages to the Settlement Class. In addition, Defendants vigorously disputed what portion (if any) of Cerence's stock price declines following each of the alleged corrective disclosures was attributable to the disclosure of the alleged revenue acceleration scheme.

26.     Finally, Lead Plaintiff faced a possibility that any available recovery would be reduced, including because Defendants' remaining available insurance was being consumed by

8

the ongoing litigation. The proposed Settlement avoids these risks and, if approved, will provide a prompt and certain benefit to the Settlement Class.

27.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a favorable result for the Settlement Class, namely $30,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Litigation would produce a smaller, or no, recovery after full discovery, a class certification motion, summary judgment, trial, and appeals, possibly years in the future.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

28.    If there were no Settlement, and Lead Plaintiff failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiff nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were successful in establishing any of their defenses either at summary judgment, at trial, or on appeal, the Settlement Class could recover less than the amount provided in the Settlement, or nothing at all.  Further, even if Plaintiffs were successful in establishing every element of their claims, defeating all of Defendants' defenses, and proving 100% of their asserted damages, there is a possibility that any available recovery would be smaller than the Settlement Amount, including because available insurance funds would be reduced by ongoing litigation.

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED
## BY THE LITIGATION AND THE SETTLEMENT?

29.    As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel, unless you enter an appearance through counsel of your own choice and at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

30.    If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you must exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," on page __ below.

31.    If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and litigation expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page __ below.

32.    If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice

9

the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves and each of their respective officers, directors, shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, and regardless of whether Lead Plaintiff or any such Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Claim Form, any distribution from the Settlement Fund, will have fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims (as defined in ¶ 33 below) against the Released Defendant Persons (as defined in ¶ 34 below), and shall have covenanted not to sue the Released Defendant Persons with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, whether on their own behalf or on behalf of any class or any other Person, any Released Plaintiffs' Claim against the Released Defendant Persons; provided, however, that nothing herein shall bar any action or claim to enforce the terms of the Settlement or the Judgment entered pursuant thereto.

33.     "Released Plaintiffs' Claims" means any and all claims or causes of action of every nature and description, known or unknown, contingent or non-contingent, whether suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, at law or in equity, including Unknown Claims, that Lead Plaintiff or any other member of the Settlement Class (a) asserted in the Complaint or any other complaints previously filed in the Litigation, or (b) could have asserted in any forum that arise out of or relate to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint or any other complaints previously filed in the Litigation and that relate to the purchase of Cerence common stock during the Class Period. Notwithstanding any other language herein to the contrary, Released Plaintiffs' Claims shall not include (a) any claims to enforce the terms of the Settlement or the Judgment entered pursuant thereto; or (b) any claims asserted in any shareholder derivative action, including *In re Cerence Stockholder Derivative Litigation*, Case No. 1:22-cv-10723-ADB (D. Mass.) and *Morse v. Dhawan et al.*, Case No. 1:22-cv-10737-ADB (D. Mass.).

34.     "Released Defendant Person(s)" means each and all of the Defendants and any of their respective past or present parent entities, affiliates, divisions, subsidiaries or Immediate Family Members, and each and all of the foregoing's respective past, present, or future officers, directors, controlling stockholders, agents, representatives, employees, attorneys, advisors, consultants, accountants, investment bankers, underwriters, brokers, dealers, lenders, insurers, co-insurers, reinsurers, heirs, executors, principals, managing directors, managing agents, joint ventures, personal or legal representatives, estates, beneficiaries, predecessors, successors, and assigns, in their capacities as such.

35.     "Unknown Claims" means any Released Plaintiffs' Claims which Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons, or might have affected his, her, or its decision not to object to this Settlement.  With

10

respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent in effect to California Civil Code § 1542. Lead Plaintiff, Defendants, and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff and Defendants shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

36.    Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, and each of their respective officers, directors, controlling shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, will have fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (as defined in ¶ 37 below) against the Released Plaintiff Persons (as defined in ¶ 38 below), and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, any Released Defendants' Claim against the Released Plaintiff Persons; provided, however, that nothing herein shall bar any action or claim to enforce the terms of the Settlement or the Judgment entered pursuant thereto.

37.    "Released Defendants' Claims" means any and all claims or causes of action of every nature and description, known or unknown, contingent or non-contingent, whether suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule, or regulation, whether foreign or domestic, at law or in equity, including Unknown Claims, arising out of, relating to, or in connection with, the institution, prosecution, or settlement of the Litigation or the Released Plaintiffs' Claims. Notwithstanding any other language herein to the contrary, Released Defendants' Claims shall not include any claims to enforce the terms of the Settlement or the Judgment entered pursuant thereto.

38.    "Released Plaintiff Person(s)" means each and all of Lead Plaintiff, Plaintiff's Counsel, all Settlement Class Members, and any of their respective past or present parent entities, affiliates, divisions, subsidiaries or Immediate Family Members, and each and all of the

11

foregoing's respective past, present or future officers, directors, stockholders, agents, representatives, employees, attorneys, advisors, consultants, accountants, investment bankers, underwriters, brokers, dealers, lenders, insurers, co-insurers, reinsurers, heirs, executors, principals, managing directors, managing agents, joint ventures, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

39.     To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation *postmarked (if mailed), or submitted online at www.CerenceSecuritiesLitigation.com, no later than January 30, 2025*. A Claim Form is included with this Notice, or you may obtain one from the website maintained by the Claims Administrator, www.CerenceSecuritiesLitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-877-411-4801, or by emailing the Claims Administrator at info@CerenceSecuritiesLitigation.com. **Please retain all records of your ownership of and transactions in Cerence common stock, as they may be needed to document your Claim.** If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

40.     At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

41.     Pursuant to the Settlement, Cerence and its insurers shall pay or cause to be paid $30,000,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes; (ii) any Notice and Administration Expenses; (iii) any litigation expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

42.     The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

43.     Neither Defendants, Released Defendant Persons, nor any other person or entity who or which paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or Judgment approving the Settlement becomes Final. Defendants and the other Released Defendant Persons shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Plan of Allocation.

12

44.    Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

45.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form postmarked (if mailed), or online, on or before January 30, 2025 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given. This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 33 above) against the Released Defendant Persons (as defined in ¶ 34 above) and will be permanently barred and enjoined from bringing any Released Plaintiffs' Claims against the Released Defendant Persons, whether or not such Settlement Class Member submits a Claim Form.

46.    Participants in and beneficiaries of any employee retirement and/or benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to shares of Cerence common stock purchased/acquired through the ERISA Plan in any Claim Form they submit in this Litigation. They should include ONLY those eligible shares of Cerence common stock purchased/acquired during the Class Period outside of an ERISA Plan. Claims based on any ERISA Plan's purchases/acquisitions of Cerence common stock during the Class Period may be made by the plan's trustees.

47.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

48.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

49.    Only Settlement Class Members, *i.e.*, persons and entities who purchased Cerence common stock during the Class Period, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities who are excluded from the Settlement Class by definition or who exclude themselves from the Settlement Class pursuant to an exclusion request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms. The only security that is included in the Settlement is Cerence common stock.

50.    **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff. At the Settlement Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.**

---

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING?  HOW WILL THE LAWYERS BE PAID?**

---

51.    Plaintiff's Counsel have not received any payment for their services in pursuing claims against Defendants on behalf of the Settlement Class; nor have Plaintiff's Counsel been paid for their litigation expenses. Before final approval of the Settlement, Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiff's Counsel in an amount not to exceed 25% of the Settlement Fund. At the same time, Lead Counsel also intend to apply for payment from the Settlement Fund of Plaintiff's Counsel's litigation expenses and may apply for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to

its representation of the Settlement Class, in a total amount not to exceed $300,000. The Court will determine the amount of any award of attorneys' fees or expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF? |
|---|

52.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit related to the Settlement, whether favorable or unfavorable, unless such person or entity mails or delivers a written request for exclusion addressed to: *Cerence Securities Litigation*, EXCLUSIONS, c/o A.B. Data, Ltd., P.O. Box 173001, Milwaukee, WI 53217. The request for exclusion must be *received* **no later than November 25, 2024**. You will not be able to exclude yourself from the Settlement Class after that date.

53.     Each request for exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in in *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Cerence Inc.*, Case No. 1:22-cv-10321-ADB (D. Mass.)"; (iii) state the number of shares of Cerence common stock that the person or entity requesting exclusion (A) owned as of the opening of trading on November 16, 2020 and (B) purchased/acquired and/or sold during the Class Period (from November 16, 2020 through February 4, 2022, inclusive), as well as the date, number of shares, and price of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.

54.     A request for exclusion shall not be valid and effective unless it provides all the information called for in ¶ 53 and is received within the time stated above, or is otherwise accepted by the Court.

55.     If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiffs' Claim against any of the Released Defendant Persons. Excluding yourself from the Settlement Class is the only option that allows you to be part of any other current or future lawsuit against Defendants or any of the other Released Defendant Persons concerning the Released Plaintiffs' Claims.

56.     If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment out of the Net Settlement Fund.

57.     Any Person who is excluded from the Class by virtue of having submitted a valid and timely request for exclusion may, at any point up to the day of the Settlement Hearing, submit a written revocation of request for exclusion following the same instructions in ¶ 52 above.

58.     Cerence has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by the Parties.

14

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?  MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

59.    **Settlement Class Members do not need to attend the Settlement Hearing.  The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.**

60.    **Please Note**: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. The Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.CerenceSecuritiesLitigation.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.CerenceSecuritiesLitigation.com. If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to the Settlement website, www.CerenceSecuritiesLitigation.com.**

61.    The Settlement Hearing will be held on December 16, 2024 at 10:00 a.m. Eastern Time, before the Honorable Allison D. Burroughs, either in person at the United States District Court for the District of Massachusetts, Courtroom 17 of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, MA 02210, or by telephone or videoconference (in the discretion of the Court) for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Litigation with prejudice against Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and litigation expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's motion for attorneys' fees and litigation expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

62.    Any Settlement Class Member who or which does not request exclusion may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and litigation expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the District of Massachusetts at the address set forth below as well

15

as serve copies on Lead Counsel and Defendants' Counsel at the addresses set forth below *on or before November 25, 2024*.

| **Clerk's Office** | **Lead Counsel** | **Defendants' Counsel** |
|---|---|---|
| United States District Court District of Massachusetts John Joseph Moakley U.S. Courthouse 1 Courthouse Way Boston, MA 02210 | Bernstein Litowitz Berger & Grossmann LLP John Rizio-Hamilton, Esq. 1251 Avenue of the Americas New York, NY 10020 | Goodwin Procter LLP Deborah S. Birnbach, Esq. 100 Northern Avenue Boston, MA 02210 |

-and-

Saxena White P.A.
Joshua H. Saltzman, Esq.
10 Bank Street, 8th Floor
White Plains, NY 10606

63.     Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must identify the case name and docket number, *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Cerence Inc.*, Case No. 1:22-cv-10321-ADB (D. Mass.); (b) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (c) must state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; (d) must state the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case; and (e) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Cerence common stock that the objecting Settlement Class Member (A) held as of the opening of trading November 16, 2020 and (B) purchased/acquired and/or sold during the Class Period (from November 16, 2020 through February 4, 2022, inclusive), as well as the date, number of shares, and price of each such purchase/acquisition and sale. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

64.     **You may not object to the Settlement, Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and litigation expenses if you exclude yourself from the Settlement Class or if you are not a member of the Settlement Class.**

65.     You may submit an objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless (i) you first submit a written objection in accordance with the procedures described above and (ii) you first submit your notice of appearance in accordance with the procedures described below; unless the Court orders otherwise.

16

66.      If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and litigation expenses, and if you timely submit a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 62 above so that it is *received* **on or before November 25, 2024**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

67.      You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Lead Counsel and Defendants' Counsel at the addresses set forth in ¶ 62 above so that the notice is *received* **on or before November 25, 2024**.

68.      **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and litigation expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

---

### WHAT IF I BOUGHT SHARES OF CERENCE COMMON STOCK ON SOMEONE ELSE'S BEHALF?

---

69.      If you purchased or otherwise acquired Cerence common stock during the period from November 16, 2020 through February 4, 2022, inclusive, for the beneficial interest of a person or entity other than yourself, you must either (i) within seven (7) calendar days of receipt of this Notice, request from the Claims Administrator sufficient copies of the Notice and Claim Form ("Notice Packet") to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Notice Packets forward them to all such beneficial owners; or (ii) within seven (7) calendar days of receipt of this Notice, provide a list of the names, mailing addresses, and, if available, email addresses, of all such beneficial owners to *Cerence Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173038, Milwaukee, WI 53217. If you choose the second option, the Claims Administrator will send a copy of the Notice Packet to the beneficial owners. Upon full compliance with these directions, such nominees may seek reimbursement of their reasonable expenses actually incurred, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice and the Claim Form may be obtained from the Settlement website, www.CerenceSecuritiesLitigation.com, by calling the Claims Administrator toll-free at 1-877-411-4801, or by emailing the Claims Administrator at info@CerenceSecuritiesLitigation.com.

---

**CAN I SEE THE COURT FILE?**
**WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?**

---

70.    This Notice contains only a summary of the terms of the Settlement. For the terms and conditions of the Settlement, please see the Stipulation available at www.CerenceSecuritiesLitigation.com. Copies of any related orders entered by the Court and certain other filings in this Litigation will be also posted on this website. More detailed information about the matters involved in this Litigation can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.mad.uscourts.gov/, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the District of Massachusetts, John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210.

All inquiries concerning this Notice and the Claim Form should be directed to:

*Cerence Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173038
Milwaukee, WI  53217

1-877-411-4801
info@CerenceSecuritiesLitigation.com
www.CerenceSecuritiesLitigation.com

and/or

| | |
|---|---|
| John Rizio-Hamilton, Esq. | Joshua H. Saltzman, Esq. |
| Bernstein Litowitz Berger & Grossmann LLP | Saxena White P.A. |
| 1251 Avenue of the Americas | 10 Bank Street, 8th Floor |
| New York, NY 10020 | White Plains, NY 10606 |
| 1-800-380-8496 | (914) 437-8551 |
| settlements@blbglaw.com | jsaltzman@saxenawhite.com |

**PLEASE DO NOT CALL OR WRITE THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**

Dated: October 2, 2024                    By Order of the Court
                                          United States District Court
                                          for the District of Massachusetts

18

**APPENDIX A**

**Proposed Plan of Allocation of Net Settlement Fund Among Authorized Claimants**

71.     The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiff after consultation with its damages expert. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any Orders regarding a modification to the Plan of Allocation will be posted on the website www.CerenceSecuritiesLitigation.com. No Defendant, nor any other Released Defendant Person, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Plan of Allocation.

72.     The Settlement Amount of $30,000,000.00 together with any interest earned thereon is the "Settlement Fund." The Settlement Fund, less (i) any Taxes; (ii) any Notice and Administration Expenses; (iii) any litigation expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court (the "Net Settlement Fund") shall be distributed to Settlement Class Members who submit timely and valid Claim Forms to the Claims Administrator ("Authorized Claimants").

73.     The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Settlement Class Members based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.

74.     In this case, Lead Plaintiff alleges that Defendants made materially false and misleading statements and omissions during the Class Period, which had the effect of artificially inflating the trading price of Cerence stock. Lead Plaintiff alleges that corrective information allegedly impacting the price of Cerence stock was released to the market and resulted in potentially recoverable damages ("corrective disclosure") on November 22, 2021, December 15, 2021, and February 7, 2022. The Plan of Allocation is intended to compensate investors who purchased or otherwise acquired Cerence stock during the Class Period, held through the issuance of at least one alleged corrective disclosure, and have a "Recognized Loss Amount" as described below.[3]

75.     The Plan of Allocation is not a formal damage analysis. The Recognized Loss Amount is not intended to estimate the amount a Settlement Class Member may have been able to recover after a trial, nor to estimate the amount the Settlement Class Member will receive. It is a formula for allocating the Net Settlement Fund among all Authorized Claimants. The allocation below is based on the alleged inflation per share amounts for Class Period share purchases and sales as determined by Lead Plaintiff's damages expert, as well as the statutory limitations of the Private Securities Litigation Reform Act of 1995 ("PSLRA").[4]

---

[3] Any transactions in Cerence stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

[4] The PSLRA, 15 U.S.C. 78u-4(e), provides that "[i]n any private action arising under [the Securities Exchange Act of 1934] in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date

76.     The Plan of Allocation was developed in consultation with Lead Plaintiff's damages expert. In developing the Plan of Allocation, Lead Plaintiff's damages expert calculated the estimated amount of alleged artificial inflation in the price of Cerence stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions the Court previously found to be adequately alleged. In calculating the estimated impact allegedly caused by those misrepresentations and omissions, Lead Plaintiff's damages expert considered the price changes in Cerence stock in reaction to the public disclosures that allegedly corrected the alleged misrepresentation or omissions, adjusting the price change for factors that were attributable to market or industry forces.

77.     In order to have recoverable damages under the federal securities laws, disclosures relating to the alleged misrepresentations and/or omissions must be a cause of the decline in the price of the security.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

78.     Based on the formulas stated below, a Recognized Loss Amount will be calculated for each purchase or acquisition of Cerence stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that Recognized Loss Amount will be zero.

79.     For each share of Cerence common stock purchased or otherwise acquired from November 16, 2020 through February 4, 2022, and:

(a)     sold prior to November 22, 2021, the Recognized Loss Amount will be $0.00;

(b)     sold from November 22, 2021 through February 4, 2022, inclusive, the Recognized Loss Amount will be *the lesser of*: (i) the decline in alleged inflation during the holding period (as presented in Table 1 below), and (ii) the purchase price minus the sale price;

(c)     sold from February 5, 2022 through and including the close of trading on May 6, 2022, the Recognized Loss Amount will be *the least of*: (i) the decline in alleged inflation during the holding period (as presented in Table 1 below), (ii) the purchase price minus the sale price, or (iii) the purchase price minus the average closing price between February 7, 2022 and the date of sale as stated in Table 2 below;

(d)     held as of the close of trading on May 6, 2022, the Recognized Loss Amount will be *the lesser of*: (i) the decline in alleged inflation during the holding period (as presented in Table 1 below), or (ii) the purchase price minus $34.84, the average closing price for Cerence stock between February 7, 2022 and May 6, 2022 (the last entry in Table 2 below).

---

on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the PSLRA, Recognized Loss Amounts for Cerence stock are reduced to an appropriate extent by taking into account the closing prices of Cerence stock during the 90-day look-back period. The mean (average) closing price for Cerence stock during this 90-day look-back period was $34.84 per share as shown in Table 2.

## ADDITIONAL PROVISIONS

80.    **Calculation of Claimant's "Recognized Claim":** A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of their Recognized Loss Amounts.

81.    **FIFO Matching:** For Settlement Class Members who held Cerence stock at the beginning of the Class Period or made multiple purchases, acquisitions or sales during the Class Period, the First-In, First-Out ("FIFO") method will be applied to such holdings, purchases, acquisitions and sales for purposes of calculating a claim. Under the FIFO method, sales of Cerence stock during the Class Period will be matched, in chronological order, first against any Cerence stock held at the beginning of the Class Period. The remaining sales of Cerence stock during the Class Period will then be matched, in chronological order, against Cerence stock purchased or acquired during the Class Period.

82.    A Settlement Class Member will be eligible to receive a distribution from the Net Settlement Fund only if a Class Member had a net overall loss, after all profits from transactions in Cerence stock described above during the Class Period are subtracted from all losses. However, the proceeds from sales of Cerence stock that have been matched against Cerence stock held at the beginning of the Class Period will not be used in the calculation of such net loss.

83.    If a claimant suffered an overall market loss with respect to their overall transactions in Cerence stock during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to a claimant's overall transactions of Cerence stock during the Class Period, the Claims Administrator will determine the difference between the claimant's (i) Total Purchase Amount[5] and (ii) the sum of the Total Sales Proceeds[6] and Holding Value.[7]

84.    **Determination of Distribution Amount:** The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

---

[5] The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Cerence stock purchased or otherwise acquired during the Class Period.

[6] The Claims Administrator will match any sales of Cerence stock from the start of the Class Period through and including the close of trading on February 4, 2022 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of Cerence stock sold from the start of the Class Period through and including the close of trading on February 4, 2022 will be the "Total Sales Proceeds."

[7] The Claims Administrator will ascribe a "Holding Value" equal to $43.61 for each share of Cerence stock purchased or acquired during the Class Period and still held as of the close of trading February 4, 2022.

21

85.     If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

86.     A purchase, acquisition or sale of Cerence stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase, acquisition and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Cerence stock during the Class Period shall not be deemed a purchase, acquisition or sale of Cerence stock for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such share unless specifically provided in the instrument of gift or assignment. The receipt of Cerence stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or acquisition of Cerence stock.

87.     The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Cerence stock. The date of a "short sale" is deemed to be the date of sale of Cerence stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in Cerence stock, their earliest Class Period purchases or acquisitions of Cerence stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

88.     Option contracts to purchase or sell Cerence common stock are not securities eligible to participate in the Settlement. With respect to Cerence common stock purchased or sold through the exercise of an option, the purchase/sale date of the Cerence common stock is the exercise date of the option, and the purchase/sale price is the exercise price of the option.

89.     Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after at least six (6) months from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Authorized Claimants. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to Greater Boston Legal Services, subject to approval by the Court.

90.     Please contact the Claims Administrator or Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

91.     The Court has reserved jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

92.     Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. Defendants, their respective counsel, and all other Released Defendant Parties will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the

22

payment of any claim. No Person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, the Claims Administrator, or other Person designated by Counsel, Defendants, or Defendants' Counsel based on distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

**TABLE 1**

**Decline in Alleged Inflation Per Share by Date of Purchase and Date of Sale**

| Purchase Date | Sale Date | | | |
|---|---|---|---|---|
| | 11/16/2020 - 11/21/2021 | 11/22/2021 - 12/14/2021 | 12/15/2021 - 2/4/2022 | Sold on or Retained Beyond 2/7/2022 |
| 11/16/2020 - 11/21/2021 | $0.00 | $18.53 | $29.44 | $49.60 |
| 11/22/2021 - 12/14/2021 | | $0.00 | $10.91 | $31.07 |
| 12/15/2021 - 2/4/2022 | | | $0.00 | $20.16 |
| Purchased on or Beyond 2/7/2022 | | | | $0.00 |

23

**TABLE 2**

**Cerence Stock Closing Prices and Average Closing Prices**

| Date | Closing Price | Average Closing Price Between February 7, 2022 and Date Shown | Date | Closing Price | Average Closing Price Between February 7, 2022 and Date Shown |
|---|---|---|---|---|---|
| 2/7/2022 | $43.61 | $43.61 | 3/24/2022 | $36.54 | $36.66 |
| 2/8/2022 | $45.79 | $44.70 | 3/25/2022 | $35.79 | $36.64 |
| 2/9/2022 | $46.00 | $45.13 | 3/28/2022 | $35.70 | $36.61 |
| 2/10/2022 | $44.47 | $44.97 | 3/29/2022 | $38.33 | $36.66 |
| 2/11/2022 | $43.34 | $44.64 | 3/30/2022 | $37.21 | $36.67 |
| 2/14/2022 | $42.92 | $44.36 | 3/31/2022 | $36.10 | $36.66 |
| 2/15/2022 | $43.23 | $44.19 | 4/1/2022 | $37.34 | $36.67 |
| 2/16/2022 | $41.70 | $43.88 | 4/4/2022 | $37.75 | $36.70 |
| 2/17/2022 | $40.48 | $43.50 | 4/5/2022 | $35.45 | $36.67 |
| 2/18/2022 | $38.40 | $42.99 | 4/6/2022 | $34.18 | $36.61 |
| 2/22/2022 | $36.84 | $42.43 | 4/7/2022 | $34.05 | $36.55 |
| 2/23/2022 | $35.64 | $41.87 | 4/8/2022 | $33.00 | $36.47 |
| 2/24/2022 | $35.88 | $41.41 | 4/11/2022 | $33.49 | $36.41 |
| 2/25/2022 | $35.80 | $41.01 | 4/12/2022 | $33.76 | $36.35 |
| 2/28/2022 | $36.11 | $40.68 | 4/13/2022 | $33.32 | $36.28 |
| 3/1/2022 | $33.25 | $40.22 | 4/14/2022 | $32.40 | $36.20 |
| 3/2/2022 | $33.59 | $39.83 | 4/18/2022 | $32.04 | $36.12 |
| 3/3/2022 | $32.37 | $39.41 | 4/19/2022 | $33.01 | $36.06 |
| 3/4/2022 | $30.80 | $38.96 | 4/20/2022 | $32.83 | $35.99 |
| 3/7/2022 | $29.90 | $38.51 | 4/21/2022 | $31.53 | $35.91 |
| 3/8/2022 | $30.67 | $38.13 | 4/22/2022 | $30.46 | $35.80 |
| 3/9/2022 | $32.74 | $37.89 | 4/25/2022 | $30.37 | $35.70 |
| 3/10/2022 | $32.04 | $37.63 | 4/26/2022 | $28.07 | $35.56 |
| 3/11/2022 | $31.55 | $37.38 | 4/27/2022 | $28.45 | $35.44 |
| 3/14/2022 | $30.29 | $37.10 | 4/28/2022 | $30.08 | $35.34 |
| 3/15/2022 | $32.31 | $36.91 | 4/29/2022 | $29.50 | $35.24 |
| 3/16/2022 | $33.92 | $36.80 | 5/2/2022 | $30.46 | $35.16 |
| 3/17/2022 | $37.00 | $36.81 | 5/3/2022 | $30.59 | $35.09 |
| 3/18/2022 | $36.28 | $36.79 | 5/4/2022 | $31.81 | $35.03 |
| 3/21/2022 | $35.25 | $36.74 | 5/5/2022 | $29.54 | $34.94 |
| 3/22/2022 | $36.04 | $36.72 | 5/6/2022 | $28.72 | $34.84 |
| 3/23/2022 | $35.09 | $36.67 | | | |

# Exhibit 2

**Exhibit 2**

*Cerence Securities Litigation*
**Toll-Free Number:  (877) 411-4801**
**Email:  info@CerenceSecuritiesLitigation.com**
**Website:  www.CerenceSecuritiesLitigation.com**

# PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Litigation, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by First-Class Mail to the address below, or submit it online at www.CerenceSecuritiesLitigation.com, with supporting documentation, *postmarked* **(if mailed) or submitted online no later than January 30, 2025**.

## Mail to:

*Cerence Securities Litigation*
**c/o A.B. Data, Ltd.**
**P.O. Box 173038**
**Milwaukee, WI 53217**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Litigation, or their counsel.  Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – CLAIMANT INFORMATION** | **2** |
| **PART II – GENERAL INSTRUCTIONS** | **3** |
| **PART III – SCHEDULE OF TRANSACTIONS IN CERENCE COMMON STOCK (NASDAQ: CRNC; CUSIP: 156727109)** | **6** |
| **PART IV – RELEASE OF CLAIMS, CERTIFICATION, AND SIGNATURE** | **7** |

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form.  If this information changes, you MUST notify the Claims Administrator in writing at the address above.  Complete names of all persons and entities must be provided.

Beneficial Owner's Name

First Name

Last Name

Joint Beneficial Owner's Name (*if applicable*)

First Name

Last Name

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (*e.g.*, Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

Last 4 digits of Social Security Number or Taxpayer Identification Number

Street Address

Street Address (second line, if needed)

City                                               State/Province     Zip Code

Foreign Postal Code (if applicable)               Foreign Country (if applicable)

Telephone Number (Day)                            Telephone Number (Evening)

Email Address (email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim):

**Type of Beneficial Owner:**

Specify one of the following:

- ☐ Individual(s)
- ☐ Corporation
- ☐ UGMA Custodian
- ☐ IRA

- ☐ Partnership
- ☐ Estate
- ☐ Trust
- ☐ Other (describe: _____ )

Questions? Visit www.CerenceSecuritiesLitigation.com or call toll-free (877) 411-4801.          Page 2 of 9

**PART II – GENERAL INSTRUCTIONS**

1.      It is important that you completely read and understand the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.  The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form.  Other definitions of defined terms indicated by initial capital letters are set forth in the Stipulation and Agreement of Settlement dated September 6, 2024 ("Stipulation"), and available at www.CerenceSecuritiesLitigation.com.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2.      By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice.  If you are not a Settlement Class Member (see the definition of the Settlement Class on page [__] of the Notice), or if you, or someone acting on your behalf, submitted a request for exclusion from the Settlement Class, do not submit a Claim Form.  **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.**  Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement.  The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice or by such other plan of allocation as the Court approves.**

4.      On the **Schedule of Transactions in Part III of this Claim Form**, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Cerence common stock (including free transfers and deliveries), whether such transactions resulted in a profit or a loss.  **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

5.      **Please note**:  Only purchases or acquisitions of the common stock of Cerence Inc. ("Cerence") from November 16, 2020 through February 4, 2022, inclusive, are eligible under the Settlement and the proposed Plan of Allocation set forth in the Notice.  However, under the "90-day look-back period" (described in the Plan of Allocation), sales of Cerence common stock during the period from February 5, 2022 through the close of trading on May 6, 2022 will be used for purposes of calculating Recognized Loss Amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested purchase information during this period must also be provided.

6.      You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Cerence common stock set forth in the Schedule of Transactions in Part III.  Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement.  The Parties and the Claims Administrator do not independently have information about your investments in Cerence common stock.  IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER.  FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM.  DO NOT SEND ORIGINAL DOCUMENTS.

7.      **Please keep a copy of all documents that you send to the Claims Administrator.  Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      Use Part I of this Claim Form entitled "CLAIMANT INFORMATION" to identify the beneficial owner(s) of Cerence common stock.  The complete name(s) of the beneficial owner(s) must be entered.  If you held the Cerence common stock in your own name, you were the beneficial owner as well as the record owner.  If, however, your shares of Cerence common stock were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner.  The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement.  If there were joint beneficial owners each must sign this Claim Form and their names must appear as "Claimants" in Part I of this Claim Form.

9.      **One Claim should be submitted for each separate legal entity or separately managed account.**  Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, an individual should not combine his, her or their IRA transactions with transactions made solely in the individual's name).  Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form.  However, if a single person or legal entity had multiple accounts that were separately managed, separate Claims may be submitted for each such account.  The Claims Administrator reserves the right to request information on all the holdings and transactions in Cerence common stock made on behalf of a single beneficial owner.

10.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)      expressly state the capacity in which they are acting;

(b)      identify the name, account number, Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Cerence common stock; and

(c)      furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11.     By submitting a signed Claim Form, you will be swearing that you:

(a)      own(ed) the Cerence common stock you have listed in the Claim Form; or

(b)      are expressly authorized to act on behalf of the owner thereof.

12.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America.  The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.     Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

14.     **PLEASE NOTE:**  As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant

calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

15.    If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, A.B. Data, Ltd., at the above address, by email at info@CerenceSecuritiesLitigation.com, or by toll-free phone at (877) 411-4801, or you can visit the website, www.CerenceSecuritiesLitigation.com, where copies of the Claim Form and Notice are available for downloading.

16.    NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  To obtain the *mandatory* electronic filing requirements and file layout, you may visit the settlement website at www.CerenceSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@CerenceSecuritiesLitigation.com.  **Any file not in accordance with the required electronic filing format will be subject to rejection.**  The *complete* name of the beneficial owner of the securities must be entered where called for (*see* ¶ 8 above).  No electronic files will be considered to have been submitted unless the Claims Administrator issues an email confirming receipt of your submission.  **Do not assume that your file has been received until you receive that email.  If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at info@CerenceSecuritiesLitigation.com to inquire about your file and confirm it was received.**

### IMPORTANT:  PLEASE NOTE

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD.  THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL, WITHIN 60 DAYS.   IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL-FREE AT (877) 411-4801.**

## PART III – SCHEDULE OF TRANSACTIONS IN CERENCE COMMON STOCK

The only eligible security is the publicly traded common stock of Cerence Inc. ("Cerence"). Cerence trades on the NASDAQ under the ticker symbol **CRNC**. Its **CUSIP** is **156727109**. Do not include information regarding securities other than Cerence common stock. Please include proper documentation with your Claim Form as described in detail in Part II – General Instructions ¶ 6, above.

| | | | | |
|---|---|---|---|---|
| **1. HOLDINGS AS OF NOVEMBER 16, 2020 –** State the total number of shares of Cerence common stock held as of the opening of trading on November 16, 2020. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed<br>□ |

**2. PURCHASES/ACQUISITIONS FROM NOVEMBER 16, 2020 THROUGH FEBRUARY 4, 2022** – Separately list each and every purchase or acquisition (including free receipts) of Cerence common stock from November 16, 2020 through the close of trading on February 4, 2022. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding any taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | □ |
| /    / | | $ | $ | □ |
| /    / | | $ | $ | □ |
| /    / | | $ | $ | □ |

| | |
|---|---|
| **3. PURCHASES/ACQUISITIONS FROM FEBRUARY 5, 2022 THROUGH MAY 6, 2022** – State the total number of shares of Cerence common stock purchased or acquired (including free receipts) from February 5, 2022 through the close of trading on May 6, 2022. If none, write "zero" or "0." _____ | |

**4. SALES FROM NOVEMBER 16, 2020 THROUGH MAY 6, 2022** – Separately list each and every sale or disposition (including free deliveries) of Cerence common stock from November 16, 2020 through the close of trading on May 6, 2022. (Must be documented.)   **IF NONE, CHECK HERE** □

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (not deducting any taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | □ |
| /    / | | $ | $ | □ |
| /    / | | $ | $ | □ |
| /    / | | $ | $ | □ |

| | |
|---|---|
| **5. HOLDINGS AS OF MAY 6, 2022 –** State the total number of shares of Cerence common stock held as of the close of trading on May 6, 2022. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed<br>□ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX.** ☐

**PART IV – RELEASE OF CLAIMS, CERTIFICATION, AND SIGNATURE**

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE 8 OF THIS CLAIM FORM.**

I (We) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) (the claimant(s)') respective officers, directors, shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and released, relinquished, and discharged all Released Plaintiffs' Claims against the Released Defendant Persons, and shall have covenanted not to sue the Released Defendant Persons with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, whether on their own behalf or on behalf of any class or any other Person, any Released Plaintiff's Claim against the Released Defendant Persons.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.    that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Class as set forth in the Notice;

3.    that the claimant(s) did *not* submit a request for exclusion from the Settlement Class;

4.    that I (we) own(ed) the Cerence common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Released Defendant Persons to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

5.    that the claimant(s) has (have) not submitted any other claim covering the same purchases of Cerence common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

6.    that the claimant(s) has (have) not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any Released Plaintiffs' Claim against any of the Released Defendant Persons;

7.    that the claimant(s) submit(s) to the jurisdiction of the United States District Court for the District of Massachusetts with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

8.    that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator, or the Court may require;

9.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

10.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Litigation; and

Questions? Visit www.CerenceSecuritiesLitigation.com or call toll-free (877) 411-4801.        Page 7 of 9

11.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, it, or they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                      Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                                    Date

_____
Print joint claimant name here

*If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____
Signature of person signing on behalf of claimant                                           Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – see ¶ 10 on page 4 of this Claim Form.)

## REMINDER CHECKLIST

1.  Sign the above release and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.  Attach only *copies* of acceptable supporting documentation as these documents will not be returned to you.

3.  Do not highlight any portion of the Claim Form or any supporting documents.

4.  Keep copies of the completed Claim Form and documentation for your own records.

5.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard.  **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at (877) 411-4801.**

6.  If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address.  If you change your name, inform the Claims Administrator.

7.  If you have any questions or concerns regarding your claim, contact the Claims Administrator at the address below, by email at info@CerenceSecuritiesLitigation.com, or by toll-free phone at (877) 411-4801, or you may visit www.CerenceSecuritiesLitigation.com.  DO NOT call Cerence, the other Defendants, or their counsel with questions regarding your claim.

**This Claim Form must be mailed to the Claims Administrator by First-Class Mail or submitted online to www.CerenceSecuritiesLitigation.com, postmarked (or submitted online) no later than January 30, 2025. If mailed, the Claim Form should be addressed as follows:**

<div align="center">

*Cerence Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173038
Milwaukee, WI 53217

</div>

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms.  Please be patient and notify the Claims Administrator of any change of address.

# Exhibit 3

**Exhibit 3**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CITY OF MIAMI FIRE FIGHTERS' AND        :
POLICE OFFICERS' RETIREMENT TRUST,        Case No. 1:22-cv-10321-ADB
Individually and on Behalf of All Others
Similarly Situated,        :        Hon. Allison D. Burroughs

                 :

        Plaintiff,

                 :

    v.

                 :

CERENCE INC., SANJAY DHAWAN, and
MARK J. GALLENBERGER,        :

        Defendants.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**TO:  All persons and entities who purchased or otherwise acquired the common stock of Cerence Inc. ("Cerence") during the period from November 16, 2020 through February 4, 2022, inclusive, and were damaged thereby (the "Settlement Class"):[1]**

**PLEASE READ THIS NOTICE CAREFULLY, YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Massachusetts (the "Court"), that the above-captioned litigation (the "Litigation") is pending in the Court.

YOU ARE ALSO NOTIFIED that Lead Plaintiff has reached a proposed settlement of the Litigation for $30,000,000 in cash (the "Settlement") on behalf of the Settlement Class, that, if approved, will resolve all claims in the Litigation.

A hearing will be held on December 16, 2024 at 10:00 a.m. Eastern Time, before the Honorable Allison D. Burroughs either in person at the United States District Court for the District of Massachusetts in Courtroom 17 of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210, or by telephone or videoconference (in the discretion of the

---

[1] Certain persons and entities are excluded from the Settlement Class by definition, as set forth in the full printed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses (the "Notice").

Court) for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Litigation with prejudice against Defendants; (c) to determine whether the Settlement Class should be certified for purposes of the Settlement; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

**If you are a member of the Settlement Class, your rights will be affected by the pending Litigation and the Settlement, and you may be entitled to share in the Settlement Fund**.  If you have not yet received the Notice and Claim Form, you may obtain copies of these documents by contacting the Claims Administrator at *Cerence Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173038, Milwaukee, WI 53217, 1-877-411-4801.  Copies of the Notice and Claim Form can also be downloaded from the website maintained by the Claims Administrator, www.CerenceSecuritiesLitigation.com

If you are a member of the Settlement Class, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form *postmarked (if mailed), or online, no later than January 30, 2025*, in accordance with the instructions set forth in the Claim Form. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in connection with the Settlement.

If you are a member of the Settlement Class and wish to exclude yourself from the Settlement Class, you must submit a request for exclusion such that it is *received* **no later than November 25, 2024**, in accordance with the instructions set forth in the Notice.  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court in the Litigation and you will not be eligible to share in the proceeds of the Settlement.

Any objections to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses, must be filed with the Court and delivered to Lead Counsel and Defendants' Counsel such that they are *received* **no later than November 25, 2024**, in accordance with the instructions set forth in the Notice.

**Please do not contact the Court, the Clerk's office, Cerence, the other Defendants, or their counsel regarding this notice.  All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed to Lead Counsel or the Claims Administrator.**

Inquiries, other than requests for the Notice and Claim Form, should be made to Lead Counsel:

BERNSTEIN LITOWITZ BERGER&
GROSSMANN LLP
John Rizio-Hamilton, Esq.
1251 Avenue of the Americas, 44th Floor
New York, NY 10020
1-800-380-8496
settlements@blbglaw.com

SAXENA WHITE P.A.
Joshua H. Saltzman, Esq.
10 Bank Street, 8th Floor
White Plains, NY 10606
(914) 437-8551
jsaltzman@saxenawhite.com


Requests for the Notice and Claim Form should be made to:

*Cerence Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173038
Milwaukee, WI 53217

1-877-411-4801
www.CerenceSecuritiesLitigation.com


By Order of the Court

3