UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS


- - - - - - - - - - - - - - - - - - - - x
CITY OF MIAMI FIRE FIGHTERS' AND          )
POLICE OFFICERS' RETIREMENT TRUST,        ) Civil Action
Individually and on Behalf of All         ) Case No. 22-10321-ADB
Others Similarly Situated,                )
                    Plaintiff,            )
                                          )
v.                                        )
                                          )
CERENCE INC., SANJAY DHAWAN, and          )
MARK J. GALLENBERGER,                     )
                    Defendants.           )
- - - - - - - - - - - - - - - - - - - - x


BEFORE THE HONORABLE ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE


SETTLEMENT CONFERENCE


September 18, 2024


John J. Moakley United States Courthouse
Courtroom No. 17
One Courthouse Way
Boston, Massachusetts  02210


Kelly Mortellite, RPR, RMR, CRR
Official Court Reporter
One Courthouse Way, Room 3200
Boston, Massachusetts  02210
mortellite@gmail.com

APPEARANCES:

Jonathan D. Uslaner
David Duncan
Bernstein Litowitz Berger & Grossmann LLP
2121 Avenue of the Stars
Suite 2575
Los Angeles, CA 90067
310-819-3470
jonathanu@blbglaw.com
davidd@blbglaw.com

Peter E. Gelhaar
Donnelly, Conroy & Gelhaar, LLP
260 Franklin Street
Suite 1600
Boston, MA 02110
617-720-2880
peg@dcglaw.com

Joshua Saltzman
Saxena White P.A.
10 Bank St.
8th Floor
White Plains, NY 10606
914-437-8551
jsaltzman@saxenawhite.com

Justin Ward
Brendan Blake
Deborah S. Birnbach
Katherine G. McKenney
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210
617-570-1000
jward@goodwinlaw.com
bblake@goodwinlaw.com
dbirnbach@goodwinlaw.com
kmckenney@goodwinlaw.com

P R O C E E D I N G S

(The following proceedings were held in open court before the Honorable Allison D. Burroughs, United States District Judge, United States District Court, District of Massachusetts, at the John J. Moakley United States Courthouse, One Courthouse Way, Courtroom 17, Boston, Massachusetts, on September 18, 2024.)

(Case called to order.)

COURTROOM CLERK:  Will counsel identify themselves for the record.

MR. USLANER:  Good morning, Your Honor.  Jonathan Uslaner from the law firm of Bernstein, Litowitz, Berger & Grossmann, for lead plaintiff, Employees' Retirement System of Mississippi.

MR. DUNCAN:  David Duncan, also from Bernstein Litowitz, for plaintiff.

MR. GELHAAR:  Peter Gelhaar for the plaintiffs.

THE COURT:  Hi, Mr. Gelhaar.

MR. GELHAAR:  How are you, Your Honor?

THE COURT:  I'm good.  How are you?

MR. GELHAAR:  Fine, thank you.

MR. SALTZMAN:  Good morning, Your Honor.  Joshua Saltzman from Saxena White, also for lead plaintiff.

MR. WARD:  Thank you, Your Honor.  For all defendants, Justin Ward from Goodwin Procter.  I'm joined today by my

colleagues, Deborah Birnbach, Katherine McKenney, and Brendan Blake.

THE COURT:  All right.  Thank you all for coming.  I prefer to do these on the record.  It's just easier for me.

So I'm prepared to sign the order that you've submitted and to make all the findings that I need to make before that.  Is there anything anyone wants to say before I do that?

MR. USLANER:  No, Your Honor.

THE COURT:  Good answer.

MR. WARD:  Nothing for defendants, Your Honor.

THE COURT:  All right.  I've reviewed all the paperwork.  I find the settlement to be fair, reasonable, and adequate.  The lead plaintiff and lead counsel have adequately represented the settlement class.  The settlement was reached, it appears, through extensive arm's length negotiations with experienced counsel and with the help of an experienced mediator.

The recovery is reasonable, favorable to the class and seems to treat all class members fairly.  The settlement also comports with Rule 23(a) in terms of numerosity, commonality, typicality.  And the lead plaintiff is positioned to fairly and adequately protect the interests of the class.

It also comports with 23(b) in that common, legal, and factual questions predominate, and the class action seems to be

superior to other methods of adjudicating this.

What you propose on notice is fine.  Does somebody want to submit an actual order with dates in it?

MR. USLANER:  Yes, Your Honor, we'd be happy to do that.

THE COURT:  And in terms of a form order that you've submitted, we can redact the proposed and enter the dates that are required in there, unless you want to just submit a new order with that.

MR. USLANER:  Sure, we'd be happy to submit a new order.  I think that would be easier for the court.

THE COURT:  All right.  I'm happy to see that there's no reverter.  I feel like I'm making my views on this more effectively known.  I don't like them and I won't sign them except in very limited circumstances, so I'm happy to see that there's not one here.

Why I have you guys all here, I have another case to this, the stockholder derivative litigation.  Does that live on, or what happens to that?

MR. WARD:  Thank you, Your Honor.  Just to update you on the status there, so that case is one of a few related derivative cases.  One of them is here.  One of them is in the Court of Chancery in Delaware.  One of the plaintiffs in the Delaware case has participated in the same mediation that led to this settlement, and those discussions are ongoing at this

time.  So there's no update other than to say that there are ongoing discussions about a resolution in one of the related derivative cases.

THE COURT:  There's a pending motion on the form selection clause.

MR. WARD:  That remains pending.

THE COURT:  Do you want me to rule on it?  Do you want me to sit on it?  What do you want me to do with that?

MR. WARD:  I think from our perspective there's no need for an urgent ruling because it's possible that if a resolution is reached in one of the parallel cases, that could have an impact in the pending derivative case here as well.  So I suppose if the option is rule or sit, at this time we'd say sit.

THE COURT:  That's a good answer.  What kind of timetable are you envisioning for that?

MR. WARD:  It's hard to say at this time.  Obviously we always want to move as expeditiously as possible, but I just don't have a timetable I can give on resolution of the derivative action right now.  So obviously we want to -- it's always in the interest of everyone to reach a resolution promptly.  I just don't have a timeline I can provide the court.

THE COURT:  All right.  I'm going to let the motion sit for now, but I can't let it sit indefinitely just because

of our own statistical requirements.

MR. WARD:  Of course.

THE COURT:  So sooner or later, it's not going to be in the imminent future, but sooner or later I will end up ruling on it if you guys don't resolve it.

MR. WARD:  Of course.  We understand.

THE COURT:  Anything else for today?

COURTROOM CLERK:  Do you want a date?

THE COURT:  Yes, we do.  How far out do you want a date?

MR. USLANER:  Your Honor, the parties met and conferred and proposed December 16 for a final approval hearing.

COURTROOM CLERK:  10:00?

MR. USLANER:  Whatever suits the court.

THE COURT:  I'm free all morning and on emergency, I should say "but" on emergency.  So far I'm free all morning. Anything otherwise for today?

MR. USLANER:  Thank you, Your Honor, for your attention to this case for two years now.  We appreciate it of course.

THE COURT:  I mean, it seems to be a very good settlement given how little survived after the motion to dismiss.  So, good work.  We're recessed.  Thanks, everyone.

(Adjourned, 11:04 a.m.)

CERTIFICATE OF OFFICIAL REPORTER


                    I, Kelly Mortellite, Registered Professional

Reporter, Registered Merit Reporter and Certified Realtime

Reporter, in and for the United States District Court for the

District of Massachusetts, do hereby certify that the foregoing

transcript is a true and correct transcript of the

stenographically reported proceedings held in the

above-entitled matter to the best of my skill and ability.

                         Dated this 25th day of September, 2024.


                         /s/ Kelly Mortellite


                         _____

                         Kelly Mortellite, RPR, RMR, CRR

                         Official Court Reporter