# Exhibit 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CERENCE INC., SANJAY DHAWAN, and MARK J. GALLENBERGER,<br><br>    Defendants. | No. 1:22-cv-10321-ADB |

**DECLARATION OF LAKEN RYALS, SPECIAL ASSISTANT ATTORNEY GENERAL, LEGAL COUNSEL TO THE PUBLIC EMPLOYEES' RETIREMENT SYSTEM OF MISSISSIPPI, IN SUPPORT OF: (I) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S MOTION FOR <u>ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

I, Laken Ryals, hereby declare as follows:

1.    I submit this declaration, on behalf of the Public Employees' Retirement System of Mississippi ("MissPERS"), the Court-appointed Lead Plaintiff in this securities class action (the "Action"), in support of (i) Lead Plaintiff's motion for final approval of the proposed Settlement and approval of the proposed Plan of Allocation; and (ii) Lead Counsel's motion for attorneys' fees and Litigation Expenses, including an award to MissPERS pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA") to reimburse MissPERS for the time its employees or representatives in the

Office of the Attorney General of the State of Mississippi (the "OAG") dedicated to the Action.[1]

2.    I am a Special Assistant Attorney General in the OAG, legal counsel to MissPERS, and I am authorized to make this declaration on behalf of MissPERS. I have personal knowledge of the matters set forth in this declaration and, if called upon, I could and would testify competently thereto. The matters set forth in this declaration are based on my personal knowledge.

3.    MissPERS is a governmental defined-benefit pension plan qualified under Section 401(a) of the Internal Revenue Code for the benefit of current and retired employees of the State of Mississippi. MissPERS is responsible for the retirement income of employees of the State, including current and retired employees of the State's public-school districts, municipalities, counties, community colleges, state universities, libraries, and water districts. MissPERs provides benefits to over 118,000 retirees and beneficiaries and manages over $31 billion in assets for its beneficiaries.

4.    As counsel for MissPERS, the OAG is responsible for, among other things, providing legal representation to MissPERS in securities and corporate governance litigation, including managing MissPERS's relationship with outside counsel. Under Mississippi constitutional, statutory, and common law, the OAG has the full executive authority to bring, decide, and settle cases on behalf of MissPERS.

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated September 6, 2024 previously filed with the Court. *See* ECF No. 72-1.

## I.    <u>MissPERS's Oversight of the Action</u>

5.    I am aware of and understand the requirements and responsibilities of a lead plaintiff in a securities class action, including those set forth in the PSLRA. As legal counsel to MissPERS, I have overseen MissPERS's service as lead plaintiff in several securities class actions.

6.    On behalf of MissPERS, I and my colleagues at the OAG had regular communications with Court-appointed Lead Counsel Bernstein Litowitz Berger & Grossmann LLP and Saxena White P.A. (together, "Lead Counsel") throughout the litigation, as well as with MissPERS's additional counsel, Davidson Bowie, PLLC. MissPERS, through my active and continuous involvement, as well as the involvement of my colleagues, closely supervised, carefully monitored, and was actively involved in all material aspects of the prosecution and resolution of the Action. The OAG received regular status reports from Lead Counsel on case developments and participated in regular discussions with attorneys from Lead Counsel concerning the prosecution of the Action, the strengths of and risks to the claims, and potential settlement. In particular, throughout the course of this Action, I and my colleagues:  (i) regularly communicated with Plaintiff's Counsel by email and telephone calls regarding the posture and progress of the case; (ii) reviewed and commented on all significant pleadings and briefs filed in the Action; (iii) oversaw MissPERS's involvement in the discovery process, including assisting in responding to Defendants' requests for production of documents and interrogatories; (iv) consulted with Lead Counsel concerning the settlement negotiations, including those that occurred at, and following, the mediation session that ultimately led

to the agreement in principle to settle the Action; and (v) evaluated and approved the proposed Settlement for $30,000,000.00 in cash.

## II.      MissPERS Endorses Approval of the Settlement

7.      Based on its involvement throughout the prosecution of the Action, MissPERS believes that the proposed Settlement is fair, reasonable, and adequate and in the best interest of the Settlement Class. MissPERS believes that the proposed Settlement represents an excellent recovery for the Settlement Class, particularly given the risks in continued litigation, and it endorses approval of the Settlement by the Court.

## III.     MissPERS Supports Lead Counsel's Motion for an Award of Attorneys' Fees and Litigation Expenses

8.      MissPERS also believes that Lead Counsel's request for an award of attorneys' fees in the amount of 25% of the Settlement Fund, net of Court-approved Litigation Expenses, is fair and reasonable. MissPERS has evaluated Lead Counsel's fee request in light of the work performed, the risks of the litigation, the fees awarded in similar securities class action litigation, the result achieved, the skill required and the quality of work performed, and other relevant factors. MissPERS understands that Lead Counsel will also devote additional time in the future to administering the Settlement. MissPERS further believes that the Litigation Expenses requested by counsel are reasonable and represent the costs and expenses that were necessary for the successful prosecution and resolution of this case. Based on the foregoing, MissPERS fully supports Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses.

9.      In connection with Lead Counsel's request for Litigation Expenses, MissPERS seeks reimbursement for the time that it dedicated to the representation of the

Settlement Class, which was time that ordinarily would have been dedicated to the work of MissPERS and the OAG.

10.   As discussed above, my colleagues and I diligently oversaw the prosecution of the Action, including communicating with counsel and reviewing pleadings. Below is a table listing the MissPERS and OAG personnel who contributed to the litigation, together with a conservative estimate of the time that they spent and their effective hourly rates. The hourly rates are the same as (or similar to) the rates that have been accepted by courts throughout the country when MissPERS has requested reimbursement of its attorney time.

| Personnel | Hours | Rate | Total |
|---|---|---|---|
| Tricia Beale – Deputy Director and Special Asst. Attorney General | 15 | $250 | $3,750 |
| Laken Ryals – Special Asst. Attorney General | 10 | $250 | $2,500 |
| Garrett Mascagni – Special Asst. Attorney General | 3 | $250 | $750 |
| Charles Nielson – Chief Investment Officer | 4 | $150 | $600 |
| **TOTALS** | **32** | | **$7,600** |

11.   Accordingly, MissPERS seeks a total of $7,600 for the 32 hours it dedicated to representing the Settlement Class throughout the litigation.

## IV.   Conclusion

12.   In conclusion, MissPERS was closely involved throughout the prosecution and settlement of the claims in the Action and strongly endorses the Settlement as fair, reasonable, and adequate, and believes it represents an excellent recovery for the

Settlement Class. MissPERS further supports Lead Counsel's attorneys' fee and expense request, in light of the work performed, the recovery obtained for the Settlement Class, and the attendant litigation risks.

I declare under penalty of perjury that the foregoing is true and correct, and that I have authority to execute this declaration on behalf of MissPERS.

Executed this 8th day of November, 2024.

Laken Ryals
*Special Assistant Attorney General in the Office of the Attorney General of the State of Mississippi on behalf of the Public Employees' Retirement System of Mississippi*

6