**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CERENCE INC., SANJAY DHAWAN, and MARK J. GALLENBERGER, <br><br> Defendants. | No. 1:22-cv-10321-ADB |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT**
**OF (A) LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF**
**SETTLEMENT AND PLAN OF ALLOCATION AND (B) LEAD COUNSEL'S**
<u>**MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**</u>

**TABLE OF CONTENTS**

**Page**

I.  PRELIMINARY STATEMENT ....................................................................................1

II.  THE REACTION OF THE SETTLEMENT CLASS FURTHER SUPPORTS
APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND
THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES...................2

    A.  The Court-Approved Robust Notice Program ........................................................2

    B.  The Settlement Class's Reaction Supports Approval of the Settlement and
        the Plan of Allocation .............................................................................................4

    C.  The Settlement Class's Reaction Supports Approval of the Fee and
        Expense Application ...............................................................................................5

III.  CONCLUSION.........................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*In re AT&T Corp. Sec. Litig.*,
  2005 WL 6716404 (D.N.J. Apr. 25, 2005) ................................................................................5

*In re Bisys Sec. Litig.*,
  2007 WL 2049726 (S.D.N.Y. July 16, 2007) ...........................................................................6

*Bussie v. Allmerica Fin. Corp.*,
  50 F. Supp. 2d 59 (D. Mass. 1999) ..........................................................................................4

*Ford v. Takeda Pharms. U.S.A., Inc.*,
  2023 WL 3679031 (D. Mass. Mar. 31, 2023)...........................................................................5

*Gordan v. Mass. Mut. Life Ins. Co.*,
  2016 WL 11272044 (D. Mass. Nov. 3, 2016) ..........................................................................4

*Hill v. State St. Corp.*,
  2015 WL 127728 (D. Mass. Jan. 8, 2015) .............................................................................4, 6

*Medoff v. CVS Caremark Corp.*,
  2016 WL 632238 (D.R.I. Feb. 17, 2016) .................................................................................4

*In re Relafen Antitrust Litig.*,
  231 F.R.D. 52 (D. Mass. 2005)..................................................................................................5

*In re Rite Aid Corp. Sec. Litig.*,
  396 F.3d 294 (3d Cir. 2005)......................................................................................................6

*Roberts v. TJX Cos., Inc.*,
  2016 WL 8677312 (D. Mass. Sept. 30, 2016) .........................................................................4

*In re Signet Jewelers Ltd. Sec. Litig.*,
  2020 WL 4196468 (S.D.N.Y. July 21, 2020) .......................................................................5, 6

*In re Tyco Int'l, Ltd. Multidistrict Litig.*,
  535 F. Supp. 2d 249 (D.N.H. 2007).......................................................................................5, 6

*In re Veeco Instruments Inc. Sec. Litig.*,
  2007 WL 4115809 (S.D.N.Y. Nov. 7, 2007)............................................................................5

**STATUTES**

28 U.S.C. § 1715(b) ........................................................................................................................3

Lead Plaintiff Public Employees' Retirement System of Mississippi, on behalf of itself and the Settlement Class, and Lead Counsel, respectfully submit this reply memorandum of law in further support of, respectively (a) Lead Plaintiff's Motion for Final Approval of Settlement and Plan of Allocation (ECF Nos. 81-82); and (b) Lead Counsel's Motion for Attorneys' Fees and Litigation Expenses (ECF Nos. 83-84) (the "Motions").[1]

## I.    PRELIMINARY STATEMENT

The proposed Settlement resolves this litigation in exchange for a cash payment of $30 million.  As detailed in Lead Plaintiff's and Lead Counsel's opening papers (ECF Nos. 81-85), the proposed Settlement is the product of Lead Plaintiff's and Lead Counsel's vigorous prosecution of the action and extended arm's-length settlement negotiations between experienced counsel before an experienced mediator.  The Settlement is an excellent result in light of the significant risks that Lead Plaintiff faced in proving that Defendants made materially false and misleading statements with scienter, in establishing loss causation and damages, and the costs and delay of further litigation.

The reaction of the Settlement Class to the Settlement has been overwhelmingly positive. Since the Court granted preliminary approval, the Claims Administrator, under the supervision of Lead Counsel, has completed the extensive notice program set out in the Court's September 23, 2024 order (ECF No. 78) ("Preliminary Approval Order").  The notice program included mailing the Notice Packet to over 51,000 potential Settlement Class Members, as well as publication of the Summary Notice in *Investor's Business Daily* and over *PR Newswire*, and establishing a website concerning the Settlement.  In response to this notice program, no objections were received

---

[1] Unless otherwise defined, all capitalized terms herein have the same meanings as in the Stipulation of Settlement dated September 6, 2024 (ECF No. 72-1) (the "Stipulation").

with respect to any aspect of the Settlement, the Plan of Allocation, or the requested fees and expenses.  In addition, only one, invalid request for exclusion from the Settlement Class was received.  The lack of objections and any significant opt-outs further demonstrates the reasonableness and fairness of the proposed Settlement and the requested fees and expenses. Moreover, the fact that no objections or requests for exclusion were received from any institutional investors is especially noteworthy here because those investors comprised the great majority of the Settlement Class and have the staff and resources to object if they believe there is cause to do so, and none did so.  In addition, Lead Plaintiff, an experienced and sophisticated institutional investor that actively oversaw the Action, has expressly endorsed the Settlement and the requested attorneys' fees and expenses.  *See* ECF No. 85-1, at ¶¶ 3-8.

As explained below, this positive reaction of the Settlement Class further supports a finding that the proposed Settlement, Plan of Allocation, and request for attorneys' fees and expenses are fair and reasonable, and should be approved.

## II.   THE REACTION OF THE SETTLEMENT CLASS FURTHER SUPPORTS APPROVAL OF THE SETTLEMENT, THE PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES AND LITIGATION EXPENSES

Lead Plaintiff and Lead Counsel respectfully submit that their opening papers demonstrated why approval of the Motions is warranted.  *See* ECF Nos. 81-85.  Now that the time for objecting or requesting exclusion from the Settlement Class has passed, the lack of any objections or valid requests for exclusion from the Settlement Class establish that the "reaction of the class" factor also strongly supports approval of both Motions.

### A.   The Court-Approved Robust Notice Program

In accordance with the Court's Preliminary Approval Order, 51,721 copies of the Notice Packet have been mailed to potential Settlement Class Members and their nominees.  *See* Supplemental Declaration of Eric Miller Regarding (A) Mailing of the Notice and Claim Form

and (B) Report on Requests for Exclusion Received (the "Suppl. Miller Decl."), attached hereto as Exhibit 1, at ¶ 2.  The Notice (ECF No. 85-2, at 10-27) informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund and payment of Litigation Expenses (including an award to Lead Plaintiff) in an amount not to exceed $300,000.  *See* Notice ¶¶ 5, 51.  The Notice also apprised Settlement Class Members of (a) their right to object to the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses; (b) their right to exclude themselves from the Class; and (c) the November 25, 2024 deadline for filing objections and for receipt of requests for exclusion.  *See* Notice at p. 2 and ¶¶ 52-55, 62-63.[2]

On November 11, 2024, 14 days before the objection and exclusion deadline, Lead Plaintiff and Lead Counsel filed their opening papers in support of the Settlement, Plan of Allocation, and fee and expense request.  These papers are available on the public docket (ECF Nos. 81-85), and were promptly posted on the Settlement website.  *See* Suppl. Miller Decl. ¶ 3.  In addition, notice of the Settlement was also sent by Defendants to appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), on September 16, 2024.  *See* ECF No. 86.

As noted above, following the implementation of this robust notice program, not a single Settlement Class Member submitted an objection to any aspect of the Settlement, the Plan of

---

[2] The Summary Notice, which informed readers of the proposed Settlement, how to obtain copies of the Notice and Claim Form, and the deadlines for the submission of Claim Forms, objections, and requests for exclusion, was published in *Investor's Business Daily* and over *PR Newswire* on October 14, 2024.  *See* Declaration of Eric Miller Regarding (A) Mailing of the Notice and Claim Form; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received to Date (ECF No. 85-2) at ¶ 13.

Allocation, or Lead Counsel's motion for attorneys' fees and Litigation Expenses. In addition, only one request for exclusion from the Settlement Class was received, and that exclusion did not include any information on the investor's transactions in Cerence common stock, as required under the Preliminary Approval Order and the Notice, and, accordingly, it is not possible to ascertain whether the investor requesting exclusion is even a member of the Settlement Class.

### B.      The Settlement Class's Reaction Supports Approval of the Settlement and the Plan of Allocation

The absence of any objections or any significant opt-outs from Settlement Class Members is another factor (beyond those already discussed in the opening briefs) that supports a finding that the Settlement is fair, reasonable, and adequate. *See, e.g., Roberts v. TJX Cos., Inc.*, 2016 WL 8677312, at *6 (D. Mass. Sept. 30, 2016) (finding that lack of objections and small number of opt-outs "supports judicial approval of the Settlement"); *Gordan v. Mass. Mut. Life Ins. Co.*, 2016 WL 11272044, at *2 (D. Mass. Nov. 3, 2016) (finding "overwhelming support for this settlement from the class" where two objections were received after mailing of 32,550 notices); *Medoff v. CVS Caremark Corp.*, 2016 WL 632238, at *6 (D.R.I. Feb. 17, 2016) ("the lack of any serious objection to the settlement agreement from members of the class weighs in favor of approving the settlement"); *Bussie v. Allmerica Fin. Corp.*, 50 F. Supp. 2d 59, 77 (D. Mass. 1999) (the "favorable reaction of class to settlement, albeit not dispositive, constitutes strong evidence of fairness of proposed settlement and supports judicial approval").

It is also particularly significant that no institutional investors—which held the vast majority of Cerence common stock during the Class Period—have objected to the Settlement or requested exclusion. Institutional investors are often sophisticated and possess the incentive and ability to object. The absence of objections by these sophisticated class members is thus further evidence of the fairness of the Settlement. *See Hill v. State St. Corp.*, 2015 WL 127728, at *8 (D.

4

Mass. Jan. 8, 2015) ("The fact that no institutional investors have objected or requested exclusion also supports approval of the Settlement."); *In re Tyco Int'l, Ltd. Multidistrict Litig.*, 535 F. Supp. 2d 249, 261 (D.N.H. 2007) (finding that "[t]he reaction of the class to the settlement has been almost entirely positive," where "[n]one of the institutional investors have objected to the size of the settlement"); *In re AT&T Corp. Sec. Litig.*, 2005 WL 6716404, at *4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

The uniformly positive reaction of the Settlement Class also supports approval of the Plan of Allocation. *See, e.g.*, *In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (lack of objections meant that the "reaction of the Class also supports approval of the Plan of Allocation"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) ("[N]ot one class member has objected to the Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

## C.   The Settlement Class's Reaction Supports Approval of the Fee and Expense Application

The uniformly positive reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses. *See In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 79 (D. Mass. 2005) (one factor to consider in determining fee award is "the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel"). Indeed, courts have held that the absence of objections to the requested attorneys' fees and expenses supports a finding that the requests are fair and reasonable. *See, e.g.*, *Ford v. Takeda Pharms. U.S.A., Inc.*, 2023 WL 3679031, at *1 (D. Mass. Mar. 31, 2023) ("Not a single Class Member has objected to any aspect

5

of the Settlement, including Class Counsel's request for attorney fees. This factor supports approval of Class Counsel's motion."); *Hill*, 2015 WL 127728, at *19 ("[t]he endorsement of the Lead Plaintiffs and the favorable reaction of the class both support approval of the requested fees"); *Tyco*, 535 F. Supp. 2d at 269 ("the reaction of the class weighs in favor of approval" of the requested fee, where "[o]nly a tiny percentage of the class has objected to the proposed fee request").

As with approval of the Settlement, the lack of objections by institutional investors particularly supports approval of the fee request. *See Signet*, 2020 WL 4196468, at *21 (the "lack of objections by institutional investors . . . lends further support to approval of the fee request"); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 305 (3d Cir. 2005) (fact that "a significant number of investors in the class were 'sophisticated' institutional investors that had considerable financial incentive to object had they believed the requested fees were excessive," but did not do so, supported approval of the fee request) (citation omitted); *In re Bisys Sec. Litig.*, 2007 WL 2049726, at *1 (S.D.N.Y. July 16, 2007) (noting that there was only one objection from an individual—and none from any institutions—"even though the class included numerous institutional investors who presumably had the means, the motive, and the sophistication to raise objections if they thought the [requested] fee was excessive").

Accordingly, the reaction of the Settlement Class strongly supports approval of the Settlement, Plan of Allocation, and the fee and expense request.

## III.     CONCLUSION

For the foregoing reasons, and those set forth in their opening papers, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the Settlement, the Plan of Allocation, and the request for attorneys' fees and Litigation Expenses. Copies of the (i) proposed Judgment Approving Class Action Settlement, (ii) proposed Order Approving Plan of Allocation of Net

Settlement Fund, and (iii) proposed Order Awarding Attorneys' Fees and Litigation Expenses are

attached hereto as Exhibits 2, 3, and 4.

DATED:  December 9, 2024                          Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER**          **SAXENA WHITE P.A.**
  **& GROSSMANN LLP**

/s/ *John Rizio-Hamilton*                          /s/ *Steven B. Singer*
John Rizio-Hamilton (*pro hac vice*)              Steven B. Singer (*pro hac vice*)
Hannah Ross (*pro hac vice*)                      Joshua H. Saltzman (*pro hac vice*)
Alec T. Coquin (*pro hac vice*)                   Sara DiLeo (*pro hac vice*)
Mathews R. de Carvalho (*pro hac vice*)           10 Bank Street, 8th Floor
1251 Avenue of the Americas                       White Plains, New York 10606
New York, New York 10020                          (914) 437-8551
(212) 554-1400                                    ssinger@saxenawhite.com
johnr@blbglaw.com                                 jsaltzman@saxenawhite.com
hannah@blbglaw.com                                sdileo@saxenawhite.com
alec.coquin@blbglaw.com
mathews.decarvalho@blbglaw.com

Jonathan D. Uslaner (*pro hac vice*)              Maya Saxena
2121 Avenue of the Stars, Suite 2575              Joseph E. White III (BBO #648498)
Los Angeles, CA 90067                             7777 Glades Road, Suite 300
(310) 819-3470                                     Boca Raton, Florida 33434
jonathanu@blbglaw.com                             (561) 394-3399
                                                   msaxena@saxenawhite.com
                                                   jwhite@saxenawhite.com

*Lead Counsel for Lead Plaintiff Public*
*Employees' Retirement System of Mississippi*

**DAVIDSON BOWIE, PLLC**
John L. Davidson (*pro hac vice*)
1062 Highland Colony Parkway
200 Concourse, Suite 275
Ridgeland, Mississippi 39157
(601) 932-0028
jdavidson@dbslawfirm.net

*Additional Counsel for Lead Plaintiff Public*
*Employees' Retirement System of Mississippi*