# Exhibit 2

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CITY OF MIAMI FIRE FIGHTERS' AND POLICE OFFICERS' RETIREMENT TRUST, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CERENCE INC., SANJAY DHAWAN, and MARK J. GALLENBERGER, <br><br> Defendants. | No. 1:22-cv-10321-ADB |

## [PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a securities class action is pending in this Court entitled *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Cerence Inc.*, Case No. 1:22-cv-10321-ADB (D. Mass.) (the "Litigation");

WHEREAS, (a) Public Employees' Retirement System of Mississippi ("Lead Plaintiff"), on behalf of itself and the Settlement Class (defined below); and (b) defendants Cerence Inc. ("Cerence" or the "Company"), Sanjay Dhawan, and Mark J. Gallenberger (collectively, the "Individual Defendants," and, together with Cerence "Defendants") have entered into a Stipulation and Agreement of Settlement dated September 6, 2024 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted in the Litigation on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated September 23, 2024 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B), that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class for purposes of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on December 16, 2024 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Litigation with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Litigation, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the Litigation, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2.    **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof:  (a) the Stipulation filed with the Court on September 6, 2024; and (b) the Notice and the Summary Notice, both of which were filed with the Court on November 11, 2024.

3.    **Class Certification for Settlement Purposes** – The Court hereby certifies, for the purposes of the Settlement only, the Litigation as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all Persons or who purchased or otherwise acquired the Cerence common stock during the Class Period and were damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) Immediate Family Members of any Individual Defendant; (iii) any person who is, or was during the Class Period, an officer or director of Cerence; (iv) any affiliates or subsidiaries of Cerence; (v) any entity in which any Defendant has or had a controlling interest during the Settlement Class Period; and (vi) the legal representatives, heirs, successors, or assigns of any such excluded persons and entities.

4.    **Settlement Class Findings** – For purposes of the Settlement only, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Settlement Class are so numerous that their joinder in the Litigation would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiff in the Litigation are typical of the claims of the Settlement Class; (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation.

5.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby appoints Lead Plaintiff as Class Representative for the Settlement Class and appoints Lead Counsel as Class Counsel for the Settlement Class.  Lead Plaintiff and Lead Counsel have fairly and adequately represented the

Settlement Class both in terms of litigating the Litigation and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.     **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Litigation; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules.  The Court further finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied.

7.     **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Litigation), and finds that the Settlement

4

is, in all respects, fair, reasonable and adequate.  Specifically, the Court finds that (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

8.      The Litigation and all of the claims asserted against Defendants in the Litigation by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice as to all Defendants.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

9.      **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, the Released Defendant Persons, the Released Plaintiff Persons, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  All Settlement Class Members who have not made their objections to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.  All Settlement Class Members who have failed to properly submit requests for exclusion from the Class are bound by the terms and conditions of the Stipulation and this Final Judgment.

10.      **Releases** – The Releases set forth in paragraphs 3.1 and 3.2 of the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly

5

incorporated herein in all respects.    The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the Settlement Class Members, on behalf of themselves and each of their respective officers, directors, shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, and regardless of whether Lead Plaintiff or any such Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Claim Form, any distribution from the Settlement Fund, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Plaintiffs' Claims against the Released Defendant Persons and shall have covenanted not to sue the Released Defendant Persons with respect to all such Released Plaintiffs' Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, whether on their own behalf or on behalf of any class or any other Person, any Released Plaintiffs' Claim against the Released Defendant Persons.

(b)    Without further action by anyone, and subject to paragraph 11 below, upon the Effective Date of the Settlement, Defendants, and each of their respective officers, directors, controlling shareholders, employees, agents, personal representatives, spouses, subsidiaries, trustees, heirs, executors, administrators, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released,

6

relinquished, and discharged all Released Defendants' Claims against the Released Plaintiff Persons and shall have covenanted not to sue the Released Plaintiff Persons with respect to all such Released Defendants' Claims, and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, whether directly or indirectly, whether in the United States or elsewhere, any Released Defendants' Claim against the Released Plaintiff Persons.

11.    Notwithstanding paragraphs 10(a) – (b) above, nothing in this Judgment shall bar any action or claim to enforce the terms of the Settlement or this Judgment.

12.    **<u>Rule 11 Findings</u>** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Litigation.

13.    **<u>No Admissions</u>** – This Judgment, the Stipulation, and any of its provisions, any negotiations, proceedings or agreements relating to the Stipulation or the Settlement, and all acts performed or documents executed pursuant to or in furtherance of this Stipulation or the Settlement: (a) shall not be deemed to be or used as an admission of, or evidence of, the validity of any Released Claim, any allegation made in the Litigation, or any wrongdoing or liability of Defendants or any Released Defendant Persons; (b) shall not be deemed to be or used as an admission of, or evidence of, any liability, fault, or omission of any of Defendants or any Released Defendant Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; (c) shall not be deemed to be or used as an admission of, or evidence of any presumption, concession or admission by any of the Released Plaintiff Persons that any of their claims are without merit, that any of the Released Defendant Persons had meritorious

7

defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; and (d) shall not be construed against any of the Released Persons as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

14.    Neither this Judgment, the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement shall be offered or admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, except that Defendants may file or refer to the Stipulation and/or this Judgment in any action that may be brought against them in order to enforce the releases or other protections granted herein or to otherwise support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Litigation that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Litigation.

16.    Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for attorneys' fees and Litigation Expenses.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

17.    **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective positions in the Litigation on August 22, 2024, as provided in the Stipulation, including the return of monies paid from the Escrow Account, including interest, to the persons who contributed to the Settlement Fund.

19.    **Confidentiality** – All agreements made and orders entered during the course of this Litigation relating to the confidentiality of information, including those set forth in the Stipulation, shall survive this Settlement.

9

20.    **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Litigation.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Litigation.

SO ORDERED this _____ day of December 2024.


_____
The Honorable Allison D. Burroughs
United States District Judge